IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN -9 P 2: 36

| | |
|---|---|
| JOHNNY JACKSON AND LATESIA JACKSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, LARRY PITCHFORD, et. al. | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO. 2:06CV21-T

## NOTICE OF REMOVAL

**COMES NOW** the defendant, PeoplesSouth Bancshares, Inc. ("Defendant" or "PeoplesSouth"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441, as amended, hereby gives notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendant states as follows:

1.     On or about December 6, 2005, Plaintiffs Johnny and Latesia Jackson ("Plaintiffs") commenced a civil action against PeoplesSouth and Larry Pitchford ("Pitchford" or "Resident Defendant") in the Circuit Court of Barbour County, Alabama, Eufaula Division, now pending as Civil Action Number CV-05-194. The Circuit Court of Barbour County is a state court within this judicial district and division.

2.     Defendant was served with a copy of the summons and complaint on December 8, 2005. Therefore, this Notice of Removal is timely filed. True and correct copies of all pleadings filed to date are attached hereto as Exhibit "A".

1422548 v2

I.
**DIVERSITY JURISDICTION**

3.    This case is properly removable pursuant to 28 U.S.C. § 1441, which

provides in pertinent part as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.    This action is properly removable under 28 U.S.C. § 1441(a) and (b)

because the United States District Court has original jurisdiction of this case under 28

U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (c)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1)    citizens of different States....

5.    There are only two named plaintiffs in this action.  Plaintiffs are, upon

information and belief, individual residents of the State of Alabama. (Complaint, pp. 1-2,

Exh. A).

6.    Plaintiffs named PeoplesSouth, Pitchford, and various fictitious parties as defendants in this action. (Id.). Defendant PeoplesSouth is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia. (Id. at p. 2).

7.    Pitchford, who has been fraudulently joined, is a resident citizen of Alabama. (Id.).

8.    For purposes of removal, the citizenship of fictitious defendants is not considered in assessing whether complete diversity of citizenship exists. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255, 1257 n. 1 (M.D.Ala.2001) (DeMent, J.); 28 U.S.C. § 1441(a).

9.    Accordingly, the only proper defendant is a citizen of a state other than Alabama for purposes of diversity jurisdiction and removal pursuant to 28 U.S.C. § 1332(c). Therefore, there is complete diversity between the parties.

10.    As Defendant will demonstrate below, Resident Defendant Pitchford has been fraudulently joined. Accordingly, his residence should not be considered for purposes of removal jurisdiction.

## II.
## FRAUDULENT JOINDER

11.    Diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists because the Resident Defendant has been fraudulently joined.

12.    Joinder of a non-diverse defendant is fraudulent if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1323 (M.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

Thus, when a defendant has been fraudulently joined the court should disregard his or her citizenship for purposes of determining whether a case is removable based on diversity of citizenship. See id.; see also Bullock, 165 F. Supp. 2d at 1257; Whitlock v. Jackson Nat'l Life Ins. Co., 32 F. Supp. 2d 1286, 1290 (M.D. Ala. 1998); Levett v. Independent Life & Acc. Ins. Co., 814 F. Supp. 1053, 1058 (M.D. Ala. 1993); Fowler v. Provident Life & Acc. Ins. Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

13.     The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident defendant with a nonresident defendant. Such joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state.

14.     Here, Plaintiffs allege the following claims in their Complaint: (1) negligence/wantonness/willfulness, (2) fraud/misrepresentation, (3) fraud/suppression, (4) deceit, (5) breach of contract, (6) breach of fiduciary duties, (7) conversion, (8) negligent hiring/retention/supervision, and (9) intentional infliction of emotional distress/outrage. (See Complaint).

15.     Plaintiffs only specifically assert three claims against Pitchford: (1) negligence/wantonness/willfulness, (2) breach of fiduciary duty, and (3) conversion. (Id. at pp. 6-9, 21-26). The "deceit" claim also makes a vague reference to Pitchford but such reference is buried in the rambling allegations of the claim. (Id. at p. 18). Plaintiffs' remaining claims are vaguely plead against "defendants" and make no specific mention of Pitchford.

