IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY JACKSON AND LATESIA JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, LARRY PITCHFORD, et. al. <br><br> Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:06cv21-T ) ) ) ) ) |

**DEFENDANT LARRY PITCHFORD'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** defendant, Larry Pitchford ("Pitchford"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Federal Rule of Civil Procedure 56, moves this Court to enter an Order dismissing all of the Plaintiffs' claims against him. In support of this motion, Pitchford shows unto the Court the following:

1. On or about August 8, 2003, Plaintiffs refinanced their home mortgage from Defendant PeoplesSouth Bancshares, Inc. (Complaint, ¶ 7). Plaintiffs allege that Defendants operated under a mortgage agreement that was "incomplete, incorrect and inconsistent with the rates, terms, amounts and/or conditions of the documents which had been shown to Plaintiffs and for which Plaintiffs previously agreed upon." (Id. ¶ 8). Plaintiff also alleges that Defendants "changed their interest rate and added a $145,000 balloon payment on their loan." (Id.).

1424023

2. Plaintiffs further claim that Pitchford "added $1,600 to the Plaintiffs loan to cover an overdraft that the Defendant Peoples Community Bank had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Id. ¶ 9).

3. The Complaint, in its entirety, fails to state a cause of action against Pitchford for which relief can be granted and each of Plaintiffs' claims against Pitchford are due to be dismissed with prejudice.

4. Plaintiffs' negligence/wantonness/willfulness claim against Pitchford is due to be dismissed because the claims are barred by the applicable two year statute of limitations. Ala. Code § 6-2-3 (1975). The alleged account transactions at issue in this lawsuit occurred in August 2003, more than two years before the filing of this lawsuit in December 2005. Plaintiffs' negligence/wantonness/willfulness claim against Pitchford also fails because Plaintiffs' suffered no damages as a result of the alleged conduct. It is undisputed that Plaintiffs' accounts were refunded and all account deficiencies absolved in August 2003, thus putting Plaintiffs back in the same position as if the alleged withdrawal would not have occurred.

5. Plaintiffs' conversion claim against Pitchford is due to be dismissed for the same reasons stated above, that it is barred by the applicable two year statute of limitations and that Plaintiffs suffered no damages as a result of the alleged conduct. Furthermore, for a separate and independent reason, Plaintiffs' conversion claim is due to be dismissed because an action for conversion will not lie for the conversion of cash. Covington v. Exxon Co., U.S.A., 551 So. 2d 935, 938 (Ala. 1989) (noting that that a

conversion claim requires "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property.").

6. Plaintiffs' breach of fiduciary duty claim against Pitchford is due to be dismissed because, as stated above, it is barred by the applicable two year statute of limitations. Plaintiffs' breach of fiduciary duty claim is also due to be dismissed for the separate and independent reason that "the relationship of a lender to a borrower does not impose a fiduciary duty on the lender", and the rule "also applies to the relationship between a mortgagee and mortgagor." Atkins v. GE Capital Mortgage Services, Inc., 993 F.Supp. 1406, 1419 (M.D. Ala. 1998) (citing Brabham v. American Nat. Bank of Union Springs, 689 So. 2d 82 (Ala. Civ. App. 1996)).

7. Plaintiffs' fraud-based claims are due to be dismissed against Pitchford because they are barred by the applicable two year statute of limitations. It is also undisputed that Pitchford did not make any representations to the Plaintiffs, and without a material misrepresentation a fraud claim cannot survive. Foremost Ins. Co. v. Parham, 693 So. 2d 409 (Ala. 1997). Finally, Plaintiffs' fraud-based claims are due to be dismissed because Plaintiffs could not have relied on any alleged representations because the contracts that they entered into clearly set forth the agreements between the parties. Harrell v Reynolds Metal Co., 495 So. 2d 1381, 1387 (Ala. 1986).

8. Plaintiffs' breach of contract claim is due to be dismissed against Pitchford because Plaintiffs cannot show any contract between Plaintiffs and Pitchford. Plaintiffs' contract is between Plaintiffs and PeoplesSouth only. Compass Bank v. Snow, 823 So. 2d 667, 676 (Ala. 2001) (State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 303 (Ala. 1999)).

9.  Plaintiffs' negligent hiring claim is not asserted against Pitchford. To the extent such claim does allege a cause of action against Pitchford, it is barred by the applicable two year statute of limitations.

10. Plaintiffs' claim of outrage against Pitchford is due to be dismissed because it is barred by the applicable two year statute of limitations. For a separate and independent reason, Plaintiffs' outrage claim is barred because Plaintiffs cannot prove that Pitchford's actions went beyond all "possible bounds of decency" and were certainly not "atrocious and utterly intolerable in a civilized society." <u>Travelers Indem. Co. of Illinois v. Griner</u>, 809 So .2d 808, 810 (Ala. 2001)

11. Accordingly, all of Plaintiffs' claims against Pitchford are due to be dismissed with prejudice for the reasons stated herein as well as for the reasons stated more fully in Pitchford's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment. FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 56.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Larry Pitchford respectfully requests this Court enter an Order dismissing Plaintiffs' claims against him in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Pitchford respectfully requests this Court to enter an Order summarily adjudicating all of Plaintiffs' claims in Pitchford's favor. Defendant requests such other, further, and different relief as this Court deems appropriate.

_____
Ricky J. McKinney (MCK030)
Gary L. Howard (HOW044)
Christian W. Hancock (WAT070)
William J. Long (LON044)

Attorneys for Defendants
PeoplesSouth Bancshares, Inc. and Larry Pitchford

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 9th day of January, 2006.

George M. Zarzaur, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

_____
OF COUNSEL

1424023

5