**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JOHNNY JACKSON AND LATESIA JACKSON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** 2:06cv21-T |
| ) | |
| **PEOPLES SOUTH BANK f/k/a PEOPLES** ) | |
| **COMMUNITY BANK, LARRY PITCHFORD, et.** ) | |
| **al.** ) | |
| ) | |
| **Defendants.** ) | |

---

### DEFENDANT LARRY PITCHFORD'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

**COMES NOW** Larry Pitchford ("Pitchford"), by and through his undersigned counsel, and hereby submits this Brief in Support of his Motion to Dismiss or, In the Alternative, Motion for Summary Judgment.

### I. STATEMENT OF FACTS

On or about August 8, 2003, Plaintiffs refinanced their home mortgage with Defendant PeoplesSouth Bancshares, Inc. (Complaint, ¶ 7). Plaintiffs allege that Defendants operated under a mortgage agreement that was "incomplete, incorrect and inconsistent with the rates, terms, amounts and/or conditions of the documents which had been shown to Plaintiffs and for which Plaintiffs previously agreed upon." (Id. ¶ 8). Plaintiffs also allege that Defendants "changed their interest rate and added a $145,000 balloon payment on their loan." (Id.). Plaintiffs also claim that Pitchford "added $1,600 to the Plaintiffs loan to cover an overdraft that the Defendant Peoples Community Bank

had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Id. ¶ 9).

## II. ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is due to be dismissed where it appears that no set of facts could support a plaintiff's claims for relief. See Conley v. Gibson, 78 S. Ct. 99, 102 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).    In the present case, Plaintiffs allege claims for (1) negligence/wantonness/willfulness, (2) fraud/misrepresentation, (3) fraud/suppression, (4) deceit, (5) breach of contract, (6) breach of fiduciary duties, (7) conversion, (8) negligent hiring/retention/supervision, and (9) intentional infliction of emotional distress/outrage. (See Complaint).

Plaintiffs only specifically assert their negligence/wantonness/willfulness, breach of fiduciary duty, and conversion claims against Pitchford. (Complaint, pp. 6-9, 21-26). The "deceit" claim also makes a vague reference to Pitchford but such reference is buried in the rambling allegations of the claim. (Id. at p. 18). Plaintiffs' remaining claims are vaguely plead against "defendants" and make no specific mention of Pitchford whatsoever. Due to Plaintiffs' poor drafting, Defendant is forced to address all of the claims included in Plaintiffs' Complaint. As shown here, all of Plaintiffs' claims, to the extent that they are asserted against Pitchford, are groundless. Accordingly, all of Plaintiffs' claims against Pitchford are due to be dismissed with prejudice. FED. R. CIV. P. 12(b)(6). Alternatively, all of Plaintiffs' claims against Pitchford are due to be summarily adjudicated. FED. R. CIV. P. 56.

## A.    Plaintiffs' Negligence/Wantonness/Willfulness Claims Against Pitchford Are Due To Be Dismissed.

In    Count    One    of    their    Complaint,    Plaintiffs    assert    a "negligence/wantonness/willfulness" claim against PeoplesSouth and Pitchford on the grounds that they "failed to reasonably handle the Plaintiffs' loan closing and failed to properly inform the Plaintiffs' of the changes the Defendants made to their loan." (Complaint, p. 6). Plaintiffs, however, fail to allege how Pitchford ever "handled" any aspect of Plaintiffs' loan closing. (Id.). In fact, Plaintiffs assert that the only person present at their loan closing was Kevin Potthoff. (Id. at p. 4). ("When the plaintiffs closed on their loan in August 2003, they did not meet with anyone other than Kevin Potthoff.") The **only** factual allegation asserted in the Complaint against Pitchford is that "Peoples Community Bank at the instruction of Defendant Pitchford added $1,600 to the Plaintiffs loan to cover an overdraft that Defendant Peoples Community Bank had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Id. at p. 5).[1]    Plaintiffs' poor pleading aside, their "negligence/wantonness/willfulness" claim against Pitchford is due to be dismissed for two separate and independent reasons.

### 1.    Plaintiffs' negligence/wantonness/willfulness claim is barred by the two year statute of limitations, which cannot be tolled.

Alabama Code § 6-2-3 (1993) mandates that all tort claims be commenced within the two-year limitations period. The account transactions at issue here occurred in August 2003, but Plaintiffs failed to file their Complaint until December 6, 2005. (Complaint). Accordingly, Plaintiffs' negligence and wantonness claims are barred by

---

[1] Plaintiffs' factual allegation goes to both their negligence and conversion claims.

