# EXHIBIT B

*Note, Disclosure, and Security Agree*

**Lender**
PEOPLES COMMUNITY BANK
POST OFFICE BOX 700
EUFAULA, AL 36027-0700

**Borrower**
JOHNNY L JACKSON; LATESIA M. JACKSON
395 FROST MARLOW ROAD
EUFAULA, AL 36027

☐ Refer to the attached addendum for additional Borrowers and their signatures.

| | |
|---|---|
| Loan | _703448 |
| Loan Date | 08-08-2003 |
| Maturity Date | 08-07-2005 |
| Loan Amount | 148,000.00 |
| Renewal of | 72703370 |

## Truth-in-Lending Disclosures

| **Annual Percentage Rate** The cost of my credit as a yearly rate. | **Finance Charge** The dollar amount the credit will cost me. | **Amount Financed** The amount of credit provided to me or on my behalf. | **Total of Payments** The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 7.018 % | $ 20,564.76 | $ 147,950.00 | $ 168,514.76 |

**My Payment Schedule Will Be:**

| Payments | Amount of Payments | When Payments Are Due | "e" means an estimate. |
|---|---|---|---|
| 23 | $ 985.03 | monthly beginning 09-07-2003 | |
| 1 | $ 145,859.07 | on 08-07-2005 | |
| | $ | | |
| | $ | | |

**Demand.** ☐ This note has a demand feature. ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.
**Prepayment.** If I pay off this note early, I will not have to pay a penalty.
☐ If I pay off this note early, I may be entitled to a refund of part of the interest surcharge.
☐ If I pay off this note early, I ☐ may ☐ will not be entitled to a refund of part of the additional finance charge.
☒ **Late Charge.** If a payment is late (more than 10 ____ days after due) I will be charged 5.000% of the overdue payment of principal and interest with a min of $1.00 and a max of $100.00
**Security.** I am giving a security interest in:
☒ the goods or property being purchased. 395 FROST MARLOW ROAD, EUFAULA, AL
☐ collateral securing other loans with you may also secure this loan.
☐ (brief description of other property)

**Filing Fees.** $ 247.50 _____    **Non-filing Insurance.** $ _____
☐ **Required Deposit.** The annual percentage rate does not take into account my required deposit.
☒ **Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Promissory Note

☐ **Other Terms.**

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of $ 148,000.00
plus interest from 08-08-2003 _____ at the rate of ____ 7.000% per year until 08-07-2005
Interest accrues on a Actual/365 _____ basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is RENEW CONSTRUCTION LOAN #72703370 TO PERMANENT FINANCING
**Payment.** I will pay this note as follows:
23 monthly payments of $985.03 beginning 09-07-2003 and 1 balloon payment of $145,859.07 on 08-07-2005.



### Itemization of Amount Financed

| | |
|---|---|
| Amount given to me directly | $ 16,000 |
| Amount paid on my (loan) account | $ 132,000 |
| Amount paid to others on my behalf (You may retain or receive a portion of these amounts.) | |
| To insurance companies | $ |
| To public officials | $ |
| _____ | $ |
| _____ | $ |
| (less) Prepaid Finance Charge(s) | $ 50 |
| Amount Financed | $ 147,950 |

### Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:

FIRST REAL ESTATE MORTGAGE DATED 08-08-03 BETWEEN JOHNNY L JACKSON AND LATESIA M JACKSON AND PEOPLES COMMUNITY BANK REFERENCING HOMESTEAD LOCATED AT 395 FROST MARLOW ROAD, EUFAULA, AL***

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.
☐ Interest will accrue at the rate of _____ % per year on the balance of this note not paid at maturity, including maturity by acceleration.
☐ **Additional Finance Charge.** I also agree to pay a fee of $ _____. This fee ☐ is not refundable ☐ may be refundable upon prepayment. This fee will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)
☐ **Interest Surcharge Fee.** I agree to pay a refundable interest surcharge fee of $ _____ and it will be ☐ paid in cash. ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)
☐ **Returned Payment Fee.** I agree to pay a service charge of $ _____ for each payment (check or automatic payment) returned unpaid.

☐ **All Debts.** The Property will also serve as collateral for all present and future debts.
☐ **Other Security.** This Loan Agreement is secured by

### Terms of the Promissory...

**Definitions.** As used in this...this Loan Agreement... this Loan Agreement refers to this Promissory Note, Security Agreement, and Truth in Lending Disclosures, and any modifications, and substitutions of this Loan Agreement. *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced to you under the terms of the Loan Agreement, and all present and future debts (if the All Debts subsection of the Security Agreement has been checked). The pronouns *I, me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.

**Payments.** Unless otherwise provided in the Other Terms section, each payment I make on this Loan Agreement will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation, the accrual method will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law.

**Post-Maturity Interest.** Interest will accrue on the principal balance remaining unpaid after final maturity at the rate specified in this Loan Agreement. For purposes of this section, final maturity occurs on any of the following dates.

- If this Loan Agreement is payable on demand, on the date you make demand for payment.
- If this Loan Agreement is payable on demand with alternate payment date(s), on the date you make demand for payment or on the final alternate payment date, whichever is earlier.
- On the date of the last scheduled payment of principal.
- On the date you accelerate the due date of this Loan Agreement (demand immediate payment).

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

If a refundable fee has been collected (other than any interest surcharge fee), and the Loan Agreement is prepaid in full, or upon maturity by acceleration, you will refund or credit the unearned portion of the refundable fee. If the original note's term is more than 61 months, then you will compute the refund or credit by the actuarial method. If the original note's term is 61 months or less, you will compute the refund or credit by the Rule of 78's or sum of digits method. No refund or credit of less than $1.00 will be made. If this Loan Agreement is refinanced within 120 days from the date it is made, any unearned finance charge (other than any interest surcharge fee) will be refunded or credited on a pro rata basis computed as of the date of such renewal or refinancing.

If an interest surcharge fee has been collected and this Loan Agreement is prepaid in full by any means within 90 days of the date of this Loan Agreement, you will refund or credit me with a pro rata portion of the interest surcharge fee, except you may retain a minimum of $25, or the entire interest surcharge if it is less than $25. The interest surcharge is prepaid in full after 90 days, the interest surcharge fee is fully earned and will not be refunded.

**Commissions.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**Warranties and Representations.** I have the power and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or my property, or to which I am a party.

