```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

| | |
|---|---|
| JOHNNY JACKSON and LATESIA JACKSON, § § § | |
| Plaintiffs, § § | |
| vs. § § | CIVIL ACTION NO. 2:06-CV-00021-WKW |
| PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK; LARRY PITCHFORD, et al., § § § § | |
| Defendants. § | |

### PLAINTIFFS' MOTION TO REMAND

COME NOW the Plaintiffs, Johnny Jackson and Latesia Jackson, and move this Court pursuant to 28 U.S.C. § 1447(c) for an order remanding this cause to the Circuit Court of Barbour County, Alabama, Eufaula Division. In support thereof, Plaintiffs state as follows:

### Procedural Background

- **The State Court Complaint**

Plaintiffs, Johnny Jackson and Latesia Jackson, filed the complaint in this case on December 6, 2005, in the Circuit Court of Barbour County, Alabama, against Defendants Peoples South Bank f/k/a Peoples Community Bank, Inc. and Larry Pitchford. (Attachment 1). Plaintiffs' complaint asserted various claims against Peoples Community Bank and Pitchford arising out of a construction loan and mortgage closing Plaintiffs had with the Bank. Plaintiffs contend that employees of Peoples Community Bank

lied to them about the rates, terms, amounts and conditions of their loan. Plaintiffs discovered that their closing documents had been altered and their signatures forged. Defendant Pitchford fraudulently suppressed from them that he had added $1,600 to their loan to cover an overdraft that the Bank had created when a bank employee stole money from Plaintiffs' account. (Attachment 1). Plaintiffs' complaint contains seven additional counts against Defendant Pitchford.

Plaintiffs' complaint stated the following jurisdictional allegations:

> 1. Plaintiffs JOHNNY JACKSON and LATESIA JACKSON, hereinafter also referred to as "Plaintiffs" or the "JACKSONS", are individuals over the age of nineteen (19) years and residents of the Eufaula Division of Barbour County, Alabama.
>
> 2. Defendant PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, hereinafter "Defendant" or "Defendant PEOPLES COMMUNITY BANK," is a Georgia corporation that at all times relevant to the matters involved herein did business in Barbour County, Alabama.
>
> 3. Defendant LARRY PITCHFORD, hereinafter "Defendant" or "Defendant PITCHFORD", is over the age of nineteen (19) years and is a resident of Houston County, Alabama.

(Attachment 1, pp. 1-2).

## •The Notice of Removal

On January 9, 2006, ***PeoplesSouth Bancshares, Inc.***, removed this action from state court alleging diversity of citizenship. (Doc. I.D. #1). PeoplesSouth Bancshares is not named as a Defendant in Plaintiffs' Complaint. The Notice of Removal does not

state the relationship, if any, between PeoplesSouth Bancshares and Peoples Community Bank.  (Doc. I.D. #1).

In its Notice of Removal, PeoplesSouth Bancshares alleged the following facts that it contended established the existence of diversity jurisdiction:

> 5.    There are only two named plaintiffs in this action.  Plaintiffs are, upon information and belief, individual residents of the State of Alabama. (Complaint, pp. 1-2, Exh. A).
>
> 6.    Plaintiffs named PeoplesSouth, Pitchford, and various fictitious parties as defendants in this action. (Id.).  Defendant PeoplesSouth is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia.  (Id. at p. 2).
>
> 7.    Pitchford, who has been fraudulently joined, is a resident citizen of Alabama.  (Id.).

(Doc. I.D. #1, pp. 2-3).

The Notice of Removal does not affirmatively plead and prove the citizenship of PeoplesSouth Bancshares, Inc. or Peoples Community Bank, Inc.  The removing entity simply referenced the allegations of Plaintiffs' complaint regarding PeoplesSouth Bank.

