IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

CIVIL ACTION NO._____

JOHNNY JACKSON and
LATESIA JACKSON;

     Plaintiffs,

vs.

PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, a corporation;
LARRY PITCHFORD, an individual; Fictitious Defendants "A," "B," and
"C," whether singular or plural, that employee, agent or servant of
Defendants PEOPLES COMMUNITY BANK, who or which negligently,
wantonly and/or willfully contracted with and/or supervised and/or
monitored Defendant LARRY PITCHFORD and/or Fictitious Defendants;
Fictitious Defendants "D," "E," and "F," whether singular or
plural, that person, firm or corporation who or which concealed,
suppressed or failed to inform or otherwise make known to
Plaintiffs that Plaintiffs' accounts, loans, monies and/or funds
were not being properly handled, directed, reimbursed and/or
otherwise managed; Fictitious Defendants "G," "H," and "I," whether
singular or plural, that person, firm or corporation who or which
negligently, wantonly, willfully, fraudulently or otherwise
wrongfully engaged and/or participated in the process of
mishandling Plaintiffs' accounts, loans, monies and/or funds with
which Plaintiffs had entrusted to Defendants; Fictitious Defendants
"J," "K," and "L," whether singular or plural, that person, firm or
corporation who or which participated in or otherwise did actively
or passively aid or abet the wrongdoing set out herein; Fictitious
Defendants "M," "N," and "O," whether singular or plural, that
person, firm or corporation that is the true and correct name(s) of
the Defendants listed herein as Defendant LARRY PITCHFORD and/or
Defendant PEOPLES COMMUNITY BANK;

     Defendants.

<u>                 C O M P L A I N T          </u>

    1.  Plaintiffs JOHNNY JACKSON and LATESIA JACKSON,

hereinafter also referred to as "Plaintiffs" or the "JACKSONS", are

individuals over the age of nineteen (19) years and residents of

the Eufaula Division of Barbour County, Alabama.

2.    Defendant PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY

BANK, hereinafter "Defendant"

or "Defendant PEOPLES COMMUNITY BANK," is a Georgia corporation that at all times relevant to the matters involved herein did business in Barbour County, Alabama.

3.    Defendant LARRY PITCHFORD, hereinafter "Defendant" or "Defendant PITCHFORD", is over the age of nineteen (19) years and is a resident of Houston County, Alabama.

6.    Fictitious Defendants "A," "B," and "C," whether singular or plural, are those employees, agents or servants of Defendants PEOPLES COMMUNITY BANK, who or which negligently, wantonly and/or willfully contracted with and/or supervised and/or monitored Defendant LARRY PITCHFORD and/or Fictitious Defendants; Fictitious Defendants "D," "E," and "F," whether singular or plural, that person, firm or corporation who or which concealed, suppressed or failed to inform or otherwise make known to Plaintiffs that Plaintiffs' accounts, loans, monies and/or funds were not being properly handled, directed, reimbursed and/or otherwise managed; Fictitious Defendants "G," "H," and "I," whether singular or plural, that person, firm or corporation who or which negligently, wantonly, willfully, fraudulently or otherwise wrongfully engaged and/or participated in the process of mishandling Plaintiffs' accounts, loans, monies and/or funds with

-2-

which Plaintiffs had entrusted to Defendants; Fictitious Defendants "J," "K," and "L," whether singular or plural, are those persons, firms or corporations who or which participated in or otherwise did actively or passively aid or abet the wrongdoing set out herein; Fictitious Defendants "M," "N," and "O," whether singular or plural, those persons, firms or corporations that are the true and correct name(s) of the Defendants listed herein as Defendant LARRY PITCHFORD and/or Defendant PEOPLES COMMUNITY BANK. Plaintiffs aver that the wrongdoing of the aforesaid Fictitious Defendants proximately caused damage to them. Plaintiffs aver that the identities of the Fictitious Defendants are otherwise unknown to them at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

7.    On or about August 5th or 6th 2003, the Plaintiffs met with Defendant PEOPLES COMMUNITY BANK, by and though its agent/employee Kevin Potthoff, in connection with a construction loan and mortgage loan closing the Plaintiffs had with the Peoples Community Bank branch in Eufaula, Alabama. Defendant PEOPLES COMMUNITY BANK represented that it would finance the Plaintiffs loan at certain rates, terms, amounts and conditions. As a result of these representations by Defendant, Plaintiffs agreed to and did enter into certain contracts and/or agreements with Defendants for the

-3-

mortgage on the house the Plaintiffs had built at 395 Frost Marlow Road in Barbour County, Alabama.  The Plaintiffs did not receive a copy of the paperwork they had signed and never received a coupon payment book regarding this transaction with Defendants.

