IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, INC. | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 2:05CV1064-C ) |
| PEOPLES COMMUNITY BANK, INC., LARRY PITCHFORD, JERRY GULLEDGE, HARRIS LEVESON, AND HARRIS PEST AND TERMITE CONTROL, INC. | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Progressive Casualty Insurance Company, Inc. ("Plaintiff" or "Progressive") offers the following as its complaint for declaratory judgment against the defendants.

### Parties

1. Progressive is a corporation incorporated under the laws of, and with its principal place of business in, the State of Ohio.

2. Defendant Peoples Community Bank, Inc. ("Peoples") is a corporation organized under the laws of the State of Alabama with its principal place of business in the State of Georgia.

3. Defendant Larry Pitchford ("Pitchford") is a citizen of the State of Alabama, with his current residence located in Abbeville, Alabama. Pitchford is Peoples' President for its branches in the State of Alabama.

1

4.  Defendant Jerry Gulledge ("Gulledge") is a citizen of the State of Alabama, with his current residence located in Eufaula, Alabama. Gulledge was formerly Peoples' branch manager in Eufaula, Alabama.

5.  Defendant Harris Leveson ("Leveson") is a citizen of the State of Alabama, with his current residence located in Midway, Alabama. Leveson was a customer of Peoples.

6.  Defendant Harris Pest and Termite Control, Inc. ("Harris") is a corporation organized under the laws of the State of Alabama, with its principal place of business in Midway, Alabama. Harris was a customer of Peoples.

### Jurisdiction and Venue

7.  The amount in controversy between the parties exceeds $75,000.00, exclusive of interest and costs. In that the real parties in interest are of diverse citizenship and the amount in controversy exceeds the jurisdictional requirement, jurisdiction is proper under 28 U.S.C. §1332(a)(1).

8.  Furthermore, this Court has jurisdiction to hear this action pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §2201.

9.  The events underlying this action occurred in Barbour County, Alabama, making venue in the instant forum appropriate under 28 U.S.C. §1391(a)(2) because this is a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred... ."

### Facts

A.  **Background**

10.  This is an action for declaratory judgment and other relief brought by Progressive, pursuant to 28 U.S.C.A. §2201, to declare the rights, obligations, and liabilities of the parties involved in this litigation with respect to a certain policy of Directors and Officers insurance ("Policy") issued by Plaintiff to Peoples Community Bank as a named insured. A copy of this Policy is attached as Exhibit "A." At issue is whether there is coverage under the terms and conditions of the Policy for the claims made against Gulledge, Pitchford, or Peoples by

indemnity, in the litigation styled *Harris Leveson, et al. v. Peoples Community Bank, et al.*, in the Circuit Court of Barbour County, Alabama, Civil Action File No. CV-04-020 (the "underlying action").

11. On February 20, 2004, Leveson and Harris filed suit against Peoples, Gulledge, and Pitchford. A copy of the complaint in the underlying action is attached as Exhibit "B." The suit was premised on the alleged wrongful conduct of Peoples, Gulledge, and Pitchford in a series of transactions involving Leveson and Harris while they were customers of the bank. The complaint in the underlying action alleged causes of action for negligence, wantonness, willfulness, fraud/misrepresentation, fraud/suppression, deceit, breach of contract, breach of fiduciary duties, conversion, negligent hiring, retention, and supervision, and intentional infliction of emotional distress/outrage.

12. The underlying action was tried non-jury to Judge Smithart. Subsequently, the court issued an order granting judgment against Peoples, Gulledge, and Pitchford. Judgment was entered in favor of Leveson and Harris in the sum of Two Million Five Hundred Thousand and no/100 Dollars ($2,500,000.00) compensatory damages and One Million and no/100 Dollars ($1,000,000.00) punitive damages. The 25-page order did not attempt to distinguish the alleged damages to Leveson, an individual, from those which allegedly impacted Harris, a corporate entity. Nor did the Order attempt to apportion damages between Defendants. A copy of the order is attached as Exhibit "C" ("order").

### B. The Policy

13. From March 26, 2003 to March 26, 2004, the Policy was in effect with a policy limit of $2,000,000.00 and a self-insured retention of $100,000.00. The Policy did not include errors or omissions coverage for Peoples.

14. That policy names Peoples Community Bancshares, Inc., Peoples Community Bank, Columbia, Alabama, Peoples Community Bank, Colquitt, Georgia, and PCB, The Community Bank, Florida, as the named insureds. *See* Exhibit A, p.1.

