IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY JACKSON AND LATESIA JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, LARRY PITCHFORD, et. al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 2:06cv21-T<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT PEOPLESSOUTH BANCSHARES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

**COMES NOW** defendant PeoplesSouth Bancshares, Inc. ("Defendant"), by and through its counsel of record, and hereby responds to Plaintiffs Johnny and Latesia Jackson's ("Plaintiffs") Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that Plaintiffs have been damaged by the Defendant and demands strict proof thereof.

### THIRD DEFENSE

Any losses or damages are not the proximate result of any act or omission by Defendant.

1422372

EXHIBIT 1

## FOURTH DEFENSE

Plaintiffs have not been induced to act or not to act because of any suppression or concealment by Defendant.

## FIFTH DEFENSE

No action by the Defendant was the actual or proximate cause of injury to Plaintiffs.

## SIXTH DEFENSE

Any loss or damages is the result of acts or omissions of third parties for which Defendant is not responsible.

## SEVENTH DEFENSE

Defendant avers the affirmative defenses of Estoppel, Waiver, Laches, Accord & Satisfaction, Mistake, Justification, Venue, Statute of Limitations and Statute of Frauds. Defendant further avers the Plaintiffs had an affirmative duty to mitigate their damages but failed to do so.

## EIGHTH DEFENSE

Plaintiffs' claims should be barred, or at least reduced, by the doctrines of set-off and recoupment.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification, consent, acquiescence, and unclean hands.

## TENTH DEFENSE

The Defendant has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by the Plaintiffs are, therefore, preempted under state and federal law, or either of them.

### ELEVENTH DEFENSE

Plaintiffs' alleged losses are subject to and barred by all of the terms and conditions of the agreements made the basis of this lawsuit. Alternatively, Plaintiff's claims are barred by the doctrines of integration and merger.

### TWELFTH DEFENSE

The Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### THIRTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

### FOURTEENTH DEFENSE

Any reliance by the Plaintiffs was unreasonable.

### FIFTEENTH DEFENSE

Defendant has neither suppressed nor concealed any material fact from Plaintiffs.

### SIXTEENTH DEFENSE

Defendant avers that Plaintiffs lack standing to assert their claims and/or are not the real parties in interest.

### SEVENTEENTH DEFENSE

Defendant did not breach any duty or obligation allegedly owed to Plaintiffs.

### EIGHTEENTH DEFENSE

Defendant or anyone acting with its consent or ratification did not form a fiduciary relationship with Plaintiffs and Defendant has no fiduciary duty to Plaintiffs.

### NINETEENTH DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20.

### TWENTIETH DEFENSE

Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

### TWENTY-FIRST DEFENSE

Plaintiffs' claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.  It is a violation of Article I, § § 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon the Plaintiffs' satisfaction of a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of the Defendant's due process rights guaranteed by the Alabama Constitution.

c.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendant of due process of law in violation of the Alabama Constitution.

d.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendant of due process of law in violation of the Alabama Constitution.

e.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.  The procedures pursuant to which punitive damages are awarded cause the Defendant to be treated differently from other similarly situated persons/entities by subjecting the Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.  The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies the Defendant its rights of equal protection and due process.

h.  The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of the Defendant's due process rights.

i.  The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

j.  It is a violation of the Alabama Constitution to impose punitive damages against the Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

1422372

5

k.  The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

l.  The procedures pursuant to which punitive damages are awarded expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

m.  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.  Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate the Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.  Plaintiffs' claim for punitive damages against the Defendant cannot be sustained because any award of punitive damages under Alabama law would violate

1422372

6

the Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### TWENTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred to the extent that Plaintiffs seek the admission into evidence of the Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

### TWENTY-THIRD DEFENSE

Defendant denies that it has been guilty of any conduct which entitles Plaintiffs to recover punitive damages.

### TWENTY-FOURTH DEFENSE

The claim of Plaintiffs for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claim of Plaintiffs for punitive damages cannot be upheld, because an award of

punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless the Defendants are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

### TWENTY-SIXTH DEFENSE

The claim of Plaintiffs for punitive damages against Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-SEVENTH DEFENSE

The claim of Plaintiffs for punitive damages against Defendant cannot be upheld to the extent it is in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling in the case of BMW v. Gore, 116 S. Ct. 1589 (1996).

