**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOHNNY JACKSON and LATESIA JACKSON,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION NO. 2:06-CV-00021-WKW-VPM** |
| **PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK, et al.,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

---

**PEOPLESSOUTH BANK'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
OR, IN THE ALTERNATIVE, MOTION TO AMEND NOTICE OF REMOVAL**

---

**COMES NOW** the defendant, PeoplesSouth Bank f/k/a Peoples Community Bank ("PeoplesSouth"), by and through its undersigned counsel, and hereby submits its Opposition to plaintiffs' Motion to Remand or in the alternative, Motion to Amend Notice of Removal.  As grounds therefor, PeoplesSouth states the following:

## I. STATEMENT OF THE CASE

Plaintiffs filed the Complaint in this case on December 6, 2005 in the Circuit Court of  Barbour County, Alabama.  (Exh. A to Doc. No. 1).  Named as defendants were PeoplesSouth, Larry Pitchford ("Pitchford"), and various fictitious defendants.  Defendant PeoplesSouth is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia.  Pitchford is an Alabama resident.   Federal courts do not recognize fictitious party pleading and therefore, the citizenship of fictitious defendants must be disregarded for removal purposes.

1434047

For the reasons set forth herein and in PeoplesSouth's Notice of Removal, plaintiffs fail to state a viable cause of action in their Complaint against resident defendant Pitchford.  Therefore, PeoplesSouth filed a Notice of Removal with this Court on January 9, 2006 on grounds of diversity, asserting that resident defendant Pitchford was improperly and fraudulently joined.  (Doc. No. 1).  Plaintiffs filed their Motion to Remand on February 2, 2006.  (Doc. No. 14).  It is to this motion that PeoplesSouth now responds.

## II. <u>STATEMENT REGARDING DEFENDANT'S CORPORATE HISTORY</u>

In their Motion to Remand, plaintiffs assert that PeoplesSouth Bank and Peoples Community Bank are two (2) separate and independent companies and that each entity's citizenship should have been specifically pled in the Notice of Removal.  (Doc. No. 14, p. 7 & n.2).  However, plaintiffs are mistaken as only one corporate entity, PeoplesSouth Bank, exists and is at issue in this case.

Prior to 2004, three (3) different corporations existed in Georgia, Florida, and Alabama: Peoples Community Bank, Colquitt, Georgia; Peoples Community Bank, Columbia, Alabama; and PCB, The Community Bank, Malone, Florida.  (Ga. Art. of Merger, Exh. A-9).  The three (3) corporations entered into Articles of Merger on August 20, 2004, agreeing that the Alabama Bank and the Florida Bank would merge with and into Peoples Community Bank, Colquitt, Georgia.  (<u>Id.</u>).  The Georgia Secretary of State's office issued a Certificate of Merger effective April 13, 2005.  (Ga. Cert. of Merger, Exh. A-7).  The Florida Secretary of State's office also reflects the merger.  (Fla. Docs, Exh. B).  The Alabama Bank subsequently filed its Withdrawal and Rescission of Alabama Bank Charter on May 4, 2005.  (Attach. 3 to Doc. No. 15).

The merged entity, Peoples Community Bank, Colquitt, Georgia, first changed its name to PCB, The Community Bank, and then simultaneously changed it to PeoplesSouth Bank. (See Ga. Art. of Merger, ¶2, Exh. A-9; Ga. Approval of Art. of Amendment of Art. of Incorp., Exh. A-3; Cert. of Name Change, Exh. A-2). Therefore, only one (1) entity remains--PeoplesSouth Bank--which is a Georgia corporation with its principal place of business in Georgia. (Ga. Art. of Merger, Exh. A-9).

### III. FRAUDULENT JOINDER STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed…to the district court of the United States for the district and division embracing the place where such action is pending." The removal statutes grant "a **right** to a federal forum to a limited class of state-court defendants." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (emphasis added). In diversity cases, "removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." 16 MOORE'S FEDERAL PRACTICE, supra, at pp. 107-20.4-21. The doctrine of fraudulent joinder "had its inception in the courts to protect nonresident defendants from any misstatement of fact." Bobby Jones Garden Apts., Inc. v. Suleski, 391 F.2d 172, 176 n.8 (5th Cir. 1968).

