IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY JACKSON and LATESIA JACKSON, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:06-CV-00021-WKW |
| PEOPLES SOUTH BANK f/k/a PEOPLES COMMUNITY BANK; LARRY PITCHFORD, et al., | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO REMAND**

COME NOW the Plaintiffs, Johnny Jackson and Latesia Jackson, and in reply to the Opposition to Plaintiffs' Motion to Remand or, in the Alternative, Motion to Amend Notice of Removal filed by Defendant PeoplesSouth Bank, state as follows:

Plaintiffs' state-court complaint was filed in this case on December 6, 2005. PeoplesSouth Bancshares, Inc., an entity who is not a defendant, removed this case on January 9, 2006, alleging diversity of citizenship as this Court's basis of jurisdiction. On February 2, 2006, Plaintiffs filed their Motion to Remand.

One of the primary grounds of Plaintiffs' Motion to Remand was that Defendant Peoples Community Bank was an Alabama corporation. Defendant

PeoplesSouth Bank argues repeatedly throughout its Opposition that Peoples Community Bank and PeoplesSouth merged and that the citizenship of the surviving corporation, PeoplesSouth, was controlling for diversity purposes. Defendant's Opposition is grossly misleading. Defendant completely ignores that under Alabama law, a corporate merger takes effect on the date of the filing of the Certificate of Merger with the Secretary of State. Ala. Code, 1975 § 10-15-4(e)(1). The Certificate of Merger of Peoples Community Bank was not filed with the Alabama Secretary of State until ***February 23, 2006*** — **after** Plaintiffs' complaint was filed, **after** the Notice of Removal was filed and **after** Plaintiffs filed their motion to remand.

The Certificate of Merger, which was attached to Defendant's Opposition to Plaintiffs' Motion to Remand, clearly establishes that until February 23, 2006, Peoples Community Bank was an Alabama corporation:

> Pursuant to the provisions of Alabama Code §§ 10-15-6(a)(3) and 10-15-4(f), the undersigned, Larry Pitchford, the President of Peoples Community Bank, ***an Alabama banking corporation***, hereby certifies that:
>
> 1. <u>Names of Merging Entities</u>. The names of the business entities that are to merge are:
>
>    a. Peoples Community Bank, ***an Alabama banking corporation***;
>
>    b. PCB, The Community Bank, a Florida banking corporation; and
>
>    c. Peoples Community Bank, a Georgia banking corporation.

    2.    <u>Formation</u>.  The parties to the merger were formed in the following public offices:

        a.    ***Peoples Community Bank, an Alabama banking corporation***, was formed under the name Bank of Columbia on October 16, 1912, by filing articles of incorporation in the Office of the Judge of Probate of Houston County, Alabama.

        \*\*\*\*\*

    6.    <u>Effective date</u>.  ***The merger will become effective upon the filing of this Certificate of Merger***.

(Exhibit C to Defendant's Opposition; Exhibit A hereto)(emphasis added).[1]

When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties both at the time the action was filed and at the time of removal. <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353 (11th Cir. 1996); <u>Audi Performance & Racing, LLC v. Kasberger</u>, 273 F.Supp.2d 1220 (M.D. Ala. 2003)(Fuller, J.).  In <u>Goff v. Michelin Tire Corp.</u>, 837 F.Supp. 1143 (M.D. Ala. 1993), Judge Albritton found that the fact that plaintiff moved <u>after</u> filing suit created

---

[1] February 23, 2006 was a busy day for Peoples Community Bank.  In addition to filing the Certificate of Merger, the surviving entity PeoplesSouth Bank had to file an application for certificate of authority to transact business in Alabama.  (Exhibit D to Defendant's Opposition; Exhibit B hereto).  PeoplesSouth Bank also had to file a resolution to "adopt a fictitious name for use in the State of Alabama."  Ironically, PeoplesSouth Bank adopted the name Peoples Community Bank for use in the State of Alabama.  (Exhibit D to Defendant's Opposition; Exhibit C hereto).

diversity of citizenship did not authorize defendants' removal of action where diversity did not exist at time complaint was originally filed. The Court stated:

> The fact that Goff is now a Florida citizen does not change the situation existing at the time this case was first filed. In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal.

837 F.Supp. at 1144.

Peoples Community Bank was an Alabama corporation at the time Plaintiffs' complaint was originally filed, at the time of removal and at the time of the filing of the motion to remand. Because Plaintiffs are Alabama citizens and Peoples Community Bank was an Alabama corporation at the relevant times, there is no diversity.

