IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY JACKSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-21-WKW |
| ) | |
| PEOPLES SOUTH BANK f/k/a PEOPLES ) | |
| COMMUNITY BANK, *et al.*, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is Johnny Jackson and Latesia Jackson's (collectively referred to as the "plaintiffs") Motion to Remand (Doc. # 14). For the reasons that follow, the motion is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

Sometime in early August 2003, the plaintiffs applied for and obtained a construction loan from Peoples Community Bank ("PCB") to finance the building of their new house in Barbour County, Alabama. Plaintiffs allege that they never received the closing documents nor a coupon payment book associated with the PCB loan. Nearly a year later, in May 2004, and after being contacted by PCB regarding a question as to the description of their property, plaintiffs remembered that they had not received the closing documents. They requested that PCB remit copies to them. Plaintiffs allege that the closing documents they received were different from the paperwork that they had initially executed with PCB. Plaintiffs contend that their signatures on the copy of the documents were forged, PCB added a higher interest rate than what both parties had agreed, and PCB added a $145,000 balloon payment requirement to the loan, payable by August 7, 2005. After

discovering the unauthorized changes to their loan, the plaintiffs refinanced the loan amount with a different lender. Plaintiffs further allege that sometime in August 2005, Larry Pitchford ("Pitchford"), president of PCB, instructed his employees to add to the loan a $1,600 overdraft. Kevin Potthoff, an employee of PCB, allegedly created the overdraft when he withdrew money from the plaintiffs' checking account to cover an employee theft.

On December 6, 2005, the plaintiffs filed their complaint against PCB, Pitchford, and fictitious defendants (collectively referred to as the "defendants") in the Circuit Court of Barbour County. Plaintiffs alleged various causes of action against the defendants including (1) negligence/wantonness/wilfulness, (2) fraud, (3) suppression, (4) deceit, (5) breach of contract, (6) breach of fiduciary duties, (7) conversion, (8), negligent hiring, retention, and supervision, and (9) intentional infliction of emotional distress. On January 9, 2006, PeoplesSouth Bancshares, Inc.[1], removed the action to this court pursuant to 28 U.S.C. § 1441. PCB argues that diversity jurisdiction exists and Pitchford has been fraudulently joined by the plaintiffs as a resident defendant.

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of

---

[1] Plaintiffs argue that the notice of removal is fatally defective because a party defendant did not remove the action. Defendant PCB contends that it and PeoplesSouth Bancshares, Inc., are the same entity and any reference to PeoplesSouth Bancshares, Inc., in their notice of removal was a mistake. In support of their argument, PCB briefly outlines the merger of three interstate Peoples Community Banks into a Georgia-based banking corporation with PeoplesSouth Bank the surviving entity. Because the defendants improperly removed this action for reasons that will be addressed in the text of this opinion, the court does not address the alleged defect in the notice of removal. For clarity, all references to PeoplesSouth Bank / PeoplesSouth Bancshares are references to Peoples South Bank.

this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

Removal is proper pursuant to Title 28, section 1441 of the United States Code if a federal court would have had original diversity or federal question jurisdiction over the initial action. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967 (11th Cir. 2002). For purposes of diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The court will analyze whether it has jurisdiction under 28 U.S.C. § 1332.

### III. DISCUSSION

The defendant has the burden of establishing diversity jurisdiction. Defendant's jurisdictional arguments regarding the amount in controversy and fraudulent joinder will be addressed in turn.

#### A.   *Amount in Controversy*

"Where, as here, a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed" in

accordance with the scheme set forth in 28 U.S.C. §§ 1446 (b) and 1447 (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007)[2].

Defendant first posits that because plaintiffs borrowed $148,000, that such number alone satisfies the amount in controversy and is facially apparent from the complaint. Defendant misconstrues the relief requested by the plaintiffs. The plaintiffs admit that they have refinanced the $148,000 loan with a different lender, therefore there is no allegation that the plaintiffs were somehow cheated out of the sum. The gist of the complaint is not the plaintiffs' request for the totality of the loan, but compensation for excess monies paid for allegedly unauthorized "higher interest rates"; "additional monies [paid because of plaintiffs'] re-financ[ing] with a different lender"; costs incurred for the allegedly unauthorized overdraft; expenses incurred in this lawsuit; excess monies paid which plaintiffs "never received the full use and benefit from"; and mental distress and other damages. (Compl. ¶ 8.) Nowhere in the complaint, most noticeably in the allegations of breach of contract, do plaintiffs request a refund of the totality of the loan. Morever, the only real dollar evidence of damages clearly appearing in the removal documents is the $1,600 overdraft.