16.     The **only specific allegation against Pitchford** is the assertion that PeoplesSouth "at the instruction of Pitchford added $1,600 to the Plaintiffs['] loan to

cover an overdraft that the Defendants [PeoplesSouth] had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Complaint, p. 5, Exh. A). PeoplesSouth, through Pitchford, did authorize the charge referenced in the Complaint. (Affidavit, ¶ 8, Exh. B). However, upon information and belief, the amount charged to Plaintiffs' Account #-----1633 was actually $16,504.45. (Id. ¶ 8). This amount was charged to Plaintiffs' Account #-----1633 on August 6, 2003 and was **reversed** out of the account five days later on August 11, 2003. (Id. ¶ 10). Any and all charges that were incurred by Plaintiffs as a result of these transactions were refunded by the bank in August 2003. (Id. ¶ 10).

17.    Therefore, by August 19, 2003, Plaintiffs' sole complaint against Pitchford was rectified and Plaintiffs' account was restored to the same state it had previously enjoyed.    As such, **Plaintiffs incurred no damages or injury as a result of Pitchford's actions**, as alleged in Plaintiffs' Complaint.  (Complaint, p. 9, Exh. A). Without the ability to prove the essential element of damages, Plaintiffs fail to state any claims against the Resident Defendant.  Defendants also show herein that Plaintiffs' claims of negligence/wantonness/willfulness and breach of fiduciary duty claims against the Resident Defendant also fail because they are barred by the statute of limitations.

## A.    Claims Specifically Alleged Against The Resident Defendant.

### 1.    Negligence/Wantonness/Willfulness.

18.    Plaintiffs' negligence and wantonness claims are governed by and barred by the two year statute of limitations. ALA. CODE § 6-2-3; Gilmore v. M & B Realty Co., L.L.C., 895 So. 2d 200, 207 (Ala. 2004); Henson v. Celtic Life Ins. Co., 621 So. 2d 1268, 1274 (Ala. 1993). The account transactions at issue here occurred in August

2003, but Plaintiffs failed to file their Complaint until December 6, 2005. (Complaint, Exh. A). "Alabama has no 'discovery rule' with respect to negligence or wantonness actions that would toll the running of the limitations period." Williams v. Norwest Financial Alabama, Inc., 723 So. 2d 97, 104 (Ala. Civ. App. 1998). Therefore, Plaintiffs' negligence/wantonness/willfulness claim against the Resident Defendant is barred by the statute of limitations.

19.    Plaintiffs also fail to state a claim for negligence/wantonness/willfulness against the Resident Defendant because they cannot establish the essential element of damages, as set forth above. See Franklin v. City of Athens, --- So. 2d ----, 2005 WL 1532313 *2 (Ala. Civ. App. 2005) ("'The absence of any one of these [elements] renders a complaint bad or the evidence insufficient.'"); Ex parte Anderson, 682 So. 2d 467, 470 (Ala. 1996).  For this additional separate and independent reason, Plaintiffs cannot assert a negligence/wantonness/willfulness claim against the Resident Defendant.

### 2.    Breach of Fiduciary Duty.

20.    Plaintiffs' breach of fiduciary duty claim against the Resident Defendant arose in August 2003 when the charge was inadvertently placed on their account. (Complaint, p. 5, Exh. A; Affidavit, ¶ 8, Exh. B).  This event occurred more than two years before the Complaint was filed, and Plaintiffs' breach of fiduciary duty claim is, therefore, barred by the applicable statute of limitations. See Hensley v. Poole, 910 So. 2d 96 (Ala. 2005); ALA. CODE § 6-2-38( I ).

21.    Moreover, Plaintiffs fail to allege any communications, relationships, or contacts between Pitchford and themselves, and thus fail to establish that any fiduciary relationship was existed.  In Alabama, "[g]enerally the relationship of a lender to a

borrower does not impose a fiduciary duty on the lender", and the rule "also applies to the relationship between a mortgagee and mortgagor." <u>Atkins v. GE Capital Mortgage Services, Inc.</u>, 993 F. Supp. 1406, 1419 (M.D. Ala. 1998) (citing <u>Brabham v. American Nat. Bank of Union Springs</u>, 689 So. 2d 82 (Ala. Civ. App. 1996)).  Plaintiffs allege no facts giving rise to a fiduciary relationship between themselves and Pitchford.  In fact, Plaintiffs allege that "they did not meet with anyone other than Kevin Potthoff" at PeoplesSouth. (Complaint, ¶ 8.).  Accordingly, Plaintiffs' breach of fiduciary duty claim fails as a matter of law against the Resident Defendant.

### 3.    Conversion.

22.    As with their other claims, discussed <u>supra</u>, Plaintiffs' conversion claim fails because Plaintiffs suffered no damages.  Furthermore, "[g]enerally, an action will not lie for the conversion of cash." <u>Covington v. Exxon Co., U.S.A.</u>, 551 So. 2d 935, 938 (Ala. 1989).    Specifically, a plaintiff cannot assert a conversion claim for commingled cash as a matter of law. <u>SouthTrust Bank v. Donely</u>, -- So. 2d --, 2005 WL 1655003, *3 (Ala. Jul. 15, 2005).  "In other words, an action alleging conversion of money lies only where there is an obligation to deliver the specific pieces of the money in question or money that has been specifically sequestered, rather than a mere obligation to deliver a certain sum." <u>Id.</u> at *4 (citing <u>Johnson v. Life Ins. Co. of Alabama</u>, 581 So. 2d 438, 443 (Ala. 1991)).  Plaintiffs cannot establish these essential elements of conversion because no funds were actually "converted".  Finally, Plaintiffs' conversion claim is also due to be dismissed for the separate and independent reason that it is barred by the applicable two year statute of limitations as set forth above.  <u>See</u> ALA.

CODE § 6-2-38(n); Crowe v. City of Athens, 733 So. 2d 447, 452 (Ala. Civ. App. 1999). Therefore, Plaintiffs fail to state a conversion claim against the Resident Defendant.

23.    Having addressed the three (3) claims that were specifically alleged against the Resident Defendant, PeoplesSouth has met its burden of proving fraudulent joinder of Pitchford. However, in an abundance of caution, Defendant also addresses herein Plaintiffs' remaining, vaguely plead claims to the extent that those claims can be asserted against Pitchford.

**B.    Plaintiffs' Remaining Claims.**

### 1.    Fraud/Misrepresentation, Fraud/Suppression, and Deceit.[1]

24.    Plaintiffs' three fraud-based claims are all alleged vaguely against the "defendants" and the only specific reference to Pitchford whatsoever vaguely asserts that he "authorized and ratified the conduct of [his] agents." (Complaint, p. 18, Deceit Claim, Exh. A). Plaintiffs specify that the only person present during their loan closing, which is the basis of their fraud claims, was Kevin Potthoff and not Pitchford. (Id. at p. 4). The Complaint contains **no allegations** that Pitchford made any representations to Plaintiffs much less fraudulent misrepresentations of material fact. It is axiomatic that a fraud claim which is not premised on a misrepresentation of material fact must fail. ALA. CODE § 6-5-101.

25.    To the extent that Plaintiffs imply that misrepresentations were made to them regarding their mortgage, these claims are unsupportable. Here, Plaintiffs allege that Defendants "changed their interest rate and added a $145,000 balloon payment on their loan." (Complaint, p. 4, Exh. A). Their mortgage documents, however, show the

---

[1] Defendant notes that Plaintiffs' fraud-based claims fall far short of the pleading requirements of Rule 9 of the Rules of Civil Procedure for both Alabama and the federal courts.

terms and conditions of the mortgage, including the interest rate, and that the mortgage concluded with a balloon payment. (Mortgage, Exh. C).  Under Alabama law, a party may not reasonably rely on oral representations that contradict the express terms of a written contract. Foremost Ins. Co. v. Parham, 693 So. 2d 409 (Ala. 1997); Liberty Nat'l Life Ins. Co. v. Ingram, 2004 WL 318481 (Ala. 2004).  Even if any oral representations occurred, because the mortgage documents disclose the relevant terms, Plaintiffs fail to state a cause of action for fraud against Pitchford.

26.    Plaintiffs' three fraud-based claims are also barred by the applicable statute of limitations. ALA. CODE § 6-2-3 (1993).  The statute begins to run on fraud claims when a party discovers, or through the exercise of reasonable diligence should have discovered, the allegedly untrue statements.  Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454 (Ala. 1993).  Fraud is considered discovered as a matter of law when the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud or "when one receives documents that would put one on such notice that the fraud should have been discovered." Foremost, 693 So. 2d at 421 (quoting Hickox v. Stover, 551 So. 2d 259, 262 (Ala. 1989)).

27.    Under Alabama law, a fraud claim will not lie in situations where a plaintiff failed to read documents which clearly demonstrated the inconsistency between the document and the alleged fraudulent representation because "a plaintiff is not allowed the luxury of being lackadaisical." Harrell v Reynolds Metal Co., 495 So. 2d 1381, 1387 (Ala. 1986).  Here, Plaintiffs should have discovered any alleged fraud, at the latest, in August 2003, when their mortgage was closed.  Accordingly, any and all fraud-based

claims against Resident Defendant Pitchford are barred by the applicable statute of limitations.

## 2.    Breach Of Contract.

28.    Plaintiffs assert in their breach of contract claim that they entered into an "express and/or implied" contractual relationship with "Defendants", and that the "Defendants breached said agreements and/or contracts in that Defendants failed to provide and/or perform adequate, reasonable and/or competent service for Plaintiffs as Plaintiffs' banker and financial institution." (Complaint pp. 19-20, Exh. A). Pitchford is never mentioned specifically in Plaintiffs' breach of contract claim and there are absolutely no allegations in the entire Complaint that Pitchford ever entered into, much less breached, a contractual relationship with Plaintiffs. The only contract at issue in this case is Plaintiffs' Mortgage, which was entered into between PeoplesSouth and Plaintiffs. (Mortgage, Exh. C). As that document evidences, Pitchford is not a party to Plaintiffs' mortgage. (Id.).

29.    A valid breach of contract claim requires: "(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. Compass Bank v. Snow, 823 So. 2d 667, 676 (Ala. 2001) (State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 303 (Ala. 1999)). Because Plaintiffs fail to allege that a "valid contract binding" Plaintiffs with Pitchford ever existed, they fail to state a claim for breach of contract against Pitchford.

## 3.    Negligent Hiring/Retention/Supervision.

30.    Plaintiffs allege that PeoplesSouth and the fictitious defendants "negligently, wantonly and or willfully hired and retained its agents, employees,

servants, and/or contractors, including but not limited to…Pitchford…." (Complaint p. 26, Exh. A). Therefore, Plaintiffs' Complaint evidences that the Plaintiffs' negligent hiring/retention/supervision claim is not applicable to Pitchford, as a defendant.

31.     To the extent that said claim is applicable to Pitchford, that claim would be barred by the applicable two year statute of limitations for the reasons stated more fully above. ALA. CODE § 6-2-38(l).

### 4.    Intentional Infliction of Emotional Distress/Outrage.

32.     Plaintiffs' claims in this case simply do not meet the stringent requirements under Alabama law for a claim of outrage. The Alabama Supreme Court has allowed outrage claims only in three limited circumstances: "cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed, barbaric means to coerce a settlement; and cases involving egregious sexual harassment." Carter v. Harris, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999) (citing Thomas, 624 So. 2d at 1044); see also Potts v. Hayes, 771 So. 2d 462, 465 (Ala. 2000). The claims asserted by Plaintiffs certainly do not fall into any of these three limited categories. See American Road Serv. Co. v. Inmon, 394 So. 2d 361, 365 (Ala. 1980).

33.     Plaintiffs fail to allege that Pitchford acted intentionally or recklessly towards them, that Pitchford's conduct in his role as the bank's president was "extreme and outrageous", or that Plaintiffs suffered "extreme" emotional distress. Harrelson v. R.J., 882 So. 2d 317, 322 (Ala. 2003). Even accepting all of Plaintiffs' claims as true, Pitchford's conduct did not exceed the "possible bounds of decency" and was certainly not "atrocious and utterly intolerable in a civilized society." Travelers Indem. Co. of

Illinois, 809 So .2d at 810. Therefore, Plaintiffs fail to state a claim against Pitchford for outrage.

34.     Even if Plaintiffs' claim for outrage is applicable to Pitchford, it would still be barred by the applicable two year statute of limitations since the only allegations asserted in the Complaint regarding Pitchford occurred in August 2003. See Archie v. Enterprise Hosp. and Nursing Home, 508 So. 2d 693, 696 (Ala. 1987). Because Plaintiffs' outrage claim is barred by the statute of limitations, Plaintiffs fail to state a claim against the Resident Defendant.

### III.
### AMOUNT IN CONTROVERSY

35.     Plaintiffs' Complaint does not specify or in any way limit the amount of damages that they seek to recover. (Complaint, Exh. A). Nonetheless, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, notwithstanding the fact that the Complaint does not set forth the amount of damages claimed. It is well-settled that an indeterminate complaint "does not show that the case is not removable, it simply does not comment on federal jurisdiction." Robinson v. Quality Ins. Co., 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases, the court has the "duty to independently determine the propriety of jurisdiction." Id. at 575. Therefore, it is appropriate for the court to review the Notice of Removal to ascertain jurisdiction.

36.     Here, assuming all the allegations of the Complaint are true, the amount in controversy requirement of $75,000 is satisfied. Plaintiffs borrowed $148,000 from PeoplesSouth and Plaintiffs seek both compensatory and punitive damages. (Complaint, Exh. A).

37.     The amount of compensatory damages sought by Plaintiffs alone could satisfy the amount in controversy requirement. As this Court is aware, compensatory damages in fraud, suppression and negligence/wantonness actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar allegations. See New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); Prudential Ballard Realty Co., Inc. v. Weatherly, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); Jeter v. Orkin Exterminating Co., Inc., 832 So. 2d 25, 36 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); Oliver v. Towns, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2000) (conversion claim, more than half of the $100,000.00 award of compensatory damages was attributed to mental anguish); Sparks v. Cash Am. Int'l, Inc., 789 So. 2d 231 (Ala. 2000) (fraud and breach of contract claim, $50,000.00 of the $75,000.00 compensatory damage award was attributed to mental anguish); Liberty Nat'l Life Ins. Co. v. Caddell, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); Hare v. Mutual Savings Life, CV-94-529, 1997 WL 743899 (LPR JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); Mallard v. Countrywide Funding Corp., CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory

damages to two Plaintiffs for emotional distress caused by fraud); <u>Ball v. ALFA Realty, Inc.</u>, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,0800 in compensatory damages for emotional distress suffered as a result of fraud); <u>Norwood v. Glen Lanes Realty Co.</u>, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); <u>Gallant v. Prudential Ins. Co. of Am.</u>, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); <u>Sperau v. Ford Motor Co.</u>, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud). Consequently, the amount in controversy requirement is easily satisfied.

38.    Punitive damages in this case could also certainly exceed $75,000.  In many recent fraud cases, defendants such as those in this case have suffered punitive damages awards well in excess of $75,000. <u>See</u> e.g. <u>Jeter</u>, <u>supra</u>, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); <u>Johns v. A.T. Stephens Enterprises, Inc.</u>, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); <u>Travelers Indem. Co. of Ill. & Crawford & Co. v. Griner</u>, 809 So. 2d 808 (Ala. 2001) ($200,000.00 punitive damage award in fraud and outrage matter); <u>New Plan Realty Trust v. Morgan</u>, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); <u>Sparks</u>, 789 So. 2d at 231 ($225,000 award of punitive damages in fraud and breach of contract matter); <u>Cooper & Co. v. Lester</u>, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538.00 to $250,000.00 in fraud action); <u>Weatherly</u>, <u>supra</u>, (award of $750,000.00 of punitive damages in fraud action); <u>Oliver</u>, 770 So. 2d at 1059 ($249,000.00 award of

punitive damages in conversion action); <u>Chrysler Corp. v. Schiffer</u>, 736 So. 2d 538 (Ala. 1999) ($150,000.00 award of punitive damages in fraud and breach of contract matter); <u>Life Ins. Co. of Georgia v. Parker</u>, 726 So. 2d 619 (Ala. 1998) ($150,000.00 award of punitive damages in insurance fraud matter); <u>Patel v. Patel</u>, 708 So. 2d 159 (Ala. 1998) ($225,000.00 award of punitive damages in fraud and breach of contract matter); <u>Talent Tree Personnel Serv., Inc. v. Fleenor</u>, 708 So. 2d 917 (Ala. 1997) ($1,500,000.00 award of punitive damages in fraud and breach of contract matter); <u>American Pioneer Life v. Williamson</u>, 704 So. 2d 1361 (Ala. 1997) ($750,000.00 award of punitive damages in fraud and breach of contract case); <u>Union Sec. Life Ins. Co. v. Crocker</u>, 709 So. 2d 1118 (Ala. 1997) ($1,000,000.00 award of punitive damages in insurance fraud matter); <u>Life Ins. Co. of Georgia v. Johnson</u>, 701 So. 2d 524 (Ala. 1997) ($3,000,000.00 award of punitive damages in insurance fraud action); <u>Hillcrest Center, Inc. v. Rone</u>, 711 So. 2d 901 (Ala. 1997) ($94,000.00 award of punitive damages in fraudulent inducement action); <u>First Commercial Bank v. Spivey</u>, 694 So. 2d 1316 (Ala. 1997) ($500,000.00 award of punitive damages in fraud and breach of contract matter); <u>Gallant</u>, <u>supra</u> (awarding $33,000,000 in punitive damages); <u>Ford Motor Co. v. Sperau</u>, 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); <u>Johnson v. Mercury Fin. Co.</u>, CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (buyer of used cars alleged defendant fraudulently failed to disclose $1,000 discount for which defendant purchased non-recourse note; jury awarded $90,000 in compensatory damages, $50,000,000 in punitive damages; punitive damages remitted to $2,000,000.); <u>Key v. Prudential Ins. Co.</u>, CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (plaintiff alleged insurance agent misrepresented that no additional

premium payments would be required; jury awarded $25,000,000 in punitive damages.); Parham v. Foremost Ins. Co., 693 So. 2d 409 (Ala. 1997) (jury awarded $6,000 in compensatory damages, $7,500,000 in punitive damages; punitive damages remitted to $175,000.). Consequently, the amount in controversy requirement in this case has been established.

## IV.
## JURISDICTIONAL REQUIREMENTS

39.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

40.     Defendant has heretofore sought no similar relief.

41.     Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

42.     Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Barbour County, Alabama as provided by law.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

Ricky J. McKinney (MCK030)
Gary L. Howard (HOW044)
Christian W. Hancock (WAT070)
William J. Long (LON044)

Attorneys for Defendants
PeoplesSouth Bancshares, Inc. and Larry Pitchford

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 9th day of January, 2006.

George M. Zarzaur, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

Of Counsel