3

the two year statute of limitations.  Gilmore v. M & B Realty Co., L.L.C.,  895 So. 2d

200, 207 (Ala. 2004); Henson v. Celtic Life Ins. Co., 621 So. 2d 1268, 1274 (Ala. 1993)

("The statutory period of limitations for negligence and wantonness actions, found at

Ala. Code 1975, § 6-2-38, is two years from the date the injury occurred").  Furthermore,

"Alabama has no 'discovery rule' with respect to negligence or wantonness actions that

would toll the running of the limitations period." Williams v. Norwest Financial Alabama,

Inc.,  723  So.  2d  97,  104  (Ala.  Civ.  App.  1998).     Therefore,  Plaintiffs'

negligence/wantonness/willfulness claim is barred by the statute of limitations and is

due to be dismissed as to Pitchford for this separate and independent reason.

## 2.   Plaintiffs did not incur any damages as a result of Pitchford's temporary "change" to their mortgage.

In order to prevail on a negligence claim, Plaintiff must demonstrate the following

elements: "(1) that the defendant owes the plaintiff a duty, (2) that the defendant

breached that duty, and (3) that the breach proximately caused the plaintiff to be

injured." Franklin v. City of Athens, --- So. 2d ----, 2005 WL 1532313 *2 (Ala. Civ. App.

2005).  "'The absence of any one of these [elements] renders a complaint bad or the

evidence insufficient.'"  Id. (quoting Calvert Fire Ins. Co. v. Green, 278 Ala. 673, 677,

180 So. 2d 269, 273 (1965)).  A claim for "wantonness/willfulness" differs from a

negligence claim in that "premedition, or knowledge and consciousness" is required,

but both claims require that the plaintiff be injured or damaged as a result of

Defendant's conduct.  Ex parte Anderson, 682 So. 2d 467, 470 (Ala. 1996).  Here,

Plaintiffs cannot establish the essential element of damages.

The **only** specific allegation against Pitchford is the assertion that PeoplesSouth

"at the instruction of Defendant Pitchford added $1,600 to the Plaintiffs['] loan to cover

an overdraft that the Defendants [PeoplesSouth] had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Complaint, p. 5). PeoplesSouth, through Pitchford, did authorize the charge referenced in the Complaint. (Affidavit, ¶ 9, Exh. A). However, upon information and belief, the amount charged to the Plaintiffs' Account #-----1633 was actually $16,504.45.   (Id.). This amount was charged to Plaintiffs' Account #-----1633 on August 6, 2003 and was reversed out of the account five days later on August 11, 2003. (Id. ¶ 10). Any and all charges that were incurred by Plaintiffs as a result of these transactions were refunded by the bank in August 2003.  (Id. ¶ 13).  Therefore, by August 19, 2003, Plaintiffs' account had been rectified and was restored to the same state it had previously been in prior to the inadvertent charge. As such, **Plaintiffs incurred no damages or injury as a result of Pitchford's alleged actions**, as alleged in Plaintiffs' Complaint.

Accordingly, Plaintiffs' suffered no damages, as all monies were returned to them and all fees were reimbursed.  Consequently, Plaintiff's negligence claim against Pitchford based on the alleged mortgage amount increase must fail and Plaintiffs' claim is due to be dismissed. FED. R. CIV. P. 12(b)(6).

**B.**   **Plaintiffs' Conversion Claim Against Pitchford Is Due To Be Dismissed Because Plaintiffs Never Suffered Any Damages From The Temporary Account Transaction And Because Plaintiffs Cannot Bring A Conversion Claim For Cash.**

Count Seven of Plaintiffs' Compliant sets forth a claim for conversion against Pitchford.   (Complaint, p. 24).   The Alabama Supreme Court has set forth the requirements of a conversion claim as follows:

> To establish conversion, one must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a **wrongful detention** or interference with another's property. It is well

> settled that money may be subject to a conversion claim,
> where there is an obligation to keep that money intact or to
> deliver it. Generally, an action for **conversion of money** will
> not lie unless the money is **specific and capable of
> identification**.

Crown Life Ins. Co. v. Smith, 657 So. 2d 821, 823 (Ala. 1994) (citations omitted;

emphasis added). See also Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875

So. 2d 1143 (Ala. 2003).  Plaintiffs' conversion claim is due to be dismissed because, as

described above, Plaintiffs' have suffered no damages from the alleged conversion.

(Supra, pp. 4-5). Accordingly, without the essential element of damages to support their

conversion claim, Plaintiffs' conversion claim is due to be dismissed.

However, even if the August 2003 account transactions can somehow support a

conversion claim against Pitchford, Alabama law clearly states that "[g]enerally, an

action will not lie for the conversion of cash." Covington v. Exxon Co., U.S.A., 551 So.

2d 935, 938 (Ala. 1989) (noting that that a conversion claim requires "a wrongful taking

or a wrongful detention or interference, or an illegal assumption of ownership, or an

illegal use or misuse of another's property.").  Specifically, Alabama law holds that a

Plaintiff cannot assert a conversion claim for commingled cash as a matter of law.

Southtrust Bank v. Donely, -- So. 2d --, 2005 WL 1655003, *3 (Ala. Jul. 15, 2005)

(holding that plaintiff improperly sued Southtrust for conversion over its refusal to

redeem plaintiff's CD's.  The correct claim was breach of contract).  "In other words, an

action alleging conversion of money lies only where there is an obligation to deliver the

specific pieces of the money in question or money that has been specifically

sequestered, rather than a mere obligation to deliver a certain sum." Id. at *4 (citing

Johnson v. Life Ins. Co. of Alabama, 581 So. 2d 438, 443 (Ala. 1991)).

In this case, an account transfer lasting approximately five (5) days occurred in which monies were added to Plaintiffs' mortgage loan to cover a checking account deficiency. Plaintiffs, however, cannot identify the funds that were transferred, as they were indiscriminate funds temporarily added to Plaintiffs' mortgage. Therefore, Plaintiffs cannot identify the funds that were allegedly converted, and the claim must be dismissed. FED. R. CIV. P. 12(b)(6). Plaintiff's conversion claim is also due to be dismissed for the separate and independent reason that it is barred by the applicable two year statute of limitations. See ALA. CODE § 6-2-38(a); Crown v. City of Athens, 733 So. 2d 447, 452 (Ala. Civ. App. 1999).

## C.   Plaintiffs' Breach Of Fiduciary Duty Claim Against Pitchford Is Due To Be Dismissed Because Pitchford Never Owed Plaintiffs A Fiduciary Duty.

In their Complaint, Plaintiffs allege that Defendants "owed Plaintiffs fiduciary duties to fully inform, communicate, warn, and disclose material facts concerning the accounts, loans and/or funds or property relating thereto made the basis of the lawsuit" and that Pitchford "breached [his] fiduciary duties owed to Plaintiffs with regard to [his] performance of financial banking services for Plaintiffs relating to various financial accounts, lines of credit and loans, as well as related terms, monies, property and/or funds." (Complaint, p. 21).

Initially, it should be noted that Plaintiffs' claim arose in August of 2003, and is thus barred by the applicable two (2) years statute of limitations. See Hensley v. Poole, 910 So. 2d 96 (Ala. 2005); ALA. CODE § 6-2-38(l). Moreover, Plaintiffs fail to allege any communications or contacts between Pitchford and themselves, and thus fail to specify any legal basis in which a fiduciary relationship was established.   In Alabama, "[g]enerally the relationship of a lender to a borrower does not impose a fiduciary duty

1424802 v2                                        7

on the lender", and the rule "also applies to the relationship between a mortgagee and mortgagor." Atkins v. GE Capital Mortgage Services, Inc., 993 F.Supp. 1406, 1419 (M.D. Ala. 1998) (citing Brabham v. American Nat. Bank of Union Springs, 689 So. 2d 82 (Ala. Civ. App. 1996)). On the face of Plaintiffs' Complaint, no facts giving rise to a fiduciary relationship between Plaintiffs and Pitchford exist, and Plaintiffs' breach of fiduciary duty claim must be dismissed as a matter of law. FED. R. CIV. P. 12(b)(6).

**D.    Plaintiffs' Fraud-Based Claims Against Pitchford Are Due To Be Dismissed Because Any Representations Allegedly Made By Pitchford Contradict The Express Contract Provisions Of Plaintiffs' Mortgage Documents And No Material Fact Was Suppressed By Pitchford.**

Plaintiffs assert three fraud-based claims in their Complaint: (1) fraud/misrepresentation, (2) fraud/suppression, and (3) deceit. (Complaint, pp. 9-19). These fraud claims are alleged vaguely against the "defendants" and the only specific reference to Pitchford whatsoever asserts that he "authorized and ratified the conduct of [his] agents." (Id. at p. 18, Deceit Claim). Notably, Plaintiffs' Complaint contains **no allegations** that Pitchford made any representations to them, much less fraudulent misrepresentations of material fact. It is axiomatic that a fraud claim which is not premised on a misrepresentation of material fact must fail. ALA. CODE § 6-5-101.

To the extent that Plaintiffs even imply that any such representations were made involving their mortgage, Plaintiffs' beliefs were unfounded and their reliance unreasonable under Alabama law. (Mortgage, Exh. B). As a matter of law, a party may not reasonably rely on oral representations that contradict the express terms of a written contract. Foremost Ins. Co. v. Parham, 693 So. 2d 409 (Ala. 1997). Here, Plaintiffs allege that Defendants "changed their interest rate and added a $145,000 balloon payment on their loan." (Complaint, ¶ 8). Their mortgage documents, however, clearly

show the terms and conditions of the mortgage, including the interest rate and that the mortgage concluded with a balloon payment. (Mortgage, Exh. B). Accordingly, under Alabama law, because Pitchford made no oral representations, Plaintiffs' fraudulent misrepresentation claim must fail. Foremost, 693 So. 2d 409. In addition, even if any oral representations occurred, because the mortgage documents clearly disclose the mortgage terms, Plaintiffs' fraud/suppression/deceit claims against Pitchford are due to be dismissed. Liberty Nat'l Life Ins. Co. v. Ingram, 2004 WL 318481 (Ala. 2004).

Plaintiffs' various fraud claims are also barred by the applicable statute of limitations. ALA. CODE § 6-2-3 (1993). The statute begins to run on fraud claims when a party discovers, or through the exercise of reasonable diligence should have discovered, allegedly untrue statements. Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454 (Ala. 1993). The issue of when a plaintiff actually discovered the fraud, for purposes of the statute of limitations, is viewed objectively rather than subjectively. McGowan v. Chrysler Corp., 631 So. 2d 842, 845 (Ala. 1993). Fraud is considered discovered as a matter of law when the plaintiff "actually knew of facts that would have put a reasonable person on notice of fraud", id. at 458 (quoting Hicks v. Globe Life & Acc. Ins. Co., 584 So. 2d 458, 463 (Ala. 1991)), or "when one receives documents that would put one on such notice that the fraud should have been discovered." Foremost, 693 So. 2d at 421 (quoting Hickox v. Stover, 551 So. 2d 259, 262 (Ala. 1989)).

Under Alabama law, a fraud claim will not lie in situations where a plaintiff failed to read documents which clearly demonstrated the inconsistency between the document and the alleged fraudulent representation because "a plaintiff is not allowed the luxury of being lackadaisical." Harrell v Reynolds Metal Co., 495 So. 2d 1381, 1387

(Ala. 1986). Here, Plaintiffs should have discovered any alleged fraud, at the latest, in August 2003. Plaintiffs' mortgage was closed on or about August 8, 2003, and as mentioned above, all of the mortgage terms were clearly disclosed on the mortgage documents at that time. (Mortgage, Exh. B). Therefore, Plaintiffs "knew of facts that would have put a reasonable person on notice of fraud" and "receive[d] documents that would put one on such notice that the fraud should have been discovered" on August 8, 2003. As such, the statute of limitations for this lawsuit would have expired, at the latest, on August 8, 2005, five (5) months before the filing of this Complaint.

## E. Plaintiffs' Breach Of Contract Claim Against Pitchford Is Due To Be Dismissed Because Pitchford Never Entered Into Any Contract With Plaintiffs.

Plaintiffs' assert in their breach of contract claim that they entered into an "express and/or implied" contractual relationship with "Defendants", and that the "Defendants breached said agreements and/or contracts in that Defendants failed to provide and/or perform adequate, reasonable and/or competent service for Plaintiffs as Plaintiffs' banker and financial institution." (Complaint pp. 19-20). Pitchford is never mentioned specifically in Plaintiffs' breach of contract claim and there are absolutely no allegations in the entire Complaint that Pitchford ever entered into, much less breached, a contractual relationship with Plaintiffs. The only contract at issue in this case is Plaintiffs' Mortgage, which was entered into between PeoplesSouth and Plaintiffs. (Mortgage, Exh. B). Pitchford is not a party to that agreement. (Id.).

A valid breach of contract claim requires: "(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. Compass Bank v. Snow, 823 So. 2d 667, 676 (Ala. 2001) (State Farm Fire & Casualty Co. v. Slade, 747 So. 2d 293, 303 (Ala. 1999)). Plaintiffs

1424802 v2                                          10

fail to allege that a "valid contract binding" Plaintiffs with Pitchford ever existed and their breach of contract claim against Pitchford is, therefore, due to be dismissed. FED. R. CIV. P. 12(b)(6).

**F.    Plaintiffs' Negligent Hiring/Retention/Supervision Claim Against Pitchford Is Due To Be Dismissed.**

Plaintiffs allege in their Complaint that Defendants "negligently, wantonly and or willfully hired and retained its agents, employees, servants, and/or contractors, including but not limited to Kevin Potthoff, Pitchford, Lisa Bell, Jerry Gulledge and/or Fictitious Defendants 'A' through 'O'." (Complaint p. 26). At no point in their Complaint do Plaintiffs ever specify that they are alleging this claim **against Pitchford**. (Id.). In fact, Plaintiffs specifically allege that "[a]s a result of Defendants' People Community Bank and/or Fictitious Defendants 'A' through 'O' negligence, wantonness, and/or willfulness, Kevin Potthoff, Larry Pitchford, Jerry Gulledge and/or Fictitious Defendants 'A' through 'O' consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs." (Id. at p. 27).

Therefore, Plaintiffs' Complaint evidences that the Plaintiffs' negligent hiring/retention/supervision claim is not applicable to Pitchford. However, to the extent that said claim is applicable to Pitchford, that claim would be barred by the applicable two (2) years statute of limitations. ALA. CODE § 6-2-38(l). The alleged tortious conduct involving PeoplesSouth's employees occurred in August 2003, but Plaintiffs failed to bring their complaint until December 8, 2005. Plaintiffs' hiring/retention/supervision claim is due to be dismissed. FED. R. CIV. P. 12(b)(6).

## G.    Plaintiffs' Outrage Claim Against Pitchford Is Due To Be Dismissed.

In their Compliant, Plaintiffs allege that the "actions of the Defendants were extreme and outrageous and were done intentionally or recklessly causing severe emotional distress to Plaintiffs." (Complaint p. 28).  Pitchford, however, is never named in Plaintiffs' claim for intentional infliction of emotional distress/outrage claim.  However, even if such claim was applicable to Pitchford, it would still be barred by the applicable two (2) years statute of limitations since the unspecified conduct occurred in August 2003.  See Archie v. Enterprise Hosp. and Nursing Home, 508 So. 2d 693, 696 (Ala. 1987).

Additionally, if an outrage claim is alleged against Pitchford, then Plaintiffs are required to prove that Pitchford's conduct was: "'(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.'" Harrelson v. R.J., 882 So. 2d 317, 322 (Ala. 2003) (quoting Thomas v. BSE Indus. Contractors, Inc., 624 So. 2d 1041, 1043 (Ala. 1993)).   "'Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme.  By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'"  Travelers Indem. Co. of Illinois v. Griner, 809 So .2d 808, 810 (Ala. 2001) (quoting American Road Serv. Co. v. Inmon, 394 So. 2d 361, 365 (Ala. 1980)).

The Alabama Supreme Court has allowed outrage claims only in three limited circumstances: "cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed, barbaric means to coerce a settlement; and cases involving egregious sexual harassment." Carter v.

Harris, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999) (citing Thomas, 624 So. 2d at 1044); see also Potts v. Hayes, 771 So. 2d 462, 465 (Ala. 2000). The claims asserted by Plaintiffs certainly do not fall into any of these three limited categories.

Plaintiffs' claims in this case simply do not meet the elements of an outrage claim.  Plaintiffs never allege that Pitchford acted intentionally or recklessly towards them, that Pitchford's conduct in his role as the bank's president was "extreme and outrageous", or that Plaintiffs suffered extreme emotional distress.  Harrelson, 882 So. 2d at 322.  The issues in this case concern only Pitchford's role in handling Plaintiffs' mortgage.  The facts of this case do not meet the stringent standards proclaimed in American Road Service Co., supra, regarding the tort of outrage.  Even accepting all of Plaintiffs' claims as true, the Bank's conduct did not exceed the "possible bounds of decency" and were certainly not "atrocious and utterly intolerable in a civilized society." Travelers Indem. Co. of Illinois, 809 So .2d at 810.  Therefore, Plaintiffs' outrage claim against Pitchford is due to be dismissed.

## III. **CONCLUSION**

Based on the foregoing facts, there is no possibility that Plaintiffs can establish a cause of action against Pitchford and, therefore, their claims against him are due to be dismissed in their entirety.  For the reasons stated more fully herein, Defendant Pitchford requests this Court to grant his Motion To Dismiss or, In the Alternative, Motion for Summary Judgment, and dismiss each of Plaintiffs' claims against him with prejudice.  Pitchford requests such other, further, and different relief as this Court deems appropriate.

_____
Ricky J. McKinney (MCK030)
Gary L. Howard (HOW044)
Christian W. Hancock (WAT070)
William J. Long (LON044)

Attorneys for Defendant
Larry Pitchford

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 9th day of January, 2006.

George M. Zarzaur, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

_____
OF COUNSEL