I own all of the Property, unless otherwise agreed and disclosed to you in writing. Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance on the Secured Debts. The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to forfeiture or seizure.

**Default.** Subject to any limitations in the Real Estate or Residence Security section, I will be in default if any of the following occur.

- I fail to make a payment when due.
- I fail to perform any condition or keep any promise of this or any agreement I have made with you.

**Remedies.** Subject to any limitations in the Real Estate or Residence Security section, after I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

- Make all or any part of the amount owing by the terms of this Loan Agreement due.
- Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
- Make a claim for any and all insurance benefits or refunds that may be available on any default.
- Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
- Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
- Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.

By choosing any one or more of these remedies you do not give up your right to later consider the event a default and to use any remedies if the default continues or occurs again. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Real Estate or Residence Security.** If this Loan Agreement is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this Loan Agreement.

**Waivers.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner. You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses and Attorneys' Fees.** On or after Default, to the extent permitted by law, I agree to pay all reasonable expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, your reasonable attorneys' fees (if the amount financed exceeds $300) not exceeding 15 percent of the unpaid debt after default and for an attorney who is not your salaried employee, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the rate provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property I have granted you, if any. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**General Provisions.** This Loan Agreement is governed by the laws of Alabama, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No modification of this Loan Agreement is effective unless made in writing and signed by me and you. The duties and benefits of this Loan Agreement will bind and benefit the successors and assigns of me and you. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address. Notice to one party will be deemed to be notice to all parties. Where a notice is required, I agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. My name and address are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

### Additional Terms of the Security Agreement

**Generally.** *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. *Property* includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

If the All Debts subsection is checked, the Property also secures all present and future debts, even if this Loan Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in this Loan Agreement is a commitment to make future loans or advances. This Loan Agreement will not secure any debt for which you fail to give any required notice of the right of rescission (i.e., right to cancel), or any debt for which a non-possessory, non-purchase money security interest is created in household goods in connection with a *consumer loan*, as those terms are defined by federal law governing unfair and deceptive credit practices.

**Purchase Money Security Interest.** If this is a purchase money loan (the loan proceeds are used to purchase the collateral), I authorize you, at your option, to disburse the loan proceeds directly to the seller of the Property. The portion of the Property purchased with loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by the Property will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired. If the purchase money Property was acquired at the same time, then payments will be applied in the order you select. My security interest will be terminated by application of this formula.

**Waivers.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith. I waive all rights I have now or in the future to a personal property exemption in the Property.

**Assumptions.** Someone buying the Property cannot assume the obligation. You may declare the entire balance of the Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property.

**Perfection of Security Interest.** I authorize you to file a financing statement covering the Property. I agree to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code.

**Duties Toward Property.** I will protect the Property and your interest against any competing claim. Except as otherwise provided in this Loan Agreement, I will keep the Property in my possession at the address indicated in this Loan Agreement. I will keep the Property in good repair and use it only for personal, family, or household purposes. I will immediately inform you of any loss or damage to the Property. You have the right of reasonable access to inspect the Property.

I will keep books, records, and accounts about the Property and my assets in general, to which I will allow you reasonable access. I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent. You do not authorize any sale or other disposition of the Property. Any sale or disposition you do not authorize will violate your rights.

If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control), I will, upon receipt, deliver any proceeds and products of the Property to you. I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

**Insurance.** When the original amount financed or original principal, exclusive of the charges for insurance, is $300 or more and the Property's value is $300 or more, I agree to keep the Property insured against the risks reasonably associated with the Property until the Property is released from this Security Agreement. I may provide the required insurance through an existing policy of insurance that I own or control, or through a policy that I buy. I have free choice in the selection of an insurance company, subject to applicable law. I will maintain this insurance in the amounts you require and have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. If the insurance proceeds do not cover the amounts I owe you, I will pay the difference. If the insurance provides additional security as a condition of permitting any insurance proceeds to be used to repair or replace the Property. If you acquire the Property in damaged condition, my rights to any insurance policies and proceeds will pass to you to the extent of the Secured Debts. I will immediately notify you of cancellation or termination of insurance.

---

I am required to maintain insurance on the Property to protect your interest. If I fail to maintain the required insurance, or fail to provide you with evidence of insurance, I understand and agree to the following.

• You may (but are not required to) place insurance on the Property to protect your interest, which will not cover my equity in the Property.

• The insurance you provide may be written by a company other than one I would choose and may be written at a higher rate than I could obtain if I purchased the insurance.

• I will pay for the costs of any Property insurance you provide.

---

**Authority to Perform.** I authorize you to do anything you deem reasonably necessary to protect the Property and your interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform for me will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in preservation of the Property.

---

**Third Party Agreement**

For the purposes of the provisions within this enclosure, I, me or my means the person signing below and you means the Lender identified in this Loan Agreement. I agree to give you a security interest in the Property that is described in the Security Agreement section. I agree to the terms of this Loan Agreement, but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I have received a completed copy of this Loan Agreement.

X_____
                                                    (Seal)

---

Attach FTC "Preservation of Consumer Claims and Defenses"
Notice if Applicable.

## Insurance

**Credit Insurance.** Credit life, credit accident and sickness (disability), and any other insurance coverage quoted below, are not required to obtain credit and will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below ONLY the coverages I have chosen to purchase.

**Credit Life**

☐ Single  ☐ Joint  ☒ None        Premium    $_____
                                                   Term       _____

**Credit Disability**

☐ Single  ☒ None                    Premium    $_____
                                                   Term       _____

☐ Single  ☐ Joint  ☐ None          Premium    $_____
                                                   Term       _____

**Signature.** My signature below means I want (only) the insurance coverage(s) quoted above. If "None" is checked, I have declined the coverage you offered.

X_____ DOB_____
X Johnny Jackson _____ DOB_____
X_____ DOB_____

---

☐ **Single Interest Insurance.** I may obtain single interest insurance from anyone I want that is acceptable to you or may provide it through an existing policy. If I get the insurance from or through you I will pay $_____ for _____ of coverage.

☐ **Property Insurance.** I may obtain property insurance from anyone I want insurance from or through you I will pay $_____ for _____ of coverage.

## Federal Sale of Insurance Disclosure

*Product* refers to any insurance product or annuity I purchase from you. With regard to a Product I purchase from you, the following apply.

• The Product is not a deposit account or other obligation of any depository institution or any affiliate of any depository institution.

• The Product is not guaranteed or insured by any depository institution or any affiliate of any depository institution.

• The Product is not insured by the Federal Deposit Insurance Corporation (FDIC).

• The Product, except in the case of Federal Flood Insurance and Federal Crop Insurance, is not insured by any federal government agency.

• ☐ If this box is checked, there is investment risk associated with the Product, including the possible loss of value.

By signing, I acknowledge that I have received a copy of this disclosure on today's date. Unless these disclosures are provided electronically or I have purchased the Product by mail, I also acknowledge that you have provided these disclosures to me orally.

X_____ Date_____
X_____ Date_____
X_____ Date_____

---

**NOTICE TO COSIGNER**

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

**Signatures**

By signing under seal, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

**Cosigners.** See Notice to Cosigner above before signing.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

x _Johnny L. Jackson_ _____ (Seal)
JOHNNY L. JACKSON

x _Latesia M. Jackson_ _____ (Seal)
LATESIA M. JACKSON

x _____ (Seal)

(Optional)

Signed _____ For Lender

Title VICE PRESIDENT

| | | |
|---|---|---|
| PEOPLES COMMUNITY BANK<br>POST OFFICE BOX 700<br>EUFAULA, AL 36027-0700<br><br>LENDER'S NAME AND ADDRESS | JOHNNY L. JACKSON<br>LATESIA M. JACKSON<br>395 FROST MARLOW ROAD<br>EUFAULA, AL 36027<br><br>BORROWER'S NAME AND ADDRESS | Loan Number __72703448__<br>Date _____08-08-2003__<br>Loan Amount $ __148,000.00__ |

### ERRORS AND OMISSIONS AGREEMENT

The undersigned borrower(s), in consideration of the closing of a certain loan by  PEOPLES COMMUNITY BANK _____

_____ the "Lender" to  JOHNNY L. JACKSON; LATESIA M.

JACKSON _____

_____ "Borrower(s)" in the above sta

amount, as evidenced by a promissory note and secured by a Deed of Trust or mortgage against real property located at    395 FROST

 MARLOW ROAD, EUFAULA, AL  36027 _____

and dated the date of this Errors and Omissions Agreement, agree(s), if requested by the "Lender" or its agent, to fully cooperate in
correction, if necessary in the reasonable discretion of the "Lender" of any and all loan closing documents so that all docum
accurately describe the loan between the undersigned borrower(s) and the "Lender" and thus allow the "Lender" to sell, convey, se
guaranty or obtain insurance for, or market said loan to any purchaser, including but not limited to any investor or institution,
Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporat
the Department of Housing and Urban Development, the Department of Veterans Affairs, or Municipal Bonding Authority.

The undersigned borrower(s) further agree(s) to comply with all above noted reasonable requests by the "Lender" within thirty (30)
from the date of the mailing of the correction requests by the "Lender". The undersigned borrower(s) agree(s) to assume all d
including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply
the "Lender" requests within the specified thirty (30) days.

DATED this  8th _____ day of  August, 2003 _____.

_Johnny L. Jackson_____
(Borrower) JOHNNY L. JACKSON

_Latesia M. Jackson_____
(Borrower) LATESIA M. JACKSON

_____
(Borrower)

_____
(Borrower)

(page

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | □ VA   □ Conventional   □ Other: <br> □ FHA   □ USDA/Rural Housing Service | Agency Case Number | Lender Case No. |
|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: | □ Fixed Rate   □ Other (explain): <br> □ GPM   □ ARM (type): |
|---|---|---|---|---|
| $ 148,050 — | % | | | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) 395 Frost Mailans Rd | No. of Units |
|---|---|

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|

Purpose of Loan   □ Purchase   □ Construction   □ Other (explain):   □ Refinance   □ Construction-Permanent

Property will be:   □ Primary Residence   □ Secondary Residence   □ Investment

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | | |
|---|---|---|---|---|---|
| | $ | $ | | Describe Improvements   □ made   □ to be made | |
| | | | | Cost: $ | |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: <br> □ Fee Simple <br> □ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) | |
|---|---|

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Johnny Jackson | Catesia Jackson |
| Social Security Number | 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 | 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 |
| Home Phone (incl. area code) | (687-4281) | 037-4281 |
| DOB (MM/DD/YYYY) | 3-22-68 | |
| Yrs. School | | |
| | □ Married  □ Unmarried (include single, divorced, widowed)  □ Separated | □ Married  □ Unmarried (include single, divorced, widowed)  □ Separated |
| Dependents (not listed by Co-Borrower) no.   ages | | |
| Present Address (street, city, state, ZIP)   □ Own  □ Rent  No. Yrs. | 395 Frost Mailac Rd | |
| Mailing Address, if different from Present Address | | |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP)   □ Own  □ Rent  No. Yrs. | | Former Address (street, city, state, ZIP)   □ Own  □ Rent  No. Yrs. |
|---|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer   □ Self Employed | | Post Office |
| Yrs. on this job | | |
| Yrs. employed in this line of work/profession | | |
| Position/Title/Type of Business | | |
| Business Phone (incl. area code) | | |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer   □ Self Employed | Dates (from - to) | Name & Address of Employer   □ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer   □ Self Employed | Dates (from - to) | Name & Address of Employer   □ Self Employed | Dates (from - to) |
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | | $ |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | |
| Dividends/Interest | | | | Real Estate Taxes | | |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | 3001 MO | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ | $ | $ | Total | $ | $ |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**   *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☐ Jointly   ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | **LIABILITIES** | Monthly Payment & Months Left to Pay | Unpaid Balance |
| *List checking and savings accounts below* | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) | $ | | | |
| | | | | |
| | | Acct. no. | | |
| Life insurance net cash value | $ | Name and address of Company | $ Payment/Months | $ |
| Face amount: $ | | | | |
| **Subtotal Liquid Assets** | $ | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | | | |
| Vested interest in retirement fund | $ | Acct. no. | | |
| Net worth of business(es) owned (attach financial statement) | $ | Name and address of Company | $ Payment/Months | $ |
| Automobiles owned (make and year) | $ | | | |
| | | | | |
| | | Acct. no. | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | Job Related Expense (child care, union dues, etc.) | $ | |
| | | **Total Monthly Payments** | $ | |
| **Total Assets a.** | $ | Net Worth (a minus b) ➤ | $ | Total Liabilities b. | $ |

**VI. ASSETS AND LIABILITIES (cont.)**

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | |
| f. Estimated closing costs | |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ ☐ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☐ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☐ | ☐ ☐ |
| d. Are you a party to a law suit? | ☐ ☐ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ ☐ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☐ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☐ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☐ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☐ | ☐ ☐ |
| j. Are you a U.S. citizen? | ☐ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☐ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☐ ☐ | ☐ ☐ |
| (1) What type of property did you own--principal residence (PR), second home (SH), or investment property (IP)? | ____ | ____ |
| (2) How did you hold title to the home--solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | ____ | ____ |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X _Latrina M. Jackson_ | 8-6-03 | X _Johnny Jackson_ | 8-6-0 |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER: ☐ I do not wish to furnish this information. | CO-BORROWER: ☐ I do not wish to furnish this information. |
|---|---|
| **Ethnicity:** ☐ Hispanic or Latino   ☐ Not Hispanic or Latino | **Ethnicity:** ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| **Race:** ☐ American Indian or Alaska Native   ☐ Asian   ☒ Black or African American | **Race:** ☐ American Indian or Alaska Native   ☐ Asian   ☒ Black or African American |
| ☐ Native Hawaiian or Other Pacific Islander   ☐ White | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| **Sex:** ☒ Female   ☐ Male | **Sex:** ☐ Female   ☒ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type)   _Jerry Gulledge_   8-6-03 | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Interviewer's Signature   _Jerry Gulledge_   Date | PCB |
| ☐ Face-to-face interview | | P.O. Box 700 |
| ☐ Mail | Interviewer's Phone Number (incl. area code) | Enterprise, Al 36002 |
| ☐ Telephone | 334-687-3400 | |
| ☐ Internet | | |

**Continuation Sheet/Residential Loan Application**

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark **B** for Borrower or **C** for Co-Borrower. | Borrower: | Agency Case Number: |
| --- | --- | --- |
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as app under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
| --- | --- | --- | --- |
| X | | X | |

| | | |
|---|---|---|
| PEOPLES COMMUNITY BANK<br>POST OFFICE BOX 700<br>EUFAULA, AL 36027-0700<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the Lender, its successors and assigns. | JOHNNY L. JACKSON; LATESIA M. JACK,<br>395 FROST MARLOW ROAD<br>EUFAULA, AL 36027<br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each Borrower above. | PROCESSOR  STACIE<br>Loan Number 72703448<br>Date 08-08-2003<br>Maturity Date 08-07-2005<br>Loan Amount $ 148,000.00 |

### WAIVER OF HOMESTEAD EXEMPTION

I have executed a Note dated ................... 08-08-2003 .................. evidencing a loan from you in the amount of 148,000.00 ........................ In connection with the Note, I have executed a   ☒ Security Agreement   ☐ Mortgage dated ................... 08-08-2003 ................... under the terms of which I give you certain rights under the laws of this state in the following described Homestead Property:

395 FROST MARLOW ROAD, EUFAULA, AL 36027

By signing below, I hereby waive any and all homestead rights and exemptions in the Homestead Property, as granted under the Constitution and laws of the State of Alabama, for as long as I occupy the Homestead Property as a principal residence.

In witness whereof, I have signed my name and affixed my seal on ...................... 08-08-2003 ......................

Witnesses:

Signatures:

..................................................    *Johnny Lee Jackson* ..........................................(Seal)
JOHNNY L. JACKSON                                                              -Borrower

..................................................    *Latesia M. Jackson*  8-8-03 ...........(Seal)
LATESIA M. JACKSON                                                            -Borrower

──────────────── **[Space Below This Line For Acknowledgment]** ────────────────

The State of Alabama
BARBOUR ............................................... County

I ............................................................................................................................
hereby certify that JOHNNY L. JACKSON; LATESIA M. JACKSON ...........................................................
.............................. whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, (s)he executed the same voluntarily on the day the same bears date. Given under my hand this ................8th.................. day of ..............August, 2003 ..............

My commission expires:
My Commission Expires June 4, 2007    *Fina M. Bell*
                                                        Notary Public

.......... Systems, Inc., St. Cloud, MN (1-800-397-2341) Form HOME-WAIV-AL 2/12/93                    (page 1 of 1)

| PEOPLES COMMUNITY BANK<br>POST OFFICE BOX 700<br>EUFAULA, AL 36027-0700 | JOHNNY L. JACKSON; LATESIA JACKSON<br>395 FROST MARLOW ROAD<br>EUFAULA, AL 36027 | PROCESSOR  STACIE PICKLE<br>Loan Number  72703370<br>Date 05-01-2003<br>Maturity Date 09-01-2003<br>Loan Amount $ 132,036.50 |
|---|---|---|
| **LENDER'S NAME AND ADDRESS**<br>"You" means the Lender, its successors and assigns. | **BORROWER'S NAME AND ADDRESS**<br>"I" includes each Borrower above. | |

## WAIVER OF HOMESTEAD EXEMPTION

I have executed a Note dated ................... 05-01-2003 ................... evidencing a loan from you in the amount of 132,036.50 ....................... In connection with the Note, I have executed a ☐ Security Agreement ☒ Mortgage dated ................... 05-01-1903 ................... under the terms of which I give you certain rights under the laws of this state in the following described Homestead Property:
395 FROST MARLOW ROAD, EUFAULA, AL 36027

By signing below, I hereby waive any and all homestead rights and exemptions in the Homestead Property, as granted under the Constitution and laws of the State of Alabama, for as long as I occupy the Homestead Property as a principal residence.

In witness whereof, I have signed my name and affixed my seal on ....................... 05-01-2003 ....................... .

Witnesses:                                                    Signatures:

..........................................................    _Johnny Lee Jackson_ ...............(Seal)
                                                             JOHNNY L. JACKSON                    -Borrower

..........................................................    _Latesia M. Jackson_ ...............(Seal)
                                                             LATESIA JACKSON                     -Borrower

———————————— [Space Below This Line For Acknowledgment] ————————————

The State of Alabama
BARBOUR ............................................. County

I .................................................................................................................
hereby certify that JOHNNY L. JACKSON; LATESIA JACKSON ...............................................................
....................... whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, (s)he executed the same voluntarily on the day the same bears date. Given under my hand this ....................... 1st ....................... day of ................. May, 2003 .................

My commission expires:

.................................................................................................................
                                                    **Notary Public**

**PEOPLES COMMUNITY BANK / PCB LOAN REVIEW SHEET**
**CONSUMER**

| | | | |
|---|---|---|---|
| Approval Date | 8-7-?5 | | |
| Loan Date | | | |
| Borrower | Johnny Jackson | Co-Borrower | Latesia Jackson |
| Address | 395 Frost Marlow Rd | Address | 395 Frost Marlow Rd |
| Address | Eclou Al 36027 | Address | Eclou Al 36027 |
| Date of Birth | | Date of Birth | |
| SSN or TAX ID | | SSN | |
| Home Phone | | Home Phone | |
| Work Phone | | Work Phone | |

| | |
|---|---|
| GTR/END | **RENEWED LOAN** 149,000 |
| Address | Prior Amount |
| SSN | Original Amount |
| Phone | |
| Gty Customer # | **NEW LOAN** |

| M/N LOC | Loan | Renewal | Letter of Credit | Extension | Participation |
|---|---|---|---|---|---|
| Loan # | Collateral | Maturity/Term | Collateral Value | Current Balance | Current Commitment |
| 7370337 0 | Pers R/E | 9/1/03 | 180,000 | (149,192.09) | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| | | | |
|---|---|---|---|
| Interest Rate (Base %) | 7% | Total | 149,192.09 |
| Fixed or *Variable | F | New Request | |
| *(Variable only) Term: Daily, Monthly, Qtrly | | Renewal | 149,000 |
| Auto Debit # | | Total | |
| Proceeds | | F/S date | |
| Term | 360 months /24 month balloon | | |
| Corporate Resolution Date | | | |

COLLATERAL: 1st Mtg Principal Res.

PURPOSE: Perm financing after construction

PRIMARY SOURCE OF REPAYMENT: Salary
SECONDARY SOURCE: Sale of Collateral

| | Interim Approval | Comm. Approval | Interim Decline | Comm. Decline |
|---|---|---|---|---|
| Customer Number | | | | |
| Department Number | | | | |
| Loan Number | | | | |
| Loan Type | | | | |
| Federal Class | | | | |
| Collateral Type | | | | |
| Loan Purpose | | | | |
| Lien Type | | | | |
| Collateral Value 180,000 | Management 2 | Board | Insider? Yes (No) | |
| Loan Value | | | | |
| Census Tract | Committee | Classified? Yes (No) | | Classification 2 |

Lender's Signature

Lender # 70

| BORROWER DEPOSIT ACCOUNTS | | | | | |
|---|---|---|---|---|---|
| | DATE OPEN | BALANCE | AVG BALANCE | OD YTD | NSF YTD |
| DDA | | | | | |
| MMK | | | | | |
| SAV | | | | | |
| CD'S | | | | | |
| TOTAL | | | | | |

| BALANCE SHEET | |
|---|---|
| Total Assets | 392,000 ⁰⁰ |
| Total Liabilities | 149,000 ⁰⁰ |
| NET WORTH | 243,000 ⁰⁰ |

| CO-BORROWER/GUARANTOR DEPOSIT ACCOUNTS | | | | | |
|---|---|---|---|---|---|
| | DATE OPEN | BALANCE | AVG BALANCE | OD YTD | NSF YTD |
| DDA | | | | | |
| MMK | | | | | |
| SAV | | | | | |
| CD'S | | | | | |
| TOTAL | | | | | |

| ALANCE SHEET | |
|---|---|
| Total Assets | |
| Total Liabilities | |
| NET WORTH | |

ending Policy Exception / or Comments:

_____

_____

_____

_____

| BORROWER CAPACITY ANALYSIS | | |
|---|---|---|
| HOW PAID | INCOME | MONTHLY |
| EEKLY: | | |
| ONTHLY: | | |
| NNUAL | | |
| TOTAL MONTHLY INCOME | | 3221.⁰⁰ |
| RENT / MORTGAGE PAYMENT | | |
| MONTHLY EXPENSES | | |
| PROPOSED PAYMENT | | |
| TOTAL EXPENSES | | |
| INCOME REMAINING | | |
| ACTUAL CAPACITY | | |

DTI for both
borrowers is 22%.
including proposed house
pmt.

| CO-BORROWER/GTR CAPACITY ANALYSIS | | |
|---|---|---|
| HOW PAID | INCOME | MONTHLY |
| EEKLY: | | |
| -WEEKLY: | | |
| ONTHLY: | | |
| TOTAL MONTHLY INCOME | | |
| RENT / MORTGAGE PAYMENT | | |
| MONTHLY EXPENSES | | |
| PROPOSED PAYMENT | | |
| TOTAL EXPENSES | | |
| INCOME REMAINING | | |
| ACTUAL CAPACITY | | |

(Revised 4-10-02)

| | | |
|---|---|---|
| JOHNNY L. JACKSON; LATESIA M. JACKSON<br>395 FROST MARLOW ROAD<br>EUFAULA, AL 36027<br><br>[APPLICANT'S NAME AND ADDRESS] | PEOPLES COMMUNITY BANK<br>POST OFFICE BOX 700<br>EUFAULA, AL 36027-0700<br><br>[LENDER NAME AND ADDRESS] | No. 72703448<br>Date 08-08-2003<br>Prop. Address 395 FROST MARLOW ROA<br>EUFAULA, AL 36027 |

## APPLICATION DISCLOSURE
## BALLOON PAYMENT MORTGAGE

This disclosure is given to provide information concerning the loan applied for.

### This is *not* a commitment to make a loan.

This loan is due August 7, 2005

On that date, the entire principal balance of the loan and unpaid interest then due will be payable in full. Based on the loan for which you have a _____ (ma the balloon payment is estimated to be $ 145,859.07 _____, assuming all other paymer made when due.

THIS LOAN MUST EITHER BE PAID IN FULL AT MATURITY OR REFINANCED TO A MARKET LEVEL FIXED-RATE MORTGAGE. YOU REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE IF YOU DO NOT QUALIFY FOI CONDITIONAL RIGHT TO REFINANCE AS SPECIFIED IN THE NOTE ADDENDUM AND THE MORTGAGE RIDER. THE LENDER IS UND OBLIGATION TO REFINANCE THE LOAN IF QUALIFICATION CONDITIONS ARE NOT MET. YOU WILL, THEREFORE, BE REQUIRED TO PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDEI HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE T SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROI SAME LENDER.

☐ At least 90 but not more than 120 days prior to the expected maturity, the lender shall send you a notice of maturity with the current estim the balloon payment and a reminder of the date it will mature.

☒ You will be sent notice of the estimated balloon payment at least __10__ _____ days before the expected maturity date of your l

Even if the lender is not under any obligation to refinance the balloon payment, it will consider an application to refinance this loan at th payment is due on the same basis as all other new mortgage applications.

Applicant(s) acknowledge receipt of a copy of this disclosure on today's date.

Johnny L. Jackson    8-7-03
JOHNNY L. JACKSON    [Signature]

Latesia Jackson    8-7-0
LATESIA M. JACKSON    [Signature]

© 1988 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56302 (1-800-397-2341) FORM BPMAD-BK 9/13/9

(page

Calculation Summary Repoi                                                    Page 2 of 2

| 801. | Borrower loan origination fee | Lender | | $50.00 Cash | | Y |

**Real estate fees to be paid in advance**

| HUD # | Description | Pmts/Year | Paid to | Borrower amount | Paid | APR |
|-------|-------------|-----------|---------|-----------------|------|-----|
| 903. | Hazard ins. prem. | 1 | | $900.00 | Cash | N |

**Real estate title fees**

| HUD # | Description | Paid to | Borrower amount Paid | APR |
|-------|-------------|---------|----------------------|-----|
| 1107. | Attorney's fees | WPWS | $300.00 Cash | N |
| 1111. | RE TAXES | BARBOUR CO | $900.00 Cash | N |

**Real estate recording and transfer fees**

| HUD # | Description | Paid to | Borrower amount Paid | APR |
|-------|-------------|---------|----------------------|-----|
| 1201. | Recording fees Mortgage/DOT | | $25.50 Cash | N |
| 1203. | State Tax/Stamps | | | |
| 1204. | INTANGIBLE TAXES | | $222.00 Cash | N |

**This document is intended primarily for creditor's internal use. This document is not intended as any form of application for credit, commitment for credit, advertisement, or disclosure under state or federal law. The information shown here is subject to change.**

07-07-2004   Regular Pmt                          985.03         140.74         844.29                146,604.42

# Loan Information Report

| | |
|---|---|
| Loan Number | 72703448 |
| Officer | JAMES KEVIN POTTHOFF |
| Loan Processor | |
| Lender ID | 007 |
| General Ledger Number | |
| PROCESSOR | STACIE |

## Borrower Information

JOHNNY L. JACKSON
395 FROST MARLOW ROAD
EUFAULA, AL 36027
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

Gender:                          Customer Number:    17049706

Gender:                          Customer Number:

LATESIA M. JACKSON
395 FROST MARLOW ROAD
EUFAULA, AL 36027

Gender:                          Customer Number:           Gender:           Customer Number:

gender:                          Customer Number:           Gender:           Customer Number:

## General Loan Information

| | | | |
|---|---|---|---|
| Note Date | 08-08-2003 | Balloon Amount | 145,859.07 |
| Funding Date | 08-08-2003 | Proceeds | 148,000.00 |
| First Payment Date | 09-07-2003 | Loan Amount | 148,000.00 |
| Final Payment Date | 08-07-2005 | Total Finance Charge | 20,564.76 |
| Payment Frequency | monthly | Amount Financed | 147,950.00 |
| Number Of Payments | 24 | Total Of Payments | 168,514.76 |

Payment Language:

23 monthly payments of $985.03 beginning 09-07-2003 and 1 balloon payment of $145,859.07 on 08-07-2005.

## Interest And Fees Details

| | | | |
|---|---|---|---|
| Fixed Rate | X | Periodic Cap | |
| Variable Rate | | Floor | |
| APR | 7.018 | Ceiling | |
| Base Rate | | Subsequent Rate Change | |
| Margin | | Subsequent Interest Rate Change | |
| Market Rate Rounding | | Pro Rata | |
| Interest Rate | 7.000 | Total Borrower Amount | 16,000.00 |
| Rate Change Affects | | Additional Finance Charge | 50.00 |
| First Date | | Additional Non Finance Charge | 2,347.50 |
| Index | | | |

## Collateral Information

**Collateral Description**

**Property Address**    395 FROST MARLOW ROAD, EUFAULA, AL 36027

**Legal Description**    SEE EXHIBIT 'A' ATTACHED HERETO AND BY THIS REFERENCE INCORPORATED HEREIN AND MADE A PART HEREO

## Comments

Collateral Code:                    Class Code:                    Purpose Code:

*need app*

## CONSUMER/COMMERCIAL

TODAY'S DATE 8-5-03    DUE 8-8-03    BRANCH 7 Eufaula

CUST. # 1704 9706   LOAN # 72703448   LENDER # 70 Rothhoff

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Customer Name/Business: Johnny L. Jackson    SSN/TIN 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
(**Married**, Single, or Widow) circle one

2nd Name/Officers&Titles: Lutesia M. Jackson    SSN/TIN 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

Guarantor/Third Party Pledger _____

(If Corporation, please indicate powers exercised by each officer for corporate resolution on additional page)

Mailing Address: 395 Frost Marlow Rd. Eufaula Al 36027

Property Address: 395 Frost Marlow Rd. Eufaula Al 36027 County Barbour

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Date of Loan/Renewal 8-8-03    Amount of Loan: 148,000 00    New Money 16,000 00

Purpose of Loan:  Business____  Personal ✓  Agricultural____    Purpose: Perm Financing

Purchase Money (yes or **no**)  If LOC: (open or closed)  If Renewal, old loan: 72703370   Renew Amt 132,000 00

First Payment Due 30 Days   Additional Repayment Terms: 24 mo balloon, 360 mo Amort.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RATE INFO:**    Interest Rate (Base %) ___7___    (circle one) **Fixed**/Variable  Daily/Monthly/Qtly

**RATE LIMITATIONS:**    Annual Cap %____  Lifetime Cap%____  Floor%____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| TYPE OF LOAN: (circle one) | | CREDIT LIFE INSURANCE: (circle one) | |
|---|---|---|---|
| Single Pay | Canadian Rollover | **No insurance** | D.O.B's ____ |
| **Installment** | **Balloon** | Single Life | Single Life & A/H |
| Line of Credit | Renewal | Joint Life | Joint Life & A/H |
| Auto Debit : ____ | | CHEROKEE  OR  PROTECTIVE | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If Attorney or Title Company closing loan, will Mortgage or Deed be provided? ____
Will a Flood Certification need to be ordered at this time? ____

**PLEASE SEPARATE ALL FEES AND PUT ON CORRECT LINE!!!**

**MISCELLANEOUS FEES**    ___ADD  ___DEDUCT  ✓ IN CASH

| | | **FEES TO WHOM:** |
|---|---|---|
| Loan Fee 50 00 | GA Residential Fee ____ | |
| Documentary Stamps ____ | Documentary Preparation ____ | |
| UCC-1 Recording & Release ____ | Title Fees ____ | |
| UCC-Addendum (RE) ____ | Title Ins./Opinion Fee ____ | |
| UCC-3 Ammend/Cont. ____ | Attorney Fee 500 00 | WRHS |
| Deed Recording ____ | Appraisal Fee ____ | |
| Deed Release ____ | Notice of Lien ____ | |
| Mtge Recording 25 50 | Notice of Commence ____ | |
| Mtge Release ____ | Flood Fee 1000 | Appraisal |
| Exhibit A ____ | JAH ____ | |
| Intangible/Mtge Tax 222 00 | Other ____ | |

Insurance Agency & Address ____
Who is applying for Title? ____
Does collateral securing other loans also secure this loan? ____    900 Tax
Is this a FIRST or SECOND lien on collateral? 1st    600 Ins

**COLLATERAL DESCRIPTION:** (if attaching an exhibit(s) please give brief description)(ATTACH LEGAL)

See Attach

Pay Loan Proceeds To: _____    $ _____
                      _____    $ _____

| APPLICATION SUBMITTED TO (AND THESE DISCLOSURES MADE BY) | APPLICANT'S NAME AND CURRENT ADDRESS | |
|---|---|---|
| PEOPLES COMMUNITY BANK<br>POST OFFICE BOX 700<br>EUFAULA, AL 36027-0700 | JOHNNY L. JACKSON; LATESIA M. JACKSON<br>395 FROST MARLOW ROAD<br>EUFAULA, AL 36027 | Application Received __08-06-2003__<br>Date of Disclosure __08-08-2003__<br>Assumed Date of Closing __08-08-2003__<br>Date of Delivery __08-08-2003__<br>By ☐ Mail ☒ In Person |

### GOOD FAITH ESTIMATE OF SETTLEMENT COSTS

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed.

The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement that you will be receiving at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost for items paid at settlement.

| ITEM | | AMOUNT OR RANGE | ITEM | | AMOUNT OR RANGE |
|---|---|---|---|---|---|
| 800 | Items Payable in Connection With Loan | | 1100 | Title Charges | |
| 801 | Loan Origination Fee          % | 50.00 | 1101 | Settlement or closing fee | |
| 802 | Loan Discount          % | | 1102 | Abstract or title search | |
| 803 | Appraisal Fee | | 1103 | Title examination | |
| 804 | Credit Report | | 1104 | Title insurance binder | |
| 805 | Lender's Inspection Fee | | 1105 | Document preparation | |
| 806 | Mortgage Insurance Application Fee | | 1106 | Notary fees | |
| 807 | Assumption Fee | | 1107 | Attorney's fees | |
| 808 | Mortgage broker fee | | | (includes above item numbers:          ) | 300.0 |
| 809 | | | 1108 | Title insurance | |
| 810 | | | | (includes above item numbers:          ) | |
| 811 | | | 1109 | Lender's coverage | |
| 812 | | | 1110 | Owner's coverage | |
| 813 | | | 1111 | RE TAXES          $900.00-B POC | |
| 814 | | | 1112 | | |
| 900 | Items Required by Lender To Be Paid In Advance | | 1113 | | |
| 901 | Interest from          to | | 1200 | Government Recording and Transfer Charges | |
| | @ $          /day | | 1201 | Recording fees: Deed $ | |
| 902 | Mortgage Insurance Premium | | | Mortgage $ 25.50-B | |
| 903 | Hazard Insurance Premium          $900.00-B POC | | | Release $ | 25. |
| 904 | Credit ins. prem. | | 1202 | City/county tax/stamps: Deed $ | |
| 905 | | | | Mortgage $ | |
| 906 | | | 1203 | State tax/stamps: Deed $ | |
| 1000 | Reserves Deposited With Lender | | | Mortgage $ | |
| 1001 | Hazard insurance          pymt periods | | 1204 | INTANGIBLE TAXES | 222. |
| | @ $          per period | | 1205 | | |
| 1002 | Mortgage insurance          pymt periods | | 1300 | Additional Settlement Charges | |
| | @ $          per period | | 1301 | Survey | |
| 1003 | City property taxes          pymt periods | | 1302 | Pest inspection | |
| | @ $          per period | | 1303 | Arch / Eng. services | |
| 1004 | County property taxes          pymt periods | | 1304 | Building permit | |
| | @ $          per period | | 1305 | | |
| 1005 | Annual assessments          pymt periods | | 1306 | | |
| | @ $          per period | | 1307 | | |
| 1006 | pymt periods | | | | |
| | @ $          per period | | | | |
| 1007 | pymt periods | | | | |
| | @ $          per period | | | | |
| 1008 | | | | Total Settlement Charges Paid at Closing | 597 |

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the le will take a first lien on the property.

Experity ©1992, 1994 Bankers Systems, Inc., St. Cloud, MN Form RESPAGFE-LAZ 5/29/2001                    (page 1

~~REQUIRED PROVIDER.~~ Lender requires the use of the following provider(s) of settlement services. The estimate is based on the charges of the designated provider.

| Item No. | Name, Address, Telephone Number, and Nature of Relationship (if any) |
|---|---|
| 808 | AMERICAN FLOOD RESEARCH, 1820 PRESTON PK BLVD, PLANO, TX, 75093, (800) 995-8667, 6 |
| 808 | STORMWATER RESEARCH GROUP, 6808 HILL MEADOW DRIVE, AUSTIN, TX, 78736, (800) 447-7893, 6 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

☒ Lender will require a particular provider from a lender-controlled or lender-approved list for the following items: __APPRAISAL LIST__ _____

Codes for Nature of Relationship - 1. Lender controls provider; 2. Provider controls lender; 3. Lender and provider are under common control; 4. Provider has maintained a deposit account with lender in the past 12 months; 5. Provider has had an outstanding loan balance with lender in the past 12 months; 6. Lender has repeatedly used or required borrowers to use the provider in the past 12 months; 7. Provider is an officer of the lender; 8. Provider is a director of the lender; 9. Other: (specify above)

## ADDITIONAL INFORMATION

You have submitted a written application for a federally related mortgage loan to be secured by real estate located at the address listed below. These disclosures are not an approval of your application and do not constitute an agreement to lend you the money you request. We may still deny your application entirely or make a counteroffer.

ADDRESS __395 FROST MARLOW ROAD, EUFAULA, AL 36027__

LOAN AMOUNT $ __148,000.00__ _____ INITIAL INTEREST RATE __7.000__ % ☐ ARM

| ESTIMATED FUNDS TO CLOSE | | | ESTIMATED PAYMENT ☒ monthly ☐ Balloon | | |
|---|---|---|---|---|---|
| Downpayment | $ | _____ | Principal and Interest | $ | 985.03 |
| Closing Costs (from page 1) | $ | 597.50 | Real Estate Taxes | $ | 0.00 |
| Other | $ | _____ | Flood/Hazard Insurance | $ | _____ |
| MINUS EARNEST DEPOSIT | $ | _____ | Mortgage Insurance | $ | _____ |
| MINUS CASH RECEIVED | $ | _____ | Other | $ | _____ |
| TOTAL ESTIMATED FUNDS TO CLOSE | $ | 597.50 | TOTAL ESTIMATED PAYMENT | $ | 985.03 |

APPRAISAL - You have the right to a copy of the appraisal report used in connection with your application for credit. If you wish a copy, please write to us at the mailing address we have provided on page 1. We must hear from you no later than 90 days after we notify you about the action taken on your credit application or you withdraw your application. In your letter, give us the following information: Loan or application number (if known), date of application, name(s) of loan applicant(s), property address, and current mailing address.

☒ SPECIAL INFORMATION BOOKLET - You have received a copy of the Special Information Booklet, which is required if your application is to purchase residential real property secured by a first lien on the property.

BY SIGNING BELOW - APPLICANT(S) ACKNOWLEDGE RECEIPT OF THIS DISCLOSURE ON THE DATE OF DELIVERY INDICATED ON PAGE 1.

X _Johnny L. Jackson_ _____    X _Latesia M. Jackson_ _____ 8-8-03
JOHNNY L. JACKSON    LATESIA M. JACKSON    8-8-03

Express ® ©1992, 1994 Bankers Systems, Inc., St. C'   .N Form RESPAGFE-LAZ 5/29/2001    (page 2 of 2)

| APPLICANT'S NAME AND CURRENT ADDRESS | APPLICATION SUBMITTED TO (AND THESE DISCLOSURES MADE BY:) PEOPLES COMMUNITY BANK 1245 South Eufaula Avenue Post Office Box 700 Eufaula, Alabama 36027 | Application Number ____ Application Received ____ By ☐ Mail  ☐ In Person Date of Disclosure ____ |
|---|---|---|
| Latesia Jackson 395 Frost Meadow Rd Eufaula Al 36027 | | |

## SERVICING DISCLOSURE STATEMENT

NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2601 *et seq.*) you have certain rights under that Federal law.

This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer. The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, and the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights, *whether or not your loan servicing is transferred*. If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimates**

The following is the best estimate of what will happen to the servicing of your mortgage loan:

A. ☒ We may assign, sell or transfer the servicing of your mortgage loan while you the loan is outstanding.

We are able to service your loan, and we ☒ will ☐ will not ☐ haven't decided whether to   service your loan.

B. ☐ We do not service mortgage loans (☐) and we have not serviced mortgaged loans in the past three years). We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.

C. ☐ We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan and other factors.

For the program for which you have applied, we expect to ☐ sell all of the mortgage servicing ☐ retain all of the mortgage servicing ☐ assign, sell or transfer _____ % of the mortgage servicing.

D. ☐

For all the first lien mortgage loans that we make in the 12 month period after your mortgage loan is funded, we estimate that the percentage of such loans for which we will transfer servicing is between:

XX 0 to 25%   _____ 26 to 50%   _____ 51 to 75%   _____ 76 to 100%

This estimate ☒ does ☐ does not include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

A. ☐ We have previously assigned, sold or transferred the servicing of first lien mortgage loans.

B. ☒ This is our record of transferring the servicing of the first lien mortgage loans we have made in the past three years. The percentages have been rounded to the nearest quartile - 0%, 25%, 50%, 75% or 100%.

2000 - 0 %   2001 - 0 %   2002 - 0 %

(This information ☐ does ☒ does not include assignments, sales or transfers to affiliates or subsidiaries.)

## ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT

I/we have read this disclosure form, and understand its contents, as evidenced by my/our signature(s) below. I/we understand that this acknowledgment is a required part of the mortgage loan application.

APPLICANT  *Latesia M. Jackson*   8-7-03

APPLICANT  *Johnny L Jackson*   8-7-03

DATE _____

H2 Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RESPA-SDS 6/27/95

*(page 1 of 1)*

FEDEF ᴸ CREDIT APPLICATION INSᵀ ANCE DISCLOSURE

I have applied for an extension of credit with you. You are soliciting, offering, or selling me an ins product or annuity in connection with this extension of credit., FEDERAL LAW PROHIBITS YOU CONDITIONING THE EXTENSION OF CREDIT ON EITHER:

1. My purchase of an insurance product or annuity from you or from any of your affiliates; or
2. My agreement not to obtain, or a prohibition on me from obtaining, an insurance product or from an unaffiliated entity.

By signing, I acknowledge that I have received a copy of this form on today's date. Unless this disclo provided electronically or I have applied for credit by mail, I also acknowledge that you have provic disclosure to me orally.

_____ 8-7-03    _____ 9-7-03
Consumer A              Date        Consumer                    D

Experian. © 2001 Bankers Systems, Inc., St. Cloud, MN  Form INS-FED  2/15/2001