Peoples Community Bank is an Alabama corporation. (Attachment 2).  The Alabama Bank Charter for Peoples Community Bank was withdrawn and rescinded on May 4, 2005. (Attachment 3).  However, Peoples Community Bank is still an Alabama corporation.[1]

---

[1] Two declaratory judgment actions were recently filed in this district against Peoples Community Bank, Inc.  (Attachments #6, #8).  In those diversity actions, the party invoking the Court's jurisdiction specifically noted that "Defendant Peoples Community

(Attachment 2). PeoplesSouth Bancshares and PeoplesSouth Bank are **not** qualified to do business in Alabama. (Attachments 4 and 5).

PeoplesSouth Bancshares alleges as the basis for diversity jurisdiction the fact that the non-diverse Defendant Larry Pitchford was fraudulently joined as a defendant in the case. Defendant Larry Pitchford also simultaneously filed a motion to dismiss or in the alternative a motion for summary judgment. Pitchford contends that all of the claims against him are barred by the statute of limitations. (Doc. I.D. #6, #7).

## **Legal Standard**

Whether a case may be removed is a question of federal law to be decided by the federal court. The removal statutes are to be strictly construed against removal; doubts as to the removability of an action are to be resolved against removal and resolved in favor of remanding the case to the state court. <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996). *See also* <u>Jerido v. American General Life & Accident Ins. Co.</u>, 127 F.Supp.2d 1322, 1324 (M.D. Ala. 2001)("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). Furthermore, the federal

---

Bank, Inc. ("Peoples") is a corporation organized under the laws of the State of Alabama with its principal place of business in the State of Georgia." (Attachments #6, #8). Peoples Community Bank has filed responsive pleadings in both those actions and did not dispute the jurisdictional allegation that it was an Alabama corporation. (Attachments #7, #9).

court must "evaluate all of the factual allegations in the light most favorable to the plaintiff." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997). The district court should "resolve all questions of fact and controlling law in favor of the plaintiff...." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and removal of a state court claim can only be had under certain circumstances. Subject matter jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Diversity jurisdiction requires complete diversity between named plaintiffs and defendants. <u>Whitlock v. Jackson National Life Insurance Co.</u>, 32 F.Supp.2d 1286 (M.D. Ala. 1998). For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

### **Argument**

This case should be remanded to the Circuit Court of Barbour County, Alabama. There are fatal procedural defects in the Notice of Removal. The removing entity, PeoplesSouth Bancshares, Inc., is not a defendant. Furthermore, the Notice of Remand fails to allege each party's citizenship. There is no diversity jurisdiction

because Defendant Peoples Community Bank is an Alabama corporation. Even if the corporate status of Peoples Community Bank is somehow disregarded, Defendant Larry Pitchford is an Alabama resident. Fraudulent joinder cannot be based on an affirmative defense applicable to all defendants. The facts alleged in Plaintiffs' complaint state arguable causes of action under Alabama law against Defendant Larry Pitchford.

**I.     There Are Fatal Procedural Defects in the Notice of Removal.**

Plaintiffs' motion to remand is due to be granted because the Notice of Removal is procedurally defective. 28 U.S.C. § 1441(a) requires that any civil action may be removed "by the defendant or the defendants." Here the removing party is not a Defendant in this action. Also, in order to remove a case based on diversity jurisdiction of the federal court, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994). "To invoke removal jurisdiction on the basis of diversity, a notice of removal must distinctly and affirmatively allege *each* party's citizenship." Lamm v. Bekins Van Lines Co., 139 F.Supp.2d 1300, 1314 (M.D. Ala. 2001)(emphasis added). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975). The document supporting removal where a party is

6

a corporation must allege both the state of incorporation and the state where the corporation has its principal place of business. Lamm, 139 F.Supp.2d at 1314.

This essential jurisdictional allegation is missing entirely from the Notice of Removal. The removing entity, PeoplesSouth Bancshares, failed to distinctly and affirmatively allege each party's citizenship in the Notice of Removal. In particular, PeoplesSouth Bancshares made absolutely no showing of the citizenship of Peoples Community Bank.

The Notice of Removal simply referenced what had been alleged in Plaintiffs' complaint.[2] However, Plaintiffs' complaint failed to allege the corporate citizenship of Peoples Community Bank. This omission, however, does not justify removal. "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). In a removal action, the burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction. Fowler v. Safeco Insurance Co., 915 F.2d 616, 617 (11th Cir. 1990); Whiddon

---

[2] Plaintiffs mistakenly omitted the citizenship of Peoples Community Bank from their state court complaint. In doing so, Plaintiffs relied on the deposition testimony of Larry Pitchford from another case that their lawyers had against Pitchford and Peoples Community Bank. Pitchford testified in that case that he worked for PeoplesSouth Bank as its state president and that Peoples SouthBank was formerly known as Peoples Community Bank. (Attachment 11).

Farms, Inc. v. Delta & Pine Land Co., 103 F.Supp.2d 1310 (S.D. Ala. 2000). Where, as in this case, an essential jurisdictional allegation is missing, the Notice of Removal is fatally defective. Because PeoplesSouth Bancshares did not meet its burden of proving the existence of subject matter jurisdiction, this case should be remanded to state court.

**II. The Parties Are Not Diverse.**

Plaintiffs could not have originally filed this action in federal court because Plaintiffs, Defendant Pitchford and Defendant Peoples Community Bank are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation. 28 U.S.C. § 1332. Peoples Community Bank is an Alabama corporation. (Attachment 2). Larry Pitchford is an Alabama citizen. Accordingly, the diversity of citizenship necessary to create federal jurisdiction does not exist, and this matter should be remanded to the state court in which it was originally filed.

**III. Fraudulent Joinder Cannot Be Based on an Affirmative Defense Applicable to all Defendants.**

In the Notice of Removal, PeoplesSouth Bancshares contends that Larry Pitchford, the individual Alabama Defendant, supposedly has a statute of limitations defense to Plaintiffs' claims, arguing that the existence of that defense shows that Pitchford has been

fraudulently joined in this action.[3]  However, that defense is not unique to the individual Alabama Defendant, as it would apply to the other Defendants as well.  Even if that defense were viable, which it is not, the defense applies equally to the individual Alabama Defendant and the other Defendants.  The existence of defenses to the complaint as a whole in no way supports the notion that Plaintiffs fraudulently joined Larry Pitchford, the individual Alabama Defendant.

There is nothing in the removing entity's claims of fraudulent joinder that is unique or specific to Larry Pitchford, the Resident Defendant.  It appears that what PeoplesSouth Bancshares is really trying to show is that Plaintiffs have no claims against any Defendant, not just the Resident Defendant.  As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate.  This is always true when the defenses being cited are really applicable to all defendants.

The Fifth Circuit addressed this exact issue in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004).  In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of

---

[3]This Court need not address this additional ground for remand because the removing entity failed to meet its burden of demonstrating that there is complete diversity of citizenship between Plaintiffs and the remaining defendants.

one, or just a few defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident Defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such-an allegation that, as phrased by the Supreme Court in <u>Chesapeake & O.R. Co. v. Cockrell</u>, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

385 F.3d at 574.  See also <u>Boyer v. Snap-On Tools, Inc.</u>, 913 F.2d 108 (3rd Cir. 1990).

The instant action presents essentially the same issue. The statute of limitations defense is a common claim or defense. The affirmative defense raised by PeoplesSouth Bancshares does not support a claim of fraudulent joinder.  Defendant Larry Pitchford has no greater statute of limitations defense to Plaintiffs' claims than the other Defendants; the defense is the same.  If the statute

of limitations defense interposed by Defendants is correct, Plaintiffs' claims against Larry Pitchford and the other Defendants are all without merit. It is the province of the state court, not this Court, to make such a merits determination. <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1541 (11th Cir. 1997). Thus, no fraudulent joinder has been shown and remand is appropriate.

**IV. Plaintiffs Have Stated Colorable Claims against Defendant Larry Pitchford.**

Finally, no basis for fraudulent joinder exists in this case. Plaintiffs state valid claims against Larry Pitchford. The issue is not whether the Plaintiffs ultimately will prevail against Defendants. Instead, the test is whether there is any possibility that a state court could find that the Plaintiffs' Complaint states a cause of action against Larry Pitchford. Tested against that standard, Plaintiffs clearly state a valid claim, and remand is required.

The burden on the removing party to prove fraudulent joinder is a "heavy one." <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997). To satisfy their heavy burden of proving fraudulent joinder, Defendants must show either (1) there is no possibility that plaintiff can establish a cause of action against the resident defendant; or (2) that plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

11

PeoplesSouth Bancshares does not suggest that Plaintiffs have fraudulently pled jurisdictional facts. The only issue is whether there is a possibility that Plaintiffs can establish a cause of action against Defendant Larry Pitchford. Specifically, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Id. Stated another way, "[w]here a plaintiff states even a colorable claim against a resident defendant, joinder of that defendant is not fraudulent and the case should be remanded to state court." Pacheco De Perez v. AT&T Co., 139 F.2d 1368, 1380 (11th Cir. 1998).

It is clearly not enough for the Defendants to assert defenses and seek a determination that those defenses absolve it from liability. Defendants must establish that there is no possibility under state law for Plaintiffs to recover. A defendant must assert with particularity that a joinder is fraudulent and support the claim by clear and convincing evidence. Bolling v. Union National Life Insurance Co., 900 F. Supp. 400 (M.D. Ala. 1995); Howard

12

<u>Griggs Trucking, Inc. v. American Central Insurance Co.</u>, 894 F. Supp. 1503 (M.D. Ala. 1995).

Under well-established Alabama law, Plaintiffs have stated a "colorable" cause of action for fraudulent misrepresentation or suppression of pertinent information against Defendant Larry Pitchford. Plaintiffs allege in their Complaint that Defendant Larry Pitchford fraudulently suppressed from them that he had added $1,600 to their loan to cover an overdraft that the Bank had created when a bank employee stole money from their account.[4] These allegations are clearly sufficient to establish a "colorable" cause of action under Alabama law. See <u>Pacheo de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998).

PeoplesSouth Bancshares also argues that Plaintiffs' fraud claims against the Defendants are time-barred, arguing that as a matter of law these claims should have been discovered at the latest in August 2003, when their mortgage was closed. PeoplesSouth Bancshares contends that Plaintiffs should have been alerted to the alleged fraud as a matter of law at that time. However, a simple review of the complaint defies Defendants' self-serving conclusion. Plaintiffs' complaint alleges:

> 8. In or about May 2004, the Plaintiffs discovered for the first time that the Defendant PEOPLES COMMUNITY BANK had changed their interest rate and added a $145,000 balloon payment on their loan that was due by August 7,

---

[4] Plaintiffs have offered in their submission a memorandum from Larry Pitchford evidencing this overdraft. (Attachment 11).

>       2005. Due to this balloon and the other changes to the rates and/or terms, the Plaintiffs refinanced with a different lender.
>
>       9.   In or about August 2005, the Plaintiffs discovered for the first time that the Defendant PEOPLES COMMUNITY BANK at the instruction of Defendant PITCHFORD added $1,600 to the Plaintiffs loan to cover an overdraft that the Defendant PEOPLES COMMUNITY BANK had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account.

(Attachment 1).

There is a savings provision under Alabama law which tolls the running of the two-year statute of limitations period for fraud claims until the plaintiff discovers, or by reasonable diligence should have discovered the fraud. Ala. Code, 1975 § 6-2-3. The question whether a person discovered, or should have discovered fraud, for statute of limitations purposes, is generally a question of fact for the jury. Ex parte Seabol, 782 So.2d 212 (Ala. 2000). There is no evidence whatsoever that Plaintiffs were actually aware of the alleged fraud or that they knew facts which should have led them to discover the fraud. Accordingly, there certainly is a possibility that a state court would conclude that the issue of when Plaintiffs discovered or should have discovered the fraud is a jury question. Therefore, Larry Pitchford was not fraudulently joined as a defendant in this case.

**V.   The Notice of Removal Was Filed Without an Objectively Reasonable Basis.**

Plaintiffs also request payment of just costs, actual expenses and attorneys' fees associated with the removal. Under the

authority of 28 U.S.C. § 1447(c), "an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award costs and expenses rests within the sole discretion of this Court. <u>Legg v. Wyeth</u>, 428 F.3d 1317 (11th Cir. 2005). In <u>Whitlock v. Jackson National Life Ins. Co</u>., 32 F.Supp.2d 1286 (M.D. Ala. 1998), Judge DeMent stated that the standard is "whether from aught that appears, the defendants ... have acted reasonably on the basis of the information available at the time of removal." In that opinion, Judge DeMent went on to suggest that an award of costs and expenses would be appropriate in cases where removal jurisdiction was "patently lacking." More recently, the United States Supreme Court held that courts may award fees under the attorney fee provision of the removal statute where the removing party lacked an objectively reasonable basis for seeking removal. <u>Martin v. Franklin Capital Corp.</u>, 74 USLW 4034, 126 S.Ct. 704 (Dec. 7, 2005).

In this case costs and expenses should be awarded based on the following:

> 1. The law is well established that when federal subject matter jurisdiction is predicated upon diversity of citizenship, there must be complete diversity of all parties. 28 U.S.C. § 1332.
>
> 2. It is also equally clear that a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C.§ 1332(c).

15

      3.   At all times relevant to this proceeding, Peoples Community Bank was incorporated in Alabama, making it a citizen of the state of Alabama.

      4.   This case was removed by an entity who is not a Defendant.

Given the foregoing, it is unclear how PeoplesSouth Bancshares could have had a reasonable belief its Notice of Removal was meritorious or how they can claim they did not know that jurisdiction based on diversity of citizenship was not "patently lacking." Because PeoplesSouth Bancshares had no objectively reasonable basis for removing this case, Plaintiffs request payment of just costs, actual expenses and attorneys' fees associated with the removal.

## Conclusion

The Eleventh Circuit has repeatedly held that all doubts regarding the court's removal jurisdiction should be resolved in favor of remand. <u>Whitt v. Sherman Int'l Corp.</u>, 147 F.3d 1325, 1329 (11th Cir. 1998). However, in this case, there is no doubt. This case was wrongfully removed by a nonparty whose somehow related bank is now operating illegally in the State of Alabama. Diversity jurisdiction does not exist in this case. The Plaintiffs, residents of Alabama have viable state law causes of action against Peoples Community Bank, a corporation which was incorporated in the state of Alabama. The removing entity cannot contest this fact, nor can it dispute that given this fact, diversity of citizenship

does not exist.  Defendant Larry Pitchford is an Alabama resident and was not fraudulently joined as a Defendant.  This case should be remanded to the Circuit Court of Barbour County, Alabama.

    Respectfully submitted,

    /s/ Ted Taylor
    TED TAYLOR

    /s/ Leah O. Taylor
    LEAH O. TAYLOR

    /s/ Gregory M. Zarzaur
    GREGORY M. ZARZAUR

    Attorneys for Plaintiffs

OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
taylorlaw9@aol.com (e-mail)
lotaylor@taylorlawyers.com (e-mail)
gz@taylorlawyers.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this Motion so that service will be sent by the ECMF System via electronic mail to the following on this the 2nd day of February, 2006:

Christian W. Hancock, Esq.
chancock@burr.com

Gary Lane Howard, Esq.
ghoward@burr.com

Ricky J. McKinney, Esq.
rmckinne@burr.com

William Jacob Long, IV, Esq.
jlong@burr.com


                      /s/ Leah O. Taylor
                      LEAH O. TAYLOR