8.    In or about May 2004, Defendant PEOPLES COMMUNITY BANK contacted the Plaintiffs regarding a problem they had discovered in the property description. At that time, the Plaintiffs reminded the Defendant PEOPLES COMMUNITY BANK that they had not received their August 2003 paperwork and again requested copies of these documents. The Plaintiffs finally received the documents from Defendant PEOPLES COMMUNITY BANK pertaining to the August 2003 loan closing; however, these documents were incomplete, incorrect and inconsistent with the rates, terms, amounts and/or conditions of the documents which had been shown to Plaintiffs and for which Plaintiffs previously agreed upon and entered into with Defendant for said loan. Furthermore the documents presented to the Plaintiffs in 2004 contained what purported to be the signatures of the Plaintiffs, but are in fact forgeries. When the Plaintiffs closed on their loan in August 2003, they did not meet with anyone other than Kevin Pottoff even though the documents they received in 2004 were fraudulently notarized as having been signed in the presence of Defendant PEOPLES COMMUNITY BANK employee Lisa Bell. In or about May 2004, the Plaintiffs discovered for the first time that the Defendant PEOPLES COMMUNITY BANK had changed their

interest rate and added a $145,000 balloon payment on their loan that was due by August 7, 2005. Due to this balloon and the  other changes to the rates and/or terms, the Plaintiffs refinanced with a different lender.

9.    In or about August 2005, the Plaintiffs discovered for the first time that the Defendant PEOPLES COMMUNITY BANK at the instruction of Defendant PITCHFORD added $1,600 to the Plaintiffs loan to cover an overdraft that the Defendant PEOPLES COMMUNITY BANK had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account.

9.    As a result of the Defendants' negligence, wantonness, willfulness, fraud and/or otherwise wrongful conduct in failing to extend the loan as presented and represented to the Plaintiffs' in August 2003 and also by arbitrarily and without justification adding an overdraft created by the Defendants to the Plaintiffs' loan, the Plaintiffs incurred increased payments, debt, fees and costs.

10.    At the time the incidents made the basis of this lawsuit occurred as described herein, Kevin Potthoff, Lisa Bell, Jerry Gulledge, Defendant PITCHFORD and/or FICTITIOUS DEFENDANTS were agents, employees and/or servants of Defendant PEOPLES COMMUNITY BANK, and were acting within the line and scope of their agency and/or employment with Defendant PEOPLES COMMUNITY BANK. Defendant PEOPLES COMMUNITY BANK, as employer and principal over Kevin

Potthoff, Lisa Bell, Jerry Gulledge, Defendant PITCHFORD and/or FICTITIOUS DEFENDANTS who were agents or employees of Defendant PEOPLES COMMUNITY BANK working within the line and scope of their agency or employment, are vicariously liable for the acts of its agents or employees under the doctrine of respondeat superior.

**COUNT ONE**

**NEGLIGENCE/WANTONNESS/WILLFULNESS**

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that Defendants PEOPLES COMMUNITY BANK, PITCHFORD and/or FICTITIOUS DEFENDANTS "A" through "O" were negligent, wanton and/or willful in that they failed to reasonably handle the Plaintiffs' loan closing and failed to properly inform the Plaintiffs' of the changes the Defendants made to their loan.

3.    Defendants were negligent, wanton and/or willful in that they failed to provide reasonable and/or adequate financial banking services to Plaintiffs.

4.    Plaintiffs allege that Defendants PEOPLES COMMUNITY BANK, PITCHFORD and/or FICTITIOUS DEFENDANTS "A" through "O" were negligent, wanton and/or willful in the manner of service that said Defendants provided to Plaintiffs with regard to handling the Plaintiffs' accounts, loans and  monies that Plaintiffs had entrusted with and/or through said Defendants.  Specifically, Defendant PEOPLES COMMUNITY BANK, by and through its agents and

employees, failed to properly advise the Plaintiffs' of the terms under which their loan was conditioned and failed to advise the Plaintiffs' of the arbitrary changes made by the Defendants to the Plaintiffs' loans and/or accounts.

5.   Plaintiffs further allege that Lisa Bell, while acting in the line and scope of her employment with said Defendants negligently, wantonly and/or willfully signed her name and affixed her notary seal to documents obligating the Plaintiffs' to Defendant PEOPLES COMMUNITY BANK. failed to provide reasonable and/or adequate service to Plaintiffs concerning Plaintiffs' checking accounts, lines of credit, loans and related monies, funds and/or collateral with Defendants, including FICTITIOUS DEFENDANTS "A" through "O." Furthermore, Defendants, by and through its agents and/or employees, including but not limited to Defendants PITCHFORD and/or FICTITIOUS DEFENDANTS "A" through "O", repeatedly failed and/or otherwise refused to adequately or reasonably hold, transfer, deliver, convey and/or otherwise account for monies, payments, property, funds and/or related documents delivered to Defendants by Plaintiffs for the purposes of having Defendants maintain, handle and account for said monies, payments, funds and/or relating documents, even though Defendants knew or should have known of the critical and eminent nature of reasonably and adequately maintaining, handling and accounting for the same. Defendants negligently, wantonly and/or willfully failed to keep

and maintain adequate information and records concerning the Plaintiffs and Plaintiffs' accounts and/or loans by and through the Defendants. Defendants negligently, wantonly and/or willfully failed to reasonably deliver, convey, transfer and/or refund payments and/or monies to and from the various accounts with which Plaintiffs had with Defendants.

6. Defendants further negligently, wantonly and/or willfully failed to adequately and/or reasonable inform, notify and/or otherwise communicate certain material information to Plaintiffs concerning the status of Plaintiffs' accounts and/or loans with Defendants even though Defendants were under a duty to communicate such material information because there existed a confidential relationship and/or other special circumstances giving rise to such duty in that Defendants either had particular or special knowledge or had a means of receiving said information not shared by Plaintiffs.

7. As a proximate result of the aforesaid negligence, wantonness and/or willfulness of the Defendants, including FICTITIOUS DEFENDANTS "A" through "O", Plaintiffs suffered as follows:

> 1. Plaintiffs' were caused to be charged higher interest rates on said loan they obtained through Defendants, thereby causing Plaintiffs to expend additional monies, fees and other costs, as well as causing Plaintiffs to lose the use and benefit of said loans and proceeds therefrom;

> 2. Plaintiffs were caused to lose additional monies

due to their need to re-finance with a different lender;

3.    Plaintiffs incurred costs associated with additional monies added to their loan by the Defendants who had created an overdraft in Plaintiffs' accounts with Defendants;

4.    Plaintiffs will incur expenses necessitated by the filing of this lawsuit;

5.    Plaintiffs incurred substantial economic loss in paying monies and/or funds to Defendants for which Plaintiffs never received the full use and benefit from;

6.    Plaintiffs were caused to suffer anxiety, worry, humiliation, mental and emotional distress and other incidental damages.

8.    Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

**COUNT TWO**

**FRAUD/MISREPRESENTATION**

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs allege that Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O" are guilty of fraud

and misrepresentation.  The misrepresentations referred to herein were made by Defendant PEOPLES COMMUNITY BANK, by and through its employees, agents, servants or representatives, including but not limited to Kevin Potthoff, acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of Defendants.  Said misrepresentations would include, but would not necessarily be limited to, the following:

(a)  That Defendants would and did finance a loan or loans for Plaintiffs at certain specific rates, terms, amounts and conditions, when in fact Defendants financed said loan(s) at rates, terms, amounts and conditions that were different and inconsistent from what Defendants had represented to Plaintiffs;  ;

(b)  That Defendants would reasonably and properly handle, maintain, oversee, protect, possess and/or otherwise account for Plaintiffs' accounts, lines of credit and/or loans, as well as the funds, monies, payments, property, currencies, notes, drafts and/or other documents pertaining to said accounts and/or loans that Plaintiffs had with, by and through Defendants PEOPLES COMMUNITY BANK; and,

(e)  That Defendants would act with honesty and in good faith in and throughout the process of obtaining, maintaining, overseeing, protecting, possessing, accounting for and/or otherwise handling Plaintiffs accounts and/or loans with Defendant PEOPLES COMMUNITY BANK.

3.  These misrepresentations were made by the Defendants negligently, wantonly, recklessly, willfully and/or intentionally. Defendants' representations were false and Defendants knew they were false; or Defendants recklessly misrepresented the facts,

-10-

without true knowledge thereof; or Defendants misrepresented the facts by mistake but did so with the intention that Plaintiffs rely upon them.

4.   Plaintiffs allege that their injuries and damages were caused as a proximate result and consequence of the intentional, willful, wanton, willful and/or reckless misrepresentations made by the Defendants, including FICTITIOUS DEFENDANTS "A" through "O" and the Plaintiffs' reasonable and/or justifiable reliance upon these misrepresentations.

5.   Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

6.   Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice.  Defendant PEOPLES COMMUNITY BANK authorized or ratified the conduct of its employees, agents, servants or representatives, including but not limited to Kevin Potthoff and/or FICTITIOUS DEFENDANTS "A" through "O" or the acts of said persons and/or Defendants were calculated to or did benefit Defendant PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

7.   Plaintiffs aver that the misrepresentations made by the Defendants were intentional, willful, wanton and/or reckless and

constitute fraud under the laws of the State of Alabama, §§ 6-5-100, 6-5-101, 6-5-102 of the Code of Alabama (1975). The Defendants knew that except for these misstatements, misrepresentations and/or other wrongful acts, the Plaintiffs would not have relied on said misrepresentations, but would have acted otherwise to ensure that its finances, moneys, property and/or funds maintained and/or overseen by and through Defendants were otherwise adequately maintained, overseen, protected, possessed, accounted for and/or otherwise handled in a manner so as to provide Plaintiffs with adequate and sufficient financial services and protections.

8. Plaintiffs aver that as a direct, proximate and foreseeable result of the aforesaid fraudulent misrepresentations and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendant PEOPLES COMMUNITY BANK, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## COUNT THREE

## FRAUD/SUPPRESSION

1. Plaintiffs reallege all previous allegations contained in this Complaint.

2. Plaintiffs aver that on numerous occasions, Defendants

-12-

PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O", by and through its employees, agents, servants or representatives, including but not limited to Kevin Potthoff, acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of said Defendant, suppressed material facts from Plaintiffs by and through their misrepresentations and suppressions of material facts concerning the Plaintiffs' finances, monies, property, funds and/or loans with which Plaintiffs entrusted to Defendants, and which are made the basis of this lawsuit, to wit: Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O" knowingly, willfully and/or wantonly suppressed from Plaintiffs the fact that Plaintiffs' finances, monies, property, accounts, funds and/or loans were being changed, forged and/or modified and not being properly handled or maintained, thereby causing Plaintiffs' accounts with Defendant PEOPLES COMMUNITY BANK to become overdrawn and causing Plaintiffs' loan terms to be different than as presented and represented. Defendants further knowingly, willfully and/or wantonly suppressed from Plaintiffs certain material facts concerning the terms, amounts and conditions of Plaintiffs' accounts and loan with and though Defendants, as well as the fact that Defendants had arbitrarily added created an overdraft in Plaintiffs' banking accounts and added the same to Plaintiffs' loan.

-13-

3.    Defendants suppressed the material facts set forth above with the intent to cause and/or induce the Plaintiffs to rely on Defendants' suppression thereby allowing Plaintiffs' finances, monies, accounts, property, funds and/or loans that Plaintiffs had with Defendant PEOPLES COMMUNITY BANK to become incorrect, insufficient and/or overdrawn.  The failure of the Defendants to inform the Plaintiffs of the fact that Plaintiffs' finances, monies, accounts, property, funds and/or loans were not being adequately and/or properly handled or maintained, when the Defendants knew that said accounts, monies, property, finances, loans and/or funds were not being adequately maintained and/or handled, and the fact that the Defendants failed to disclose such facts to the Plaintiffs, was a suppression of material facts, which the Defendants had a duty to communicate to the Plaintiffs.  The Defendants' suppression constitutes legal fraud.

4.    Plaintiffs allege that the Defendants' actions are a violation of § 6-5-102 of the Alabama Code (1975).

5.    Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

6.    Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice.  Defendant

-14-

PEOPLES COMMUNITY BANK authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Kevin Potthoff, Lisa Gray, PITCHFORD and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

7.     Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS "A" through "O" aforesaid suppression of material facts and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

<u>**COUNT FOUR**</u>

<u>**DECEIT**</u>

1.     Plaintiffs reallege all previous allegations contained in this Complaint.

2.     Plaintiffs aver that on numerous occasions, Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O", by and through its employees, agents, servants or representatives, including but not limited to Kevin Potthoff,

-15-

acting within the line and scope of their capacity of said principal and employer, and in furtherance of the business interest of said Defendant, intentionally and/or willfully misrepresented material facts concerning the terms and conditions of the Plaintiffs' accounts and loans obtained through the Defendants, and which are made the basis of this lawsuit. Specifically, Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would reasonably and adequately handle, maintain and oversee Plaintiffs' finances, monies, accounts, property, funds and/or loans, when in fact Defendants failed to reasonably and/or adequately do so; Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would reasonably and/or adequately maintain, oversee and otherwise handle Plaintiffs' accounts with Defendant PEOPLES COMMUNITY BANK even though Defendants were not reasonably and/or adequately doing so, thereby causing Plaintiffs' finances, monies, accounts, funds, property and/or loans that Plaintiffs had with Defendant PEOPLES COMMUNITY BANK to become overdrawn; and, Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Defendants would in act with honesty and in good faith in dealing with and handling, maintaining and/or servicing Plaintiffs accounts with said Defendants. Defendants knowingly, willfully and/or wantonly misrepresented to Plaintiffs that Plaintiffs had certain sums of monies or funds financed at certain rates for certain

periods of time, when in fact Defendants knew or should have known that such certain financing terms as was represented to Plaintiffs by Defendants did not exist and/or were otherwise not as Defendants had previously represented to Plaintiffs.

3. At the aforesaid times, the Defendants knew that they were not rightfully and/or lawfully disclosing pertinent information to Plaintiffs regarding Plaintiffs' finances, monies, accounts, funds and/or loans, and such terms thereunder, that Plaintiffs obtained through Defendants, and that they were fraudulently suppressing such information, yet nevertheless knowingly, willfully and/or recklessly deceived the Plaintiffs with the intent to cause and/or induce Plaintiffs to rely on Defendants' suppression thereby allowing Plaintiffs' finances, monies, accounts, funds and/or loans that Plaintiffs had with Defendant PEOPLES COMMUNITY BANK to become overdrawn and inconsistent and also allowing Plaintiffs to incur substantial loss of monies and/or funds as a result thereof.

4. At the aforesaid times, the Defendants asserted the aforesaid material facts as true, when they were not true, and Defendants knew the asserted facts not to be true at the time the Defendants made such assertions to Plaintiffs. At the aforesaid times, the Defendants fraudulently expressed, coerced, and misrepresented facts to the Plaintiffs concerning the Plaintiffs' finances, monies, accounts, funds, property and/or loans, and such

-17-

terms thereunder, and which Plaintiffs obtained through Defendants and for which are made the basis of this lawsuit. Therefore, the Defendants violated §§ 6-5-103 and 6-5-104, Code of Alabama, (1975).

5. Plaintiffs aver that Plaintiffs acted upon, and reasonably relied upon, the Defendants' misrepresentations to their detriment and that as a direct, proximate, and foreseeable result of the Defendants' aforesaid fraudulent misrepresentations and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

6. Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages against Defendants.

7. Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice. Defendant PEOPLES COMMUNITY BANK and PITCHFORD authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Kevin Potthoff and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

8. Plaintiffs aver that as a direct, proximate, and

-18-

foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS "A" through "O" aforesaid wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## COUNT FIVE

## BREACH OF CONTRACT

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that there existed express and/or implied contracts and/or agreements between Plaintiffs and Defendants wherein for good and valuable consideration paid or otherwise tendered by Plaintiffs, Defendants contracted and/or otherwise agreed to act as agent for Plaintiffs in reasonably procuring, obtaining, handling, maintaining and/or otherwise overseeing financial accounts, loans and/or other financial services for Plaintiffs.  There also existed express and/or implied contracts and/or agreements between Plaintiffs and Defendants, whereby for good and valuable consideration paid or otherwise tendered by Plaintiffs, Defendants contracted and/or agreed to reasonably and/or adequately provide and maintain current and adequate bank accounts, lines of credit, loans and/or other financial services to

-19-

and for Plaintiffs.

3.    Plaintiffs aver that Defendants have breached said contracts and/or agreements with Plaintiffs, in that Defendants have failed to reasonably and adequately procure, obtain, handle, maintain and/or otherwise oversee bank accounts, loans and/or other financial services, as well as monies, funds, property and/or terms therein, for Plaintiffs, thereby failing to perform under said express and/or implied contracts and/or agreements.  Defendants have further breached said contracts and/or agreements by failing to reasonably and/or adequately provide and maintain bank accounts, lines of credit, loans and/or other financial services, as well as monies, funds, property and/or terms therein to and for Plaintiffs.

4.    Said agreements and/or contracts as stated above were binding contracts between the Plaintiffs and the Defendants. Plaintiffs aver that the Defendants breached said agreements and/or contracts in that the Defendants failed to provide and/or perform adequate, reasonable and/or competent service for Plaintiffs as Plaintiffs' banker and financial banking institution.

5.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS "A" through "O" breach of said agreements and/or contracts, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendant

PEOPLES COMMUNITY BANK, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## COUNT SIX

## BREACH OF FIDUCIARY DUTIES

1.    Plaintiffs reallege all allegations contained in this Complaint as if fully set out herein.

2.    Plaintiffs allege that an express and/or implied agency relationship existed between Plaintiffs and Defendants PEOPLES COMMUNITY BANK, PITCHFORD and/or FICTITIOUS DEFENDANTS "A" through "O" as its agents. Defendants PEOPLES COMMUNITY BANK, PITCHFORD, and/or FICTITIOUS DEFENDANTS "A" through "O" were agents of, and for the Plaintiffs, and thus owed Plaintiffs fiduciary duties to fully inform, communicate, warn, and disclose material facts concerning the accounts, loans and/or funds or property relating thereto made the basis of this lawsuit. Defendants PEOPLES COMMUNITY BANK, PITCHFORD, GULLEDGE and/or FICTITIOUS DEFENDANTS "A" through "O" further had a fiduciary duty, as sole and exclusive agents and representatives of, and for the Plaintiffs, to be completely loyal and faithful to the Plaintiffs, and to provide adequate and/or reasonable financial banking services to Plaintiffs honestly and in good faith.

3.    Plaintiffs further allege that there existed a confidential and special relationship between the Plaintiffs and

Defendants PEOPLES COMMUNITY BANK, PITCHFORD, and/or FICTITIOUS DEFENDANTS "A" through "O" with regard to said Defendants' performance and handling of accounts, loans, financing and/or other related services for, and on behalf of, the Plaintiffs. Defendants PEOPLES COMMUNITY BANK, PITCHFORD, and/or FICTITIOUS DEFENDANTS "A," through "O" had special and specific knowledge of specific and material facts and circumstances concerning Plaintiffs and their need for various financial services. Defendants' PITCHFORD special and specific knowledge as stated above was imputed to Defendant PEOPLES COMMUNITY BANK, as Defendants' PITCHFORD principal and/or employer. This confidential and special relationship between the Plaintiffs and Defendants, as well as the other special and particular circumstances stated herein, further created and imposed a fiduciary duty upon the Defendants.

4.    Defendants PEOPLES COMMUNITY BANK, PITCHFORD, and/or FICTITIOUS DEFENDANTS "A" through "O" breached their fiduciary duties owed to the Plaintiffs with regard to their performance of financial banking services for Plaintiffs relating to the various financial accounts, lines of credit and loans, as well as related terms, monies, property and/or funds made the basis of this lawsuit. Specifically, Defendants PEOPLES COMMUNITY BANK, PITCHFORD, and/or FICTITIOUS DEFENDANTS "A" through "O", knowingly, willfully and/or wantonly breached their fiduciary duty to Plaintiffs by failing to act with honesty and in good faith with

regard to the handling and management of various financial services, property, loans and/or funds of which Defendants made representations to Plaintiffs and which are made the basis of this lawsuit. Defendants further breached their fiduciary duty to Plaintiffs by failing to be completely loyal and faithful to the Plaintiffs, and by failing to provide services to Plaintiffs honestly and in good faith.

5. Defendants knowingly, willfully and/or wantonly breached their fiduciary duty to Plaintiffs by failing to disclose the material facts set forth above with the intent to induce the Plaintiffs to pay, entrust and/or tender monies, property and/or funds to Defendants for various accounts and loans made the basis of this lawsuit, and Plaintiffs did in fact make payments and/or otherwise tender consideration and/or collateral to Defendants for said banking accounts and loans, as well as the services related thereto, for which Defendants failed to adequately maintain, handle, manage and/or oversee as was represented by Defendants, based on the Defendants' failure to disclose such material facts to Plaintiffs.

6. The failure of the Defendants to inform the Plaintiffs of the fact that Plaintiffs' banking accounts, lines of credit and loans with Defendant PEOPLES COMMUNITY BANK would not be adequately or properly set up, administered, charged or otherwise handled in the same manner as was represented to Plaintiffs by Defendants,

when the Defendants knew or should have known the same, and the fact that the Defendants failed to communicate and disclose such facts to the Plaintiffs, was a breach of their fiduciary duty, which the Defendants owed to the Plaintiffs.

7.    Plaintiffs allege that the Defendants' actions are a violation of § 6-5-102 of the <u>Alabama Code</u> (1975).

8.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS, aforesaid breach of fiduciary duties and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

<u>**COUNT SEVEN**</u>

<u>**CONVERSION**</u>

1.    Plaintiffs reallege all allegations contained in this Complaint as if fully set out herein.

2.    Plaintiffs allege that Defendants PEOPLES COMMUNITY BANK, PITCHFORD, GULLEDGE and/or FICTITIOUS DEFENDANTS "A" through "O" wrongfully converted payments, monies, funds and other valuables of the Plaintiffs from Plaintiffs' banking accounts and/or loans with Defendant PEOPLES COMMUNITY BANK, to and/or for their own use.

3.    Plaintiffs aver that Defendants converted such value wantonly and recklessly, in knowing violation of Plaintiffs' rights and in violation of law, and that Plaintiffs are entitled to punitive damages.

4.    At all times hereinabove mentioned, Defendants PITCHFORD, and/or FICTITIOUS DEFENDANTS "A" through "O" were agents of Defendant PEOPLES COMMUNITY BANK and were acting within the line and scope of their agency and actual or apparent authority.

5.    Defendants PEOPLES COMMUNITY BANK impliedly authorized or ratified the conduct of its agents, employees, servants and/or representatives, including but not limited to Kevin Potthoff, PITCHFORD, Lisa Bell, Jerry Gulledge and/or FICTITIOUS DEFENDANTS "A" through "O", or the acts of said persons and/or Defendants were calculated to or did benefit Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O."

6.    At all time hereinabove mentioned, FICTITIOUS DEFENDANTS "A" through "O" were agents and/or employees of Defendants PEOPLES COMMUNITY BANK, and were acting within the line and scope of their agency and/or employment with said Defendants with actual or apparent authority.

7.    Defendants PEOPLES COMMUNITY BANK impliedly authorized or ratified

the conduct of said FICTITIOUS DEFENDANTS "A" through "O" or the acts of said FICTITIOUS DEFENDANTS "A" through "O" were calculated

to or did benefit said Defendants.

8.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS "A" through "O" aforesaid wanton, reckless other otherwise wrongful conversion of Plaintiffs' payments, monies, funds, collateral, property and other valuables, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## COUNT EIGHT

## NEGLIGENT HIRING, RETENTION and SUPERVISION

1.    Plaintiffs reallege all previous allegations contained in this Complaint.

2.    Plaintiffs aver that Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O" negligently, wantonly and/or willfully hired and retained its agents, employees, servants, and/or contractors, including but not limited to Kevin Potthoff, PITCHFORD, Lisa Bell, Jerry Gulledge and/or FICTITIOUS DEFENDANTS "A" through "O."

3.    Defendants further negligently, wantonly and/or willfully failed to adequately train, supervise and/or monitor the activities

of Kevin Potthoff, PITCHFORD, Jerry Gulledge, Lisa Bell and/or FICTITIOUS DEFENDANTS "A" through "O" and negligently, wantonly and/or willfully failed to detect and/or deter the fraudulent activities conduct by its agents, employees, servants and/or contractors, including but not limited to Defendants PITCHFORD, GULLEDGE and/or FICTITIOUS DEFENDANTS "A" through "O."

4.   The negligence, wantonness and/or willfulness of the Defendants, including FICTITIOUS DEFENDANTS "A" through "O", was the proximate and/or combined and concurring cause of Plaintiffs' damages as set forth herein.

5.   As a result of Defendants' PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O" negligence, wantonness, and/or willfulness, Kevin Potthoff, LARRY PITCHFORD, JERRY GULLEDGE and/or FICTITIOUS DEFENDANTS "A" through "O" consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of their legal rights.

6.   Plaintiffs further aver that Defendants are guilty of conduct evidencing a pattern or practice of intentional misconduct or are guilty of conduct involving actual malice.  Defendants PEOPLES COMMUNITY BANK and/or FICTITIOUS DEFENDANTS "A" through "O" authorized or ratified the conduct of its agents and employees, including Defendants PITCHFORD, GULLEDGE and/or FICTITIOUS DEFENDANTS "A" through "O" or the acts of said Defendants and/or

their agents or employees were calculated to or did benefit said Defendants.

7.    Plaintiffs aver that as a direct, proximate, and foreseeable result of the Defendants', including FICTITIOUS DEFENDANTS', aforesaid negligence and other wrongful conduct, Plaintiffs have been damaged as previously set forth herein.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.

## COUNT NINE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE

1.    Plaintiffs reallege all allegations contained in this Complaint as if fully set out herein.

2.    Plaintiffs aver that the actions of the Defendants, including Fictitious Defendants "A" through "O" as described above amount to outrage.  The actions of the Defendants were extreme and outrageous and were done intentionally or recklessly causing severe emotional distress to Plaintiffs.  The distress suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

3.    The actions and conduct of the Defendants was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and

utterly intolerable in a civilized society.

4.    As a result of this conduct, Plaintiffs suffered extreme emotional distress and mental anguish.    The conduct of the Defendants, and/or Fictitious Defendants "A" through "O" was of such a nature as to justify an award of punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, including FICTITIOUS DEFENDANTS, for damages, plus interest and all costs of these proceedings, in an amount exceeding the jurisdictional minimum of this Court.


_____

_____    _____
                                       GREGORY M. ZARZAUR
                                       ATTORNEYS FOR PLAINTIFFS


**OF COUNSEL:**
**TAYLOR & TAYLOR**
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (Telephone)
(205) 558-2860 (Facsimile)


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THE ABOVE STYLED CAUSE.**



_____
GREGORY M. ZARZAUR

Defendants may be served by certified mail/return receipt requested
as follows:

LARRY PITCHFORD
211 McClendon Drive
Abbeville, Alabama 36310-2834


PEOPLES SOUTH BANK
f/k/a PEOPLES COMMUNITY BANK
109 East Church Street
Columbia, Alabama 36319