15. There are two insuring agreements under the Policy:

## Section I – Insuring Agreements

A. The **Insurer** will pay on behalf of the **Insured Persons**, **Loss** in excess of the applicable Retention resulting from **Claims** first made during the **Policy Period** against the **Insured Persons** for which the **Insured Persons** are legally obligated to pay for **Wrongful Acts**, except for **Loss** which the **Company** pays as indemnification.

B. The **Insurer** will pay on behalf of the **Company**, **Loss** in excess of the applicable Retention resulting from **Claims** first made during the **Policy Period** against the **Insured Persons** for which the **Company** has agreed to or is legally permitted or required by law to indemnify the **Insured Persons** for **Wrongful Acts**.

*See* Exhibit A, p.1.

16. By way of endorsement, the Policy amends the definition of Loss to state "Notwithstanding any other provision of the **Policy** the definition of **Loss** shall not include punitive or exemplary damages or the multiple portion of any multiplied damage award." Endorsement to Policy, Form No. 2844.

17. In pertinent part, a "wrongful act" is defined as:

… any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty by:

> (1) any **Insured Person** acting solely in the capacity as such; or by any **Insured Person** acting in the capacity of director, officer, or trustee of a not-for-profit entity serving at the direction of the **Company** . . . .

*Id.*

18. Payments under the Policy may be further limited by the following General Condition:

> J. **OTHER INSURANCE OR INDEMNIFICATION** – This **Policy** shall not be subject to the terms of any other insurance. All **Loss**, including **Defense Costs**, payable under this **Policy** shall be excess to, and paid only after all available payments are made under:
>
> > (1) other existing insurance including, but not limited to, any insurance under which there is a duty to defend; and

(2) indemnification to which an **Insured Person** or the **Company** is entitled from any entity other than the **Company**.

19. The Policy contains an exclusion dealing with bodily injury and property damage. Specifically, the exclusion provides:

> A. **Bodily Injury and Property Damage Exclusion**- The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** for actual or alleged bodily injury, sickness, disease, or death of any person, damage to or destruction of any tangible property including loss of use thereof, wrongful entry, eviction, or false arrest, false imprisonment, malicious prosecution, assault, battery, mental anguish, emotional distress, loss of consortium, invasion of privacy, defamation, false light, libel, or slander; however, the Exclusion shall not apply with respect to any actual or alleged mental anguish, emotional distress, libel, slander, defamation or false light, or violation of a person's right to privacy in connection with any **Claim** by a past, present or prospective employee of the **Company** for any employment-related **Wrongful Act**.

*Id.* at pp. 3-4.

20. The Policy also excludes payment for losses based in fraud (other than defense costs):

> The **Insurer** shall not be liable to make any payment for **Loss**, other than **Defense Costs**, in connection with any **Claim** arising out of or in any way involving a fraudulent, dishonest, or criminal act or willful violation of any civil or criminal statute, regulation or law by any **Insured Person**; however, this Exclusion shall apply only if a judgment or other final adjudication establishes such a fraudulent, dishonest, or criminal act or willful violation of any statute, regulation or law.

*Id.* at p. 4.

21. Additionally, in the General Conditions, the Policy requires allocation of covered and noncovered losses:

> B. **ALLOCATION**- If in any **Claim**, the **Insured Persons** incur **Loss** jointly with others (including the **Company** if the **Claim** against the **Company** is not covered by Endorsement to this **Policy**) or incur an amount consisting of both covered and uncovered **Loss** because the **Claim** includes both covered and uncovered matters, then the **Insurer**, the **Company** and the **Insured Persons** shall allocate such amount as follows:

>   (1) 100% of all covered **Loss**, other than **Defense Costs**, incurred solely by the **Insured Persons** or jointly by the **Insured Persons** and the **Company** shall be allocated to covered **Loss**.
>
>   (2) all other amounts shall be allocated between covered **Loss** and uncovered loss based on the relative legal exposures of the parties to covered and uncovered matters. The **Insurer**, the **Company** and the **Insured Persons** agree to use their best efforts to reach a proper allocation of such amounts.

*Id.* at 9.

22. The Policy contains other exclusions which may be applicable.

### C. Origin of the Dispute

23. In the course of the underlying action, counsel requested that Progressive pay defense costs, any settlements, and any judgment which might be entered.

24. After entry of the judgment, Peoples demanded that Progressive pay its policy limits as a means of attempting satisfaction of the judgment.

25. On the very same day the judgment was entered, Plaintiffs filed a garnishment in the Barbour County Circuit Court pursuant to Alabama Code §27-23-2 (1975). Section 27-23-2 provides certain judgment creditors with the ability to garnish funds directly from insurers in cases involving bodily injury, death, or property damage.

26. The claims asserted by Leveson and Harris, upon which the Barbour County Circuit Court eventually entered judgment, are not covered under the terms of the Policy. Among other things, the acts for which the defendants in this action seek coverage are not covered under the Policy because:

   a. Punitive damages are not within the definition of loss under the terms of the Policy;

   b. The Policy excludes mental anguish, defamation, and other claims under the bodily injury and property damage exclusion;

   c. Payment for fraudulent acts is excluded under the terms of the Policy; and

        d. Even if payments were appropriate under the Policy, those payments are excess to, and only paid after all available payments are received from, other insurance, among other sources.

27. Other exclusions may exist under the Policy, and Progressive does not intend to waive any available exclusions by listing specific ones throughout this Complaint.

28. This Policy is a D&O policy, that provided certain coverage only to individuals not the bank.

29. Pursuant to the Allocation Clause of the Policy, covered losses, if there are any and uncovered losses must be properly allocated between the insurer, insured persons, company and other parties.

30. The garnishment itself is legally defective in that:

    a. The statute does not apply to this Policy;

    b. Even if the statute applied, the Policy does not insure "for loss or damage on account of bodily injury, or death or for loss or damage to property" as contemplated by the statute; and

    c. Even if (a) and (b) did not preclude this matter, Plaintiff's purported garnishment is subject to dismissal because it was filed prior to the time allowed by statute.

ALA. CODE §§ 27-23-1 and -2 (1975).

### Count One - Declaratory Judgment

31. Progressive adopts and incorporates by reference paragraphs 1-30.

32. Progressive's Policy does not provide coverage for the claims asserted in the underlying action.

33. Progressive alleges that there exists a justiciable controversy regarding its rights and duties under its Policy to provide coverage to Pitchford and Gulledge and Peoples, by indemnity, for the claims asserted in the underlying action by Leveson and Harris

WHEREFORE, premises considered, Progressive requests:

(1) That this Court take jurisdiction of this cause;

(2) That this Court find that this is a proper cause for an action of Declaratory Judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status, and liabilities;

(3) That the process of this Court be issued to each of the Defendants as provided by law and the rules of this Court and that they be required to plead or answer this complaint for Declaratory Judgment within the time required by law;

(4) That upon a final hearing of this cause, this Honorable Court will declare the rights, duties, status and legal relations of Progressive and all the Defendants under the Policy issued by Progressive;

(5) That upon a final hearing on this cause, this Honorable Court will order that no coverage is afforded to any persons or parties under the Policy issued by Progressive for the reasons set forth in the Complaint; and

(6) Progressive requests such other, further, and different relief to which it may be entitled, offers to do equity, and further requests that, if it be mistaken and any special relief sought is denied, then it requests such other, further, or more general relief to which it may be entitled.

Respectfully submitted,

*[signature]*

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com

Thomas R. Elliott, Jr. (ELL021)
LONDON, YANCEY, & ELLIOTT, L.L.C.
2001 Park Place, Suite 430
Birmingham, Alabama 35203
Telephone: (205) 380-3600
Facsimile: (205) 251-8929
Email: telliott@lyelaw.com

Scott B. Smith (SMI219)
Bradley Arant Rose & White LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
Email: ssmith@bradleyarant.com

Hall Eady (EAD006)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: heady@bradleyarant.com

Attorneys for Progressive Casualty Insurance C

**SERVE DEFENDANTS VIA CERTIFIED MAIL, RETURN** [text cut off] **FOLLOWS:**

Peoples Community Bank, Inc.
c/o Registered Agent
109 E. Church Street
Columbia, AL 36219

Larry Pitchford
109 E. Church Street
Columbia, AL 36219

Jerry Gulledge
117 Collins Street
Eufaula, AL 36027-6050

Harris Leveson
151 Warren Road
Midway, AL 36053-4114

Harris Pest and Termite Control, Inc.
151 Warren Road
Midway, AL 36053