1422372

8

## TWENTY-NINTH DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), determined that certain laws governing the right to recover damages punitive in nature or the determination of the amount of damages punitive in nature violate a Defendant's rights provided by the United States Constitution.

## THIRTIETH DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it seeks to punish, influence or change Defendant's policies or practices nationwide rather than Defendant's policies or practices that occurred in this state.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it considers profits, if any, earned by Defendant other than profits earned in this state which relate to the alleged wrongful conduct at issue.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld under BMW v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that Defendant will more fully comply with this state's laws in the future.

1422372                                    9

### THIRTY-THIRD DEFENSE

The Defendant avers that punitive damages would serve no purpose for which punitive damages are awarded in Alabama.

### THIRTY-FOURTH DEFENSE

The United States Constitution does not establish a right to jury trial for punitive damages. See Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2001). Any claim for a jury trial on punitive damages is due to be stricken.

### THIRTY-FIFTH DEFENSE

Now having asserted its defenses, Defendant answers Plaintiffs' Complaint as follows:

### COMPLAINT

1.  Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 and, therefore, Defendant denies them and demands strict proof thereof.

2.  Defendant admits that it is a Georgia corporation. Defendant admits that it has done business in Barbour County, Alabama. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 2 and, therefore, denies them and demands strict proof thereof.

3.  Defendant admits the allegations of paragraph 3.

4.  Plaintiffs' Complaint omitted paragraph 4.

5.  Plaintiffs' Complaint omitted paragraph 5.

6.  Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 and, therefore, Defendant denies them and demands strict proof thereof.

7. Defendant admits that Plaintiffs had various loans with Defendant that are governed by the terms of those agreements. Defendant denies the remaining allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

9. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.[1]

9. Defendant denies the allegations of paragraph 9 and demands strict proof thereof.[2]

10. Defendant denies the allegations of paragraph 10 and demands strict proof thereof.

## COUNT I
## NEGLIGENCE/WANTONNESS/WILLFULLNESS

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

---

[1] Plaintiffs' Complaint contains two paragraphs marked as #9.

[2] Plaintiffs' Complaint contains two paragraphs marked as #9.

1422372      11

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7, including all subsections, and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT II

## FRAUD/MISREPRESENTATION

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of the Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2, including all subsections, and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT III

## FRAUD/SUPPRESSION

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT IV

### DECEIT

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT V

## BREACH OF CONTRACT

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

2. Defendant admits that plaintiffs had various loans with Defendant that are governed by the terms of those agreement. Defendant denies the remaining allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT VI

## BREACH OF FIDUCIARY DUTIES

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## **COUNT VII**

## **CONVERSION**

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant is without sufficient information to admit or deny the allegations of paragraph 4 and, therefore, denies them and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant is without sufficient information to admit or deny the allegations of paragraph 6 and, therefore, denies them and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations of paragraph 8 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT VIII

## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations of paragraph 6 and demands strict proof thereof.

7. Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

## COUNT IX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE

1. In response to paragraph 1, Defendant adopts and incorporates each of its responses to all previous paragraphs of Plaintiffs' Complaint as if fully set forth herein.

2. Defendant denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant denies the allegations of paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of paragraph 4 and demands strict proof thereof.

In response to Plaintiffs' "WHEREFORE" paragraph, Defendant denies that Plaintiffs are entitled to a judgment in their favor of any award of compensatory or punitive damages, costs, or any other relief.

Defendant further reserves the right to assert additional defenses as discovery progresses in this case. To the extent any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

_____
Ricky J. McKinney (MCK030)
Gary L. Howard (HOW044)
Christian W. Hancock (WAT070)
William J. Long (LON044)

Attorneys for Defendant,
PeoplesSouth Bancshares, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
3100 Wachovia Tower
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in the United States Mail, postage prepaid and properly addressed this 9th day of January, 2006.

George M. Zarzaur, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

_____
OF COUNSEL

1422372