The removing party has the burden of demonstrating that the nondiverse defendant was fraudulently joined to defeat diversity jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The removing party carries its burden by demonstrating that either: (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (nondiverse) defendant"; or (2) "there is outright fraud in the

plaintiff's pleading of jurisdictional facts." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). The federal court "makes these determinations based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). This case involves the first inquiry. If the nondiverse defendant Pitchford was fraudulently joined in this case, then his Alabama citizenship must be ignored for purposes of diversity jurisdiction. See generally B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981).

A " **'mere theoretical possibility of recovery** under state law -- no matter how remote or fanciful' " -- does not suffice to preclude removal. Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis added) (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000)). Instead, there must be " ' "a **reasonable basis** for predicting that the state law might impose liability on the facts involved." ' " Crowe, 113 F.3d at 1542 (emphasis added) (quoting B., Inc., 663 F.2d at 550 (quoting in turn Bobby Jones Garden Apts., Inc., 391 F.2d at 177); see also Legg v. Wyeth, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) ("The potential for legal liability must be reasonable, not merely theoretical.").

We show below that PeoplesSouth's Notice of Removal did not contain fatal procedural defects and that resident defendant Pitchford was, in fact, fraudulently joined. There is simply "no possibility" that an Alabama state court would impose liability on him based on the facts alleged in the complaint. Cabalceta, 883 F.2d at 1561.

1434047

4

# IV. <u>ARGUMENT</u>

### A.    <u>The Notice Of Removal's Does Not Contain Any "Fatal" Procedural Defects.</u>

#### 1.    **PeoplesSouth should be allowed to correct the inadvertent reference to PeoplesSouth Bankshares.**

The first basis of plaintiffs' Motion to Remand is that the "removing entity, PeoplesSouth Bancshares, Inc. is not a defendant." (Doc. No. 14, p. 5). However, the removing entity was actually PeoplesSouth and the reference to PeoplesSouth Bancshares, Inc. in the Notice of Removal was simply a mistake. PeoplesSouth is the only valid defendant in this case, it was the entity that filed the Notice of Removal, and all references to "PeoplesSouth" in the Notice of Removal were intended to refer to PeoplesSouth Bank f/k/a Peoples Community Bank.

Defendant respectfully asks the Court to allow it to correct the error in referring to PeoplesSouth Bankshares in its otherwise correct Notice of Removal. Federal courts possess the power to allow such corrections in regard to notices of removal. <u>See Daniels v. American Service Group, Inc.</u>, 2005 WL 2614667 *1 (M.D. Fla. Oct. 14, 2005) (removing defendant allowed to correct unintentional error in omitting paragraph from Notice of Removal which stated that there was unanimity of consent among the Defendants to remove this case and denied plaintiffs' motion to remand). In the alternative, defendant requests that it be allowed to amend its Notice of Removal, as allowed by 28 U.S.C. § 1653. <u>See Sheinberg v. Princess Cruise Lines, Ltd.</u>, 269 F. Supp. 2d 1349, 1352 n.4 (S.D. Fla. 2003) ("The Court does not specifically grant Defendants' Verified Motion to Correct Scrivener's Error. As Plaintiffs point out, the Notice of Removal used the term "Defendant" and only referred to Princess Cruise

Lines. Rather, the Court grants the relief requested as an attempt to amend the Notice of Removal pursuant to 28 U.S.C. § 1653).

### 2. Defendant PeoplesSouth properly set forth its Georgia citizenship.

Plaintiffs incorrectly assert that Peoples Community Bank "is still an Alabama corporation" and that PeoplesSouth and Peoples Community Bank are two (2) separate and distinct entities. (Doc. No. 14, pp. 3, 7 & n.2). However, as explained above, Peoples Community merged with and into PeoplesSouth Bank in August 2004 and the Certificate of Merger was filed with the Georgia Secretary of State in April 2005. (Ga. Art. of Merger, Exh. A-9; Ga. Cert. of Merger, Exh. A-7).[1] As further evidence of the merger into the Georgia bank, Peoples Community Bank even withdrew and rescinded its Alabama Bank Charter on May 4, 2005. (Attach. No. 3 to Doc. No. 15).[2]

Under federal law, "if two corporations merge, the citizenship of the surviving company is controlling for diversity purposes." 13B FED. PRAC. & PROC. JURIS. 2d § 3624; see Bell v. American Gen. Fin., Inc., 267 F. Supp. 2d 582 (S.D. Miss. 2003) (lender who merged with a Delaware corporation with its principal place of business in Indiana prior to the date a complaint was filed against it was not a citizen of Mississippi

---

[1] Defendant also notes that it filed its Certificate of Merger with the Alabama Secretary of State's office on February 23, 2006. (Ala. Cert. of Merger, Exh. C). Because Peoples Community Bank transferred all its assets to PeoplesSouth and PeoplesSouth has agreed to be liable for the debts and liabilities of Peoples Community Bank, the Court should, at the very least, consider the prior transaction to be a de facto merger of the companies.

[2] Plaintiffs' allegations that PeoplesSouth Bank is not qualified to do business in Alabama is merely a red-herring, as this issue does not go to the jurisdictional question before the Court. Furthermore, PeoplesSouth Bank filed its Application for Certificate of Authority of a Foreign Corporation to Transact Business in Alabama with the Alabama Secretary of State's office on February 23, 2006. (Certificate, Exh. D).

even though it was a Mississippi corporation at the time it made the disputed loan); Cottrell v. Bendix Corp., 1990 WL 142360 *2 (6th Cir. Sept. 28, 1990) ("The corporate citizenship of the surviving corporation, Allied-Signal, is the relevant citizenship for diversity purposes as of the time the suit was filed. We hold, therefore, that the district court had subject matter jurisdiction). Here, the Court should look only to the citizenship of the surviving entity of the merger, PeoplesSouth. Consequently, there was no need to separately plead and prove the citizenship of Peoples Community Bank in the Notice of Removal.

PeoplesSouth properly pled its citizenship in the Notice of Removal, which stated that "Defendant PeoplesSouth is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia." (Doc. No. 1, ¶6). See Lamm v. Bekins Van Lines Co., 139 F. Supp. 2d 1300, 1314 (M.D. Ala. 2001) ("notice of removal must distinctly and affirmatively allege each party's citizenship") (cited by plaintiffs). Defendant PeoplesSouth is the only surviving entity of the merger and it is a Georgia corporation whose citizenship was properly pled in the Notice of Removal. Therefore, complete diversity exists between defendant and plaintiffs.

## B.    The Common Defense Doctrine Has No Application To This Case.

Plaintiffs rely upon the Fifth Circuit Court of Appeals' decision in Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005) for the theory that "[f]raudulent joinder cannot be based on an affirmative defense [i.e., statute of limitations] applicable to all defendants." (Doc. No. 14, pp. 6, 9). However, the "common defense" doctrine, as it was termed in Smallwood, has no application to this case and does not defeat defendant's proper removal. In Smallwood,

the court addressed a "narrow" question regarding "diversity jurisdiction in federal courts and the application of the doctrine of 'improper joinder.' " 385 F.3d at 571. The majority held that, "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant **equally** disposes of **all** defendants, there is no improper joinder of the in-state defendant." Id. (emphasis added). The court's holding in Smallwood applies "**only** in that **limited** range of cases where the allegation of improper joinder rests **only** on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is **equally dispositive** of all defendants." Id. (emphasis added).

The Fifth Circuit has subsequently addressed cases such as this one and held that removal was proper. In Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004), the court held that any independent claims asserted against the out-of-state defendant "would mean that the statute of limitations that disposes of all **claims** against the in-state defendants would **not** constitute a 'common defense.' That in turn would preclude remand under the rule of Smallwood." 391 F.3d at 638 (emphasis added). Thus, if "the time bar defense is **not** dispositive of **every claim** against **every** defendant, [the court] should continue to deny remand and proceed with the proper disposition of the case." Id. at 638-39 (emphasis added).

In this case, plaintiffs assert at least one claim, for negligent hiring, retention, and supervision, against PeoplesSouth that is **not** asserted against resident defendant

Pitchford. (Exh. A to Doc. No. 1, pp. 26-27).[3] Consequently, <u>Smallwood</u> does not apply here because the limitations showing made as to the resident defendant does not compel dismissal of **all** claims against **all** diverse defendants. <u>See</u> <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382, 391 (5th Cir. 2005) (affirming order denying plaintiffs' motion to remand and affirming order granting defendants' motion for summary judgment) (emphasis added). Plaintiff's negligent hiring, retention, and supervision claim asserted against PeoplesSouth is "analytically distinct from" and "in addition to" the other claims asserted against Pitchford. <u>Id.</u> at 392. Although "both the nondiverse and diverse [defendants] successfully asserted a defense based on the same residual statute of limitations, this [is] not a 'common defense' in the particularized sense meant by <u>Smallwood</u>." <u>Id.</u>[4] Plaintiff's assertion of this independent claim against PeoplesSouth "mean[s] that the statute of limitations that disposes of all claims against the in-state defendant[] [does] **not** constitute a 'common defense.' " <u>Rainwater v. Lamar Life Ins. Co.</u>, 391 F.3d at 638 (emphasis added). The assertion of this independent claim "preclude[s] remand under the rule of <u>Smallwood</u>." <u>Id.</u>

## C. <u>Plaintiffs Fail To State A Claim Against Resident Defendant Pitchford.</u>

As defendant noted in its Notice of Removal, plaintiffs specifically assert only three claims against Pitchford: (1) negligence/wantonness/willfulness, (2) breach of fiduciary duty, and (3) conversion. (Exh. A to Doc. No. 1, pp. 6-9, 21-26). Plaintiffs'

---

[3] By stating that seven of the nine counts of the Complaint are asserted against Pitchford, plaintiffs concede that they assert **two** claims against PeoplesSouth that are not alleged against Pitchford. (Mot. to Remand, p. 2, Doc. No. 14).

[4] <u>Compare</u> <u>Chesapeake & O.R. Co. v. Cockrell</u>, 232 U.S. 146, 153 (1914) (remanding case where "no negligent act or omission personal to the railway company has been charged") (emphasis added).

remaining claims are vaguely plead against "defendants".  Plaintiffs' Motion to Remand fails to shed much light on their specific claims against Pitchford other than to claim that seven of the nine counts of the Complaint are asserted against him, even though plaintiffs don't identify these seven claims.  (Doc. No. 14, p. 2).  In fact, plaintiffs' Motion to Remand only addresses their fraudulent misrepresentation and suppression claims against Pitchford.  (Id. at 13-14).

### 1.    Plaintiffs cannot prove damages to support the fraudulent suppression claim alleged against Pitchford.

The only specific allegation against Pitchford in the Complaint is the assertion that PeoplesSouth "at the instruction of Pitchford added $1,600 to the Plaintiffs['] loan to cover an overdraft that the Defendants [PeoplesSouth] had created when its agent and/or employee Kevin Potthoff withdrew money from the Plaintiffs' checking account." (Exh. A to Doc. No. 1, p. 5).  In their Motion to Remand, plaintiffs baldly claim that these allegations alone are "sufficient to establish a 'colorable' cause of action under Alabama law."  (Doc. No. 14, p. 13).  However, plaintiffs completely fail to address the affidavit submitted with the Notice of Removal that establishes that any and all charges that were incurred by plaintiffs as a result of the transaction at issue were refunded by the bank in August 2003.  (Doc. No. 1, ¶¶16-17; Exh. B to Doc. No. 1).  Therefore, by August 19, 2003, plaintiffs' account was restored to the same state it had previously enjoyed and plaintiffs incurred no damages or injury as a result of Pitchford's actions. Without the ability to prove the essential element of damages, Plaintiffs fail to state any claims against Pitchford.  See Caldwell v. Freedom Life Ins. Co. of America, 732 So. 2d 1017, 1018-19 (Ala. Civ. App. 1999) (summary judgment granted in defendants' favor

on plaintiff's claim, including those for fraudulent misrepresentation and suppression, because plaintiff had suffered no damages).

### 2. Plaintiffs fail to properly invoke the tolling provision of Alabama Code § 6-2-3.

The only other substantive argument put forth by plaintiffs in their Motion to Remand is that their claims fall under the "savings" or "tolling" provision of Alabama Code § 6-2-3. (Doc. No. 14, p. 14). Plaintiffs rely on the tolling provision because they should have discovered any alleged fraud, at the latest, in August 2003, when their mortgage was closed. (See Doc. No. 1, ¶¶ 24-27). Here, plaintiffs' fraud-based claims are barred by the statute of limitations because they failed to adequately invoke tolling in their Complaint.

Under § 6-2-3, the plaintiff has the burden of pleading and proving that the statute of limitations was tolled. Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1043 (11th Cir. 1986) (applying Alabama law); Parsons Steel, Inc. v. Beasley, 522 So. 2d 253, 256 (Ala. 1988). The plaintiffs in this case completely failed to meet their burden. The Alabama courts have long held that in order to toll the statute of limitations under § 6-2-3 the plaintiff has a two-fold obligation. First, he or she must plead with specificity and prove that the defendant engaged in some **affirmative** act **after** the cause of action accrued which was designed to conceal and which did conceal the claim or injury. See, e.g., Smith v. National Sec. Ins. Co., 860 So. 2d 343, 346-47 (Ala. 2003); Parsons Steel, Inc., 522 So. 2d at 256; Lowe v. East End Mem. Hosp. & Health Centers, 477 So. 2d 339, 340-42 (Ala. 1985); Miller v. Mobile County Bd. of Health, 409 So. 2d 420, 422 (Ala. 1981).

Under § 6-2-3, the two-year limitations period is not tolled, i.e., extended beyond two years, unless there is "a **fraudulent concealment** of the existence of a cause of action." Tonsmeire v. Tonsmeire, 233 So. 2d 465, 467 (Ala. 1970) (emphasis added). And fraudulent concealment sufficient to toll the statute of limitations requires that fraud "has intervened to prevent discovery of the wrongful act upon which the action is based." Hudson v. Moore, 194 So. at 150. Otherwise, the plaintiff would have an open-ended, perpetual cause of action.

In addition to the requirement of pleading and proving that the defendant "concealed the cause of action or injury," § 6-2-3 requires the plaintiff to plead with specificity and prove what prevented him or her from discovering the facts underlying her claims before the bar of the statute became complete. Smith, 860 So. 2d at 347; Lowe, 477 So. 2d at 342; Miller, 409 So. 2d at 422; Russell v. Maxwell, 387 So. 2d 156, 159 (Ala. 1980). The plaintiff must plead and prove **both** of these requirements in order for the statute of limitations to be tolled. Smith, 860 So. 2d at 347; Miller, 409 So. 2d at 422. Here, plaintiffs' Complaint fails to allege any of the facts or circumstances by which the defendants concealed the cause of action or injury, and fails to allege what **prevented** plaintiffs from discovering the alleged fraud. Therefore, plaintiffs failed to sufficiently invoke tolling and their claims are barred by the two year statute of limitations for fraud.

### 3. Plaintiffs concede that their other claims against Pitchford fail to state a cause of action.

Other than their brief arguments related to the fraudulent misrepresentation and suppression claims, plaintiffs' Motion to Remand fails to mention the other various claims asserted against Pitchford. (Doc. No. 14). Defendant, therefore, presumes that

plaintiffs concede that these claims against Pitchford fail as a matter of law. However, as a precaution, defendant again establishes that the remaining claims fail to state a cause of action against Pitchford under Alabama law.

Plaintiffs' negligence/wantonness/willfulness claim against Pitchford is barred by the statute of limitations because the account transactions at issue occurred in August 2003 and plaintiffs' Complaint was filed more than two (2) years later, on December 6, 2005. "Alabama has no 'discovery rule' with respect to negligence or wantonness actions that would toll the running of the limitations period." <u>Williams v. Norwest Financial Alabama, Inc.</u>, 723 So. 2d 97, 104 (Ala. Civ. App. 1998). Plaintiffs also fail to state a claim for negligence/wantonness/willfulness against Pitchford because they cannot establish the essential element of damages. <u>See</u> <u>Franklin v. City of Athens</u>, --- So. 2d ----, 2005 WL 1532313 *2 (Ala. Civ. App. 2005).

Plaintiffs' breach of fiduciary duty claim against Pitchford arose in August 2003 when the charge was inadvertently placed on their account. (Exh. A to Doc. No. 1, p. 5; Exh. B to Doc. No. 1, ¶ 8). Because this event occurred more than two years before the Complaint was filed, the breach of fiduciary duty claim is barred by the statute of limitations. <u>See</u> <u>Hensley v. Poole</u>, 910 So. 2d 96 (Ala. 2005); ALA. CODE § 6-2-38(l). Moreover, "[g]enerally the relationship of a lender to a borrower does not impose a fiduciary duty on the lender", and the rule "also applies to the relationship between a mortgagee and mortgagor." <u>Atkins v. GE Capital Mortgage Services, Inc.</u>, 993 F. Supp. 1406, 1419 (M.D. Ala. 1998) (citation omitted). Plaintiffs allege no facts giving rise to a fiduciary relationship between themselves and Pitchford. In fact, Plaintiffs allege that "they did not meet with anyone other than Kevin Potthoff." (Exh. A to Doc. No. 1, ¶ 8).

Accordingly, plaintiffs do not assert a colorable claim for breach of fiduciary duty against Pitchford.

Plaintiffs' conversion claim against Pitchford fails because they suffered no damages. Furthermore, "[g]enerally, an action will not lie for the conversion of cash." Covington v. Exxon Co., U.S.A., 551 So. 2d 935, 938 (Ala. 1989). Specifically, a plaintiff cannot assert a conversion claim for commingled cash as a matter of law. SouthTrust Bank v. Donely, -- So. 2d --, 2005 WL 1655003, *3 (Ala. Jul. 15, 2005). Plaintiffs cannot establish the essential elements of conversion because no funds were actually "converted". Finally, plaintiffs fail to state a conversion claim against Pitchford because that claim is barred by the two year statute of limitations. See ALA. CODE § 6-2-38(n); Crowe v. City of Athens, 733 So. 2d 447, 452 (Ala. Civ. App. 1999).

Plaintiffs' breach of contract claim, to the extent that such a claim is asserted against Pitchford, is groundless. The only contract at issue in this case is plaintiffs' mortgage, which was entered into between PeoplesSouth and plaintiffs. (Exh. C to Doc. No. 1). As that document evidences, Pitchford is not a party to the mortgage. (Id.). A valid breach of contract claim requires: "(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. Compass Bank v. Snow, 823 So. 2d 667, 676 (Ala. 2001). Because plaintiffs fail to allege that a "valid contract binding" Pitchford ever existed, they fail to state a colorable claim for breach of contract against him.

Plaintiffs also allege that PeoplesSouth and the fictitious defendants "negligently, wantonly and or willfully hired and retained its agents, employees, servants, and/or contractors, including but not limited to…Pitchford…." (Exh. A to Doc. No. 1, p. 26).

Therefore, the Complaint evidences that the negligent hiring, retention, and supervision claim is not applicable to Pitchford, as a defendant.  To the extent that said claim is applicable to Pitchford, that claim would be barred by the applicable two year statute of limitations for the reasons stated more fully above.  ALA. CODE § 6-2-38(l).

Finally, plaintiffs fail to state a claim for intentional infliction of emotional distress/outrage against Pitchford because they do not allege that Pitchford acted intentionally or recklessly towards them, that his conduct in his role as the bank's president was "extreme and outrageous", or that plaintiffs suffered "extreme" emotional distress.  Harrelson v. R.J., 882 So. 2d 317, 322 (Ala. 2003).[5]  Even accepting all of plaintiffs' claims as true, Pitchford's conduct did not exceed the "possible bounds of decency" and was certainly not "atrocious and utterly intolerable in a civilized society."  Travelers Indem. Co. of Illinois v. Griner, 809 So. 2d 808, 810 (Ala. 2001).  Furthermore, this claim is also barred by the two year statute of limitations because the only allegations asserted in the Complaint regarding Pitchford occurred in August 2003.  See Archie v. Enterprise Hosp. and Nursing Home, 508 So. 2d 693, 696 (Ala. 1987).  For each of these reasons, plaintiffs fail to state a claim against Pitchford for outrage.

---

[5] Plaintiffs' claims in this case simply do not meet the stringent requirements under Alabama law for a claim of outrage.  The Alabama Supreme Court has allowed outrage claims only in three limited circumstances: "cases having to do with wrongful conduct in the context of family burials; cases where insurance agents employed heavy-handed, barbaric means to coerce a settlement; and cases involving egregious sexual harassment." Carter v. Harris, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999) (citing Thomas v. BSE Indus. Contractors, Inc., 624 So. 2d 1041, 1044 (Ala. 1993)); see also Potts v. Hayes, 771 So. 2d 462, 465 (Ala. 2000). The claims asserted by plaintiffs certainly do not fall into any of these three limited categories.  See American Road Serv. Co. v. Inmon, 394 So. 2d 361, 365 (Ala. 1980).

D.    <u>**No Fees Or Costs Should Be Awarded To Plaintiffs.**</u>

Plaintiffs have requested costs and fees if this case is remanded.  (Doc. No. 14, pp. 15-16).  The basis of plaintiffs' request is that (1) "Peoples Community Bank was incorporated in Alabama, making it a citizen of Alabama" and (2) the  "case was removed by an entity who is not a Defendant."  (<u>Id.</u> at 16).  However, as explained in detail above, the removing defendant **was** PeoplesSouth and the reference to PeoplesSouth Bancshares was a correctable error.  Furthermore, Peoples Community Bank merged with and into its Georgia sister company in 2004 and is now PeoplesSouth, a Georgia corporation with its principal place of business in Georgia.  Therefore, defendant did have a reasonable belief that diversity of citizenship exists in this case and its removal of this case to federal court was "objectively valid and reasonable."  <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1322 (11th Cir. 2005) (reversing award of costs and fees against removing defendant).  This is not the case of an "improvident removal" and plaintiffs' request for costs and fees is due to be denied.  <u>Id.</u>

**V. <u>CONCLUSION</u>**

For the reasons stated more fully herein, plaintiffs' Motion to Remand is due to be denied.  PeoplesSouth should be allowed to correct the inadvertent reference to PeoplesSouth Bancshares, Inc. in its Notice of Removal.  <u>See</u> <u>Daniels</u>, 2005 WL 2614667 at *1; 28 U.S.C. § 1653.  The only proper defendant in this case is PeoplesSouth Bank, a Georgia corporation with its principal place of business in Georgia, and complete diversity exists between the parties.  Plaintiff's common defense doctrine, based on the Fifth Circuit Court of Appeals' decision in <u>Smallwood</u>, has no application to this case because Pitchford's defenses are not applicable to all claims asserted against PeoplesSouth.  The Notice of Removal was proper because plaintiffs

fail to state a claim against resident defendant Pitchford and, therefore, no award of costs and fees should be granted to plaintiffs.

s/ Gary L. Howard
Gary L. Howard (HOW044)
Ricky J. McKinney (MCK030)
Christian W. Hancock (WAT070)
William J. Long (LON044)

Attorneys for Defendants PeoplesSouth Bank and Larry Pitchford

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gregory M. Zarzaur
gz@taylorlawyers.com

E. Ted Taylor
taylorlaw9@aol.com

Leah O. Taylor
lotaylor@taylorlawyers.com

s/ Gary L. Howard
Of Counsel