Defendant also requests that it be permitted to amend the Notice of Removal to correct the fact that the removing entity, PeoplesSouth Bancshares, Inc., was not a defendant and that the Notice of Remand failed to allege each party's citizenship. A notice of removal can be freely amended until the time for filing the petition under 28 U.S.C. § 1446(b) has expired. After the expiration of that thirty-day period, amendments can be made to correct or cure a defective allegation, but not to supply a missing allegation of jurisdiction. 28 U.S.C. § 1653. What Defendant calls a "scrivener's error" is more than that. Defendant seeks to correct their Notice of

Removal to add a missing allegation of jurisdiction. What Defendant seeks to do is clearly untimely.

Finally, no basis for fraudulent joinder exists in this case. Plaintiffs state valid claims against Defendant Larry Pitchford.[2] The issue is not whether the Plaintiffs ultimately will prevail against Defendant Pitchford. Instead, the test is whether there is any possibility that a state court could find that the Plaintiffs' Complaint states a cause of action against Larry Pitchford. Tested against that standard, Plaintiffs clearly state a valid claim, and remand is required.

Plaintiffs have stated a "colorable" cause of action for fraudulent misrepresentation or suppression of pertinent information against Defendant Larry Pitchford. Plaintiffs allege in their Complaint that Defendant Larry Pitchford fraudulently suppressed from them that he had added $1,600 to their loan to cover an overdraft that the Bank had created when a bank employee stole money from their account. These allegations are clearly sufficient to establish a "colorable" cause of action under Alabama law. See Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). Defendant contends that Plaintiffs' cannot state a fraud claim

---

[2] Defendant also contends throughout their Opposition that Plaintiffs have "conceded" certain claims against Pitchford and Peoples Community Bank. For the record, Plaintiffs have not conceded any of their claims against these Defendants.

against Pitchford because Plaintiffs have not been damaged by Pitchford's fraud. Defendant claims that Plaintiffs have not been damaged because Pitchford allegedly "fixed the fraud" by "restoring Plaintiffs' account to the same state it had previously enjoyed" before the fraud. Defendant's claim is simply a jury argument. Plaintiffs' do not agree that Pitchford restored their account and certainly do not agree that they have been made whole. Plaintiffs have been damaged by Pitchford's wrongful conduct. Plaintiffs have stated a "colorable" cause of action for fraudulent misrepresentation against Pitchford.

PeoplesSouth Bancshares also argues that Plaintiffs cannot state a cause of action against Pitchford for fraud because their claims against him time-barred. Plaintiffs argued in their motion to remand that they sufficiently alleged in their complaint that the two-year statute of limitations period for fraud claims was tolled until the plaintiffs discovered, or by reasonable diligence should have discovered the fraud. Ala. Code, 1975 § 6-2-3. Defendant argued in its Opposition that Plaintiffs must plead and <u>prove</u> that the statute of limitations was tolled. This is not the standard on fraudulent joinder. It is clearly not enough for the Defendant to assert defenses and seek a determination that those defenses absolve it from liability. Defendant must establish that there is no possibility under state law for Plaintiffs to recover. Larry Pitchford was not fraudulently joined as a defendant in this case.

Diversity jurisdiction does not exist in this case. The Plaintiffs, residents of Alabama, have viable state law causes of action against Peoples Community Bank, a corporation which was incorporated in the state of Alabama. All of the corporate actions and filings taken on February 23, 2006, did nothing to change the fact that diversity jurisdiction did not exist at the time Plaintiffs' complaint was filed in state court and at the time this case was removed. Defendant Larry Pitchford is also an Alabama resident and was not fraudulently joined as a Defendant. This case should be remanded to the Circuit Court of Barbour County, Alabama, Eufaula Division.

/s/ Ted Taylor
TED TAYLOR

/s/ Leah O. Taylor
LEAH O. TAYLOR

/s/ Gregory M. Zarzaur
GREGORY M. ZARZAUR

Attorneys for Plaintiffs

OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
taylorlaw9@aol.com (e-mail)
lotaylor@taylorlawyers.com (e-mail)
gz@taylorlawyers.com (e-mail)

## CERTIFICATE OF SERVICE

  I hereby certify that I have electronically filed this Reply Brief so that service will be sent by the ECMF System via electronic mail to the following on this the 9th day of March, 2006:

Christian W. Hancock, Esq.
chancock@burr.com

Gary Lane Howard, Esq.
ghoward@burr.com

Ricky J. McKinney, Esq.
rmckinne@burr.com

William Jacob Long, IV, Esq.
jlong@burr.com


        /s/ Leah O. Taylor
        LEAH O. TAYLOR