Defendant also cites a litany of cases involving compensatory and punitive damages in the context of fraud and negligence as evidence that the amount in controversy exceeds $75,000. The Eleventh Circuit recently ruled such evidence speculative, doubting whether "[evidence regarding the value of other tort claims] is ever of much use in establishing the value of claims in any one particular suit." *Lowery*, 483 F.3d at 1221. The evidence submitted by defendant is just the sort the

---

[2] Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes*, __ F. Supp. 2d __, No. 07-AR-0072-S, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

Eleventh Circuit directed the district courts to ignore. *See id.* (holding that evidence of other tort verdicts from outside sources is not within the contemplation of 1446(b)).

In order to overcome their heavy burden, the defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Nothing in the removal documents establishes a dollar amount for the plaintiffs' requested relief by that evidentiary standard. The court concludes that the defendants have not established by a preponderance of the evidence that the amount in controversy of this action exceeds $75,000. Therefore, the court lacks diversity jurisdiction even if a resident defendant is fraudulently joined.

**B.**     *Fraudulent Joinder*

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe*, 113 F.3d at 1538. "[A] third situation of fraudulent joinder [has been] identified - *i.e.*, where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). Defendants argue only the first prong of *Crowe*. They contend that the plaintiffs are foreclosed from maintaining any cause of action against Pitchford for various reasons, including that the statute of limitations has run, that the plaintiffs have not properly tolled the saving clause of Alabama's fraud statute, that plaintiffs fail to plead fraud with specificity, and that Pitchford's behavior was not so outrageous as to constitute the tort of intentional infliction of emotional distress.

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The question is whether a state court would find that the complaint has the possibility of stating *any* valid cause of action against Pitchford. *See Cabalceta v. Stand'rd Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (holding that a motion to remand should be denied if there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant.") (emphasis added). It is therefore unnecessary to analyze all counts against Pitchford.

The defendant has not demonstrated that there is no possibility that a state court could find that plaintiffs have established a colorable claim for fraudulent suppression. In order to establish a fraudulent-suppression claim, a plaintiff must show: "(1) [T]hat [the defendants] had a duty to disclose an existing material fact; (2) that [the defendants] suppressed this material fact; (3) that [the defendants] suppression of this fact induced [the plaintiffs] to act or to refrain from acting; and (4) that [the plaintiff] suffered actual damage as a proximate result." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998). "A duty to disclose can arise either from a confidential relationship with the plaintiff[s] or from the particular circumstances of the case." Ala. Code § 6-5-102 (1975). A court could find that plaintiffs plausibly allege Pitchford fraudulently suppressed the existence of the overdraft. Pitchford concealed the fact that an employee stole money from plaintiffs' account and subsequently covered up the act by causing the overdraft to be added to the plaintiffs' loan balance. Pitchford failed to advise the plaintiffs of this act because he wanted them

to continue the loan with PCB. Although a confidential relationship has not been pled, the court can readily see the *possibility* that such relationship would exist between Pitchford and the plaintiffs. Absent a confidential relationship, the particular circumstances alleged would strongly suggest a duty to disclose on the part of Pitchford. Finally, the plaintiffs were damaged by either being forced to pay excess monies on finance charges calculated by the addition of the overdraft or having to refinance their loan with a different lender.[3]

As the Eleventh Circuit has directed, the question is not whether the plaintiffs will win in their allegations, but whether they state a colorable claim. *See Triggs*, 154 F.3d at 1287. The defendant's allegation that the plaintiffs fraudulently joined Pitchford fails because the complaint contains at least a colorable cause of action against Pitchford.[4]

## IV. CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing diversity jurisdiction. It is hereby ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. # 14) is GRANTED;

2. This case is REMANDED to the Circuit Court of Barbour County, Alabama;

---

[3] The defendant argues that the plaintiffs cannot prove damages in the context of fraudulent suppression. However, the plaintiffs have sufficiently pled that they were damaged by "los[ing] additional monies due to . . . re-financ[ing] with a different lender" and "incurr[ing] costs associated with additional monies added to their loan by the Defendants who had created an overdraft in Plaintiffs' accounts with Defendants . . . ." (Compl. ¶ 7.) The plaintiffs have clearly pled damages arising from the alleged acts of Pitchford.

[4] There are other defects in the defendant's arguments for fraudulent joinder. For instance, defendants argue that the plaintiffs' fraud allegations are barred by the statute of limitations under Ala. Code § 6-2-3 (1975). Defendants further argue that as a matter of law the savings clause of Alabama's statute of limitations for the plaintiffs' fraud actions was not tolled because the plaintiffs should have known about any possible fraud during August 2003, and *ergo*, the action is not colorable. However, this question is not one for this court to decide. The Eleventh Circuit has stated that "[o]rdinarily, where the viability of a plaintiff's claim against a non-diverse defendant depends on whether § 6-2-3's savings clause applies, the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1282 (11th Cir. 2006).

3.  The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4.  Any pending motions are left for resolution by the Circuit Court of Barbour County, Alabama.

Done this 27th day of June, 2007.

                